

GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
GERAGOS@GERAGOS.COM

MARK J. GERAGOS SBN 108325
(mark@geragos.com)
BEN J. MEISELAS SBN 277412
(meiselas@geragos.com)

Brian J. Wanca
(bwanca@,andersonwanca.com)
Ryan M. Kelly
(rkelly@,andersonwanca. Com)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368- 1500
Fax: 847-368-1501
*[Pro Hac Vice applications pending]*

Attorneys for Plaintiff and the Proposed Class

FILED
CLERK, U.S. DISTRICT COURT
JAN - 2 2014
CENTRAL DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,

        Plaintiff,

    vs.

MASIMO CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS DELAWARE MASIMO CORPORATION, MASIMO AMERICAS, INC. and JOHN DOES 1-10,

        Defendants.

Case No.: 8:14-cv-01 JVS-ANx

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   Plaintiff, PHYSICIANS HEALTHSOURCE, INC. ("Plaintiff") brings this
2   action on behalf of itself and all others similarly situated, through its attorneys, and
3   except as to those allegations pertaining to Plaintiff or its attorneys, which
4   allegations are based upon personal knowledge, alleges the following upon
5   information and belief against Defendants, MASIMO CORPORATION WHICH
6   WILL DO BUSINESS IN CALIFORNIA AS DELAWARE MASIMO
7   CORPORATION, MASIMO AMERICAS, INC. and JOHN DOES 1-10
8   ("Defendants").

9
10                              **PRELIMINARY STATEMENT**

11          1.     This case challenges Defendants' practice of sending unsolicited
12   facsimiles.

13          2.     The federal Telephone Consumer Protection Act of 1991, as amended
14   by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and
15   the regulations promulgated under the Act, prohibits a person or entity from faxing
16   or having an agent fax advertisements without the recipient's prior express
17   invitation or permission. The JFPA provides a private right of action and provides
18   statutory damages of $500 per violation.  Upon information and belief, Defendants
19   have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the
20   Class in violation of the JFPA, including, but not limited to, the facsimile
21   transmission of unsolicited advertisements on or about April 10, 2012 and October
22   12, 2011 ("the Faxes"), true and correct copies of which are attached hereto as
23   Exhibit A and made a part hereof.  The Faxes promote the services and goods of
24   Defendants.  Plaintiff is informed and believes, and upon such information and
25   belief avers, that Defendants have sent, and continue to send, unsolicited
26   advertisements via facsimile transmission in violation of the JFPA.

27          3.     Unsolicited faxes damage their recipients.  A junk fax recipient loses
28   the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   recipient's valuable time that would have been spent on something else.  A junk fax
2   interrupts the recipient's privacy.   Unsolicited faxes prevent fax machines from
3   receiving authorized faxes, prevent their use for authorized outgoing faxes, cause
4   undue wear and tear on the recipients' fax machines, and require additional labor to
5   attempt to discern the source and purpose of the unsolicited message.

6       4.     On behalf of itself and all others similarly situated, Plaintiff brings this
7   case as a class action asserting claims against Defendants under the JFPA.

8       5.     Plaintiff is informed and believes, and upon such information and
9   belief avers, that this action is based upon a common nucleus of operative fact
10  because the facsimile transmissions at issue were and are being done in the same or
11  similar manner.   This action is based on the same legal theory, namely liability
12  under the JFPA.   This action seeks relief expressly authorized by the JFPA: (i)
13  injunctive relief enjoining Defendants, their employees, agents, representatives,
14  contractors, affiliates, and all persons and entities acting in concert with them, from
15  sending unsolicited advertisements in violation of the JFPA; and (ii) an award of
16  statutory damages in the minimum amount of $500 for each violation of the JFPA,
17  and to have such damages trebled, as provided by § 227(b)(3) of the Act.

18
19                              **JURISDICTION AND VENUE**

20      6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and
21  47 U.S.C. § 227.

22      7.     Venue is proper in this District because Defendants committed a
23  statutory tort within this district a significant portion of the events took place within
24  this District.

25
26                                      **PARTIES**

27      8.     Plaintiff, PHYSICIANS HEALTHSOURCE, INC., is an Ohio
28  corporation with its principal place of business located in Ohio.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

9. On information and belief, Defendant, MASIMO CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS DELAWARE MASIMO CORPORATION, is a Delaware corporation with its principal place of business in Irvine, California.

10. On information and belief, Defendant, MASIMO AMERICAS, INC., is a Delaware corporation with its principal place of business in Irvine, California.

11. John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

12. On or about April 10, 2012 and October 12, 2011, Defendants transmitted by telephone facsimile machine two unsolicited faxes to Plaintiff. Copies of the facsimiles are attached hereto as Exhibit A.

13. Defendants created or made Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

14 Exhibit A is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

15. Plaintiff had not invited or given permission to Defendants to send the faxes.

16. On information and belief, Defendants faxed the same and other unsolicited facsimiles to Plaintiff without the required opt-out language and more than 40 other recipients without first receiving the recipients' express permission or invitation.

17. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   receive the urgent communications their owners desire to receive.

2       18.   Defendants' facsimiles did not display a proper opt-out notice as

3   required by 47 C.F.R.  64.1200.

4

5   **CLASS ACTION ALLEGATIONS**

6       19.   In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff

7   brings this class action pursuant to the JFPA, on behalf of the following class of

8   persons:

9           All persons who (1) on or after four years prior to the

10           filing of this action, (2) were sent telephone facsimile

11           messages of material advertising the commercial

12           availability of any property, goods, or services by or on

13           behalf of Defendants, and (3) which did not display a

14           proper opt-out notice.

15   Excluded from the Class are the Defendants, their employees, agents and members

16   of the Judiciary.  Plaintiff reserves the right to amend the class definition upon

17   completion of class certification discovery.

18       20.   Class Size (F. R. Civ. P. 23(a)(1)):  Plaintiff is informed and believes,

19   and upon such information and belief avers, that the number of persons and entities

20   of the Plaintiff Class is numerous and joinder of all members is impracticable.

21   Plaintiff is informed and believes, and upon such information and belief avers, that

22   the number of class members is at least forty.

23       21.   Commonality (F. R. Civ. P. 23 (a) (2)):   Common questions of law

24   and fact apply to the claims of all class members. Common material questions of

25   fact and law include, but are not limited to, the following:

26           a)   Whether the Defendants sent unsolicited fax advertisements;

27           b)   Whether the Defendants' faxes advertised the commercial

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

availability of property, goods, or services;

    c)    The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit "A" and other unsolicited faxed advertisements;

    d)    Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

    e)    Whether the Defendants sent the faxed advertisements knowingly, willfully or intentionally since the Purdue Defendants were a party to another TCPA suit where their fax advertising practices were at issue;

    f)    Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

    g)    Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

    h)    Whether the Defendants should be enjoined from faxing advertisements in the future;

    i)    Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

    j)    Whether the Court should award treble damages, especially since the Purdue Defendants were on notice from a prior suit that their fax advertising activities were unlawful.

22.   <u>Typicality (F. R. Civ. P. 23 (a) (3))</u>:  The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the same fax(es) as the fax(es) sent by or on behalf of the Defendants advertising goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    statute. The Defendants have acted the same or in a similar manner with respect to

2    the Plaintiff and all the class members by sending Plaintiff and each member of the

3    class the same fax(es).

4         23.    Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4)):   The

5    Plaintiff will fairly and adequately represent and protect the interests of the class. It

6    is interested in this matter, has no conflicts and has retained experienced class

7    counsel to represent the class.

8         24.    Need for Consistent Standards and Practical Effect of Adjudication (F.

9    R. Civ. P. 23 (b) (1)):   Class certification is appropriate because the prosecution of

10   individual actions by class members would: (a) create the risk of inconsistent

11   adjudications that could establish incompatible standards of conduct for the

12   Defendants, and/or (b) as a practical matter, adjudication of the Plaintiff's claims

13   will be dispositive of the interests of class members who are not parties.

14        25.    Common Conduct (F. R. Civ. P. 23 (b) (2)):   Class certification is also

15   appropriate because the Defendants have acted and refused to act in the same or

16   similar manner with respect to all class members thereby making injunctive and

17   declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47

18   U.S.C. §227.

19        26.    Predominance and Superiority (F. R. Civ. P. 23 (b) (3)):   Common

20   questions of law and fact predominate over any questions affecting only individual

21   members, and a class action is superior to other methods for the fair and efficient

22   adjudication of the controversy because:

23        a)    Proof of the claims of the Plaintiff will also prove the claims of the

24        class without the need for separate or individualized proceedings;

25        b)    Evidence regarding defenses or any exceptions to liability that the

26        Defendants may assert and prove will come from the Defendants' records

27        and will not require individualized or separate inquiries or proceedings;

28        c)    The Defendants have acted and are continuing to act pursuant to

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

common policies or practices in the same or similar manner with respect to all class members;

d)     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e)     This case is inherently manageable as a class action in that:

(i)     The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii)     Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii)     Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)     A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)     A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi)     As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.***

27.     The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   machine, an unsolicited advertisement ..." 47 U.S.C. § 227(b)(1)(C).

2   28.   The JFPA defines "unsolicited advertisement" as "any material

3   advertising the commercial availability or quality of any property, goods, or

4   services which is transmitted to any person without that person's prior express

5   invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

6   29.   **Opt-Out Notice Requirements.**   The JFPA strengthened the

7   prohibitions against the sending of unsolicited advertisements by requiring, in

8   §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and

9   conspicuous notice on the first page of the transmission that contains the following

10   among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

11   1.   a statement that the recipient is legally entitled to opt-out of

12   receiving future faxed advertisements – knowing that he or she has the

13   legal right to request an opt-out gives impetus for recipients to make

14   such a request, if desired;

15   2.   a statement that the sender must honor a recipient's opt-out

16   request within 30 days and the sender's failure to do so is unlawful –

17   thereby encouraging recipients to opt-out, if they did not want future

18   faxes, by advising them that their opt-out requests will have legal

19   "teeth";

20   3.   a statement advising the recipient that he or she may opt-out

21   with respect to all of his or her facsimile telephone numbers and not

22   just the ones that receive a faxed advertisement from the sender –

23   thereby instructing a recipient on how to make a valid opt-out request

24   for all of his or her fax machines;

25   The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act.

26   The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the

27   rules and regulations of the Federal Communications Commission (the "FCC") in

28   ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations*

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  *Implementing the Telephone Consumer Protection Act, Junk Prevention Act of*
2  *2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect
3  on August 1, 2006).  The requirements of (3) above are contained in § (b)(2)(E) of
4  the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii).
5  Compliance with the Opt-Out Notice Requirements is neither difficult nor costly.
6  The Opt-Out Notice Requirements are important consumer protections bestowed by
7  Congress upon the owners of the telephone lines and fax machines giving them the
8  right, and means, to stop unwanted faxed advertisements.

9      30.   **2006 FCC Report and Order.**  The JFPA, in § (b)(2) of the Act,
10 directed the FCC to implement regulations regarding the JFPA, including the
11 JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and
12 Order, which in addition provides among other things:

13      A.   The definition of, and the requirements for, an established
14 business relationship for purposes of the first of the three prongs of an exemption to
15 liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established
16 business relationship" precludes the ability to invoke the exemption contained in §
17 (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

18      B.   The required means by which a recipient's facsimile telephone
19 number must be obtained for purposes of the second of the three prongs of the
20 exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply
21 with these requirements precludes the ability to invoke the exemption contained in
22 § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

23      C.   The things that must be done in order to comply with the Opt-
24 Out Notice Requirements for the purposes of the third of the three prongs of the
25 exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply
26 with these requirements precludes the ability to invoke the exemption contained in
27 § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34);

28      D.   The failure of a sender to comply with the Opt-Out Notice

Geragos & Geragos, apc
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017-3411

1   Requirements precludes the sender from claiming that a recipient gave "prior
2   express permission or invitation" to receive the sender's fax (*See* Report and Order
3   ¶48);

4       As a result thereof, a sender of a faxed advertisement who fails to comply
5   with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited
6   advertisement under the JFPA.  This is because such a sender can neither claim that
7   the recipients of the faxed advertisement gave "prior express permission or
8   invitation" to receive the fax nor can the sender claim the exemption from liability
9   contained in § (b)(C)(1) of the Act.

10      31.   **The Faxes**.  Defendants sent on or about April 10, 2012 and October
11  2, 2011, advertisements via facsimile transmission from telephone facsimile
12  machines, computers, or other devices to the telephone lines and facsimile
13  machines of Plaintiff and members of the Plaintiff Class.  The Faxes constituted
14  advertisements under the Act.  Defendants failed to comply with the Opt-Out
15  Requirements in connection with the Faxes.  The Faxes were transmitted to persons
16  or entities without their prior express permission or invitation and/or Defendants
17  are precluded from asserting any prior express permission or invitation because of
18  the failure to comply with the Opt-Out Notice Requirements.  By virtue thereof,
19  Defendants violated the JFPA and the regulations promulgated thereunder by
20  sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

21      32.   **Defendant's Other Violations.**  Plaintiff is informed and believes,
22  and upon such information and belief avers, that during the period preceding four
23  years of the filing of this Complaint and repeatedly thereafter, Defendants have sent
24  via facsimile transmission from telephone facsimile machines, computers, or other
25  devices to telephone facsimile machines of members of the Plaintiff Class faxes
26  that constitute advertisements under the JFPA that were transmitted to persons or
27  entities without their prior express permission or invitation (and/or that Defendants
28  are precluded from asserting any prior express permission or invitation because of

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions).  By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder.  Plaintiff is informed and believes, and upon such information and belief avers, that Defendants are continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

33.    The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages.  47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

34.    The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if their actions were only negligent.

35.    The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted an advertisement; (d) the Fax did not contain the required Opt-Out Notice; and (e) Defendants' transmission of advertisements which did not contain the required Opt-Out Notice was unlawful.

36.    The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes.  Moreover, the Defendants' faxes used the Plaintiff's and each class member's telephone lines and fax machine. The Defendants' faxes cost the Plaintiff and each class member time, as the Plaintiff and its employees, as well as each class member and their employees, wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes.  That time otherwise would have been spent on the Plaintiff's

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  and each of the class member's business activities.   The Defendants' faxes

2  unlawfully interrupted the Plaintiff's and other class members' privacy interests in

3  being left alone.  Finally, the injury and property damage sustained by Plaintiff and

4  the other class members from the sending of Defendants' advertisements occurred

5  outside of Defendants' premises.

6       WHEREFORE, Plaintiff, PHYSICIAINS HEALTHSOURCE, INC.,

7  individually and on behalf of all others similarly situated, demands judgment in its

8  favor and against Defendants, MASIMO CORPORATION WHICH WILL DO

9  BUSINESS IN CALIFORNIA AS DELAWARE MASIMO CORPORATION,

10  MASIMO AMERICAS, INC. and JOHN DOES 1-10, jointly and severally, as

11  follows:

12       A.    That the Court adjudge and decree that the present case may be

13  properly maintained as a class action, appoint the Plaintiff as the representative of

14  the class and appoint the Plaintiff's counsel as counsel for the class;

15       B.    That the Court award actual monetary loss from such violations or the

16  sum of five hundred dollars ($500.00) for each violation, trebled due to Defendants'

17  knowing violation, whichever is greater;

18       C.    That Court enjoin the Defendants from additional violations; and

19       D.    That the Court award pre-judgment interest, costs and such further

20  relief as the Court may deem just and proper.

21  DATED:  December 30, 2013        GERAGOS & GERAGOS APC

22

23

24                                By

25                                   MARK GERAGOS
                                     Attorneys for Plaintiff
26                                   PHYSICIANS HEALTHSOURCE, INC.

27

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

# DEMAND FOR JURY TRIAL

Plaintiff PHYSICIANS HEALTHSOURCE, INC. hereby demands a jury trial.

DATED: December 30, 2013

GERAGOS & GERAGOS APC

By _____
MARK GERAGOS
Attorneys for Plaintiff
PHYSICIANS HEALTHSOURCE, INC.

# EXHIBIT A

4/10/2012  11:09  (908)787-0905                                                  □ 1/1

# Dr. Jose Martinez



APR 10 2012

## GO from
# OW!
## to WOW! ™

### A New Solution for Noninvasive
### Spot Checking Hemoglobin

**Pronto-7®** - with rainbow 4D™ technology — for noninvasive and quick spot checking of total hemoglobin (SpHb®), SpO2, pulse rate, and perfusion index

## Contact Us

For a free, no obligation
**In-office Demonstration**
of the Masimo Pronto-7

MEDICAL DESIGN EXCELLENCE AWARDS®

♥ MASIMO®

---

# Fax, Call or Click

### Fax Toll Free
# 1-800-646-0494

### Call Toll Free
# 1-800-648-4384

Visit us on the web at
**www.masimo.com/faxpronto-7412**

©2012 Masimo Corporation. All rights reserved.

☑  Yes, I would like a Masimo Representative to contact me.

Name _____ Dr. Jose Martinez _____

Practice Name_____

Alternate Contact _____

Specialty_____

Address_____ 3328 Westbourne Dr _____

City _ Cincinnati _____ State_ OH _ Zip _ 45248-5133 _

Daytime Phone _____

Email_____

If you no longer wish to receive fax messages from this sender, please call (888) 739-4920, enter ext. 1742 and follow the voice prompts

10/12/2011  7:37  (908)787-0805                                    D 1/1

Dr. Jose Martinez

# GO from
# OW!
## to
# WOW! ™

### Noninvasive & Quick
# HEMOGLOBIN

Introducing the Pronto® with rainbow®
technology for painless spot-check
testing of Total Hemoglobin (SpHb®), SpO2,
pulse rate, and perfusion index.

## Contact Us

For a free, no obligation
**In-office Demonstration**
of the Masimo Pronto



RECEIVED OCT 1 2 2011



MASIMO®

---

# Fax, Call or Click

**Fax**

## 1-800-646-0494

Call Toll Free

## 1-800-648-4384

Visit us on the web at

### www.masimo.com/faxpronto

©2011 Masimo Corporation. All rights reserved.

 Yes, I would like a live, **in-person demonstration**
at my office. FREE with absolutely no obligation.

Name  Physicians Healthsource

Practice Name

Alternate Contact

Specialty

Address 3328 Westbourne Dr

City Cincinnati                State OH    Zip 45248-5133

Daytime Phone

Email

If you no longer wish to receive fax messages from this sender, please call (888) 739-4920, enter extension 1742 and follow the voice prompts.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ James V. Selna _____ and the assigned Magistrate Judge is _____ Arthur Nakazato _____ .

The case number on all documents filed with the Court should read as follows:

## 8:14-cv-00001 JVS-ANx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 2, 2014
_____
Date

By  SBOURGEOIS  _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

MASIMO CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS DELAWARE MASIMO CORPORATION, MASIMO AMERICAS, INC., and JOHN DOES 1-10

**(b)** County of Residence of First Listed Plaintiff    Foreign
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Mark Geragos 108325
GERAGOS & GERAGOS, APC, 644 South Figueroa Street, Los Angeles, CA 90017
Telephone: (213) 625-3900 / Fax: (213) 625-1600

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

47 U.S.C. Sec. 27 Telephone Consumer Protection Act - This case challenges Defendants' practices of sending unsolicited facsimiles

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury- Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:   8:14-cv-01

CV-71 (11/13)    CIVIL COVER SHEET    Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | **A PLAINTIFF?**  Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in **this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _____   DATE: December 30, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |