JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.  SACV 14-00001 JVS (ANx)                    Date   May 22, 2014

Title   Physicians Healthsource Inc. v. Masimo Corp., et al.

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)        Order Granting Defendant's Motion to Stay
                                        (Fld 4-14-14)

This action arises out of the actions of Masimo Corporation ("Masimo") in sending facsimile communications ("faxes") to Plaintiff and a putative class.  With the present Motion to Stay, Masimo seeks a stay of the present action pending adjudication of a petition pending before the Federal Communications Commission ("FCC").  (Docket Nos. 24-25.)  Plaintiff has filed an Opposition brief, to which Masimo has replied.  (Docket Nos. 32 & 37.)

Plaintiff alleges that on October 12, 2011, and on April 10, 2012, it received two unsolicited faxes from Masimo.  (FAC ¶¶ 12-13 & Ex. A.)  Plaintiff did not give Masimo permission or otherwise invite Masimo to send the faxes.  (FAC ¶ 15.)

Based on these factual allegations, Plaintiff asserts a claim for violation of the federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or "the Act"), and the regulations promulgated thereto.  Specifically, Plaintiff contends that Masimo's actions violated the Act's regulation of unsolicited advertisements via facsimile found in 47 U.S.C. § 227(b)(1)(C), especially the requirement that faxed advertisements set forth an opt-out notice found in 47 U.S.C. § 227(b)(1)(C)(iii) and 47 C.F.R. § 64.1200.

The JFPA regulates the transmission of unsolicited advertisements via fax.  47 U.S.C. § 227(b)(1)(C)(i)-(iii) & (b)(2)(D)(i)-(vi); 47 C.F.R. § 64.1200(a)(4)(i)-(vii)  Such advertisement is generally prohibited unless the sender has "an established business

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00001 JVS (ANx) | Date | May 22, 2014 |
|---|---|---|---|

| Title | Physicians Healthsource Inc. v. Masimo Corp., et al. |
|---|---|

relationship with the recipient," obtained the fax number through that relationship from the recipient or through a voluntary directory, and the unsolicited advertisement contains an opt-out notice in the form specified in the statute. 47 U.S.C. § 227(b)(1)(C)(iii) & (b)(2)(D)(i)-(vi). The opt-out notice requires clear and conspicuous notice on the first page of the unsolicited advertisement that a request that future advertisements cease and that such notice be available via facsimile and without charge at any time. 47 U.S.C. § 227(b)(2)(D)(i)-(vi).

Although the statute is limited in applicability to unsolicited advertisements, a regulation promulgated by the FCC pursuant to that statute[1] purports to apply the opt-out provision to the solicited advertisements. Masimo filed a Petition for Declaratory Ruling and/or Waiver before the FCC. (Sand Decl. Ex. A.) The petition seeks a declaration that Masimo's advertisements complied with the applicable regulation or, in the alternative, that the Commission has no authority to require an opt-out notice on a solicited advertisement. (Id.)

With the present Motion to Stay, Masimo seeks a stay pending the FCC's adjudication of the petition. "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

A district court may stay proceedings pursuant to its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, (1936). In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254-55).

Another proceeding that may have a substantial impact on the case may constitute a compelling reason to grant a stay. A district court therefore may "find it is more

---

[1] Section 227(b)(2) confers on the FCC rulemaking authority.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00001 JVS (ANx) | Date | May 22, 2014 |
|---|---|---|---|

| Title | Physicians Healthsource Inc. v. Masimo Corp., et al. |
|---|---|

efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir.1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. at 863-64.

Plaintiff argues that a stay would cause undue delay, resulting in harm to it in the form of loss or destruction of evidence. (Opp'n at 8-9.) Plaintiff contends that "final resolution of the FCC petition will take years." (Opp'n at 9.) However, Masimo described the actions the FCC has taken recently that demonstrates it is likely the FCC will adjudicate an issue central to Masimo's petition in the near future. (Reply at 3-7.) Specifically, counsel for Masimo represents that the FCC has sought public comments no later than May 16, 2014, and that the FCC Commissioner authored a blog suggesting petitions like Masimo's are likely to be addressed soon. (Id.)

Additionally, Masimo points out that Plaintiff waited about two years before filing suit, thus undercutting its argument regarding the effects of undue delay. (Reply at 7-8.) Moreover, any harm to Plaintiff is minimal, given that Plaintiff's recovery is likely capped at $3,000. (See FAC at 13 (seeking $500 (trebled) in statutory damages for each of two violations).) Thus, the Court discerns little possibility of damage to Plaintiff that might result from the granting of a stay.

Plaintiff argues that Masimo has not established that it will suffer hardship or inequity is a stay is denied. (Opp'n at 12-13.) Masimo responds that, absent a stay, it may be forced to defend the present claims without being permitted to challenge the validity of the regulation. (Reply at 8-9.) This is because exclusive jurisdiction over challenges to the validity of regulations promulgated by the FCC is vested in the court of appeals. See Nack v. Walburg, 715 F.3d 680, 685 (8th Cir. 2013), cert. denied, 134 S. Ct. 1539 (2014). Thus, Masimo could find itself in the position of simultaneously having to defend the present action while in another forum seeking an adjudication of whether a particular defense is available to defend itself here. This factor therefore weighs in favor of a stay.

Finally, Plaintiff argues that "the orderly course of justice" would not be served by

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-00001 JVS (ANx)                    Date   May 22, 2014

Title   Physicians Healthsource Inc. v. Masimo Corp., et al.

a stay.  (Opp'n at 14-15.)  The Court disagrees.  The scope of the claims asserted in the FAC is broad, and encompasses claims by putative class members who received "solicited" advertisements (FAC ¶ 19); thus, the issue before the FCC is potentially dispositive of a large number of claims.  Judicial efficiency is not served by continuing to litigate at this time.

Thus, after consideration of the relevant factors, the Court concludes that imposition of a stay is appropriate.

The Court's decision is in accord with other district court cases that have stayed similar cases pending the FCC's consideration of the issue presented in Masimo's petition.  See, e.g., Whiteamire Clinic, P.A., Inc. v. Quill Corp., No. 12-CV-5490 (N.D. Ill. Apr. 9, 2014); Physicians Healthsource, Inc. v. Purdue Pharma L.P., 3:12-CV-1208 SRU, 2014 WL 518992, at *3 (D. Conn. Feb. 3, 2014); St. Louis Heart Ctr., Inc. v. Gilead Palo Alto, Inc., No. 4:13-CV-958-JAR, 2013 WL 5436651, at *1-2 (E.D. Mo. Sept. 27, 2013); Raitport v. Harbour Capital Corp., No. 09-cv-156-SM, 2013 WL 4883765, at *1 (D.N.H. Sept. 12, 2013); Nack v. Walburg, 4:10CV00478 AGF, 2013 WL 4860104, at *1 (E.D. Mo. Sept. 12, 2013); St. Louis Heart Ctr., Inc. v. The Forest Pharm., Inc., No. 4:12CV02224 JCH, 2013 WL 3988671, at * 1 (E.D. Mo. July 17, 2013).

The Court grants the Motion to Stay and stays the present action pending adjudication by the FCC of Masimo's petition.  The Court ORDERS the action taken off the active caseload to be reinstated by an application of the parties.   The parties shall prepare and file a joint status report within sixty days of the entry of this Order and every sixty days thereafter.

**IT IS SO ORDERED.**

:            00

Initials of Preparer            kit