Ben J. Meiselas (SBN 277412)
meiselas@geragos.com
GERAGOS & GERAGOS
644 South Figueroa Street
Los Angeles, CA 90017-3411
Phone: (213) 625-3900
Fax: (213) 625-1600

Brian J. Wanca
bwanca@andersonwanca.com
Ryan M. Kelly
rkelly@andersonwanca.com
Glenn Hara
ghara@andersonwanca.com
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501

Matthew E. Stubbs
mstubbs@mrjlaw.com
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Phone: (513) 241-4722
Fax: (513) 241-8775

Attorneys for Plaintiff
PHYSICIANS HEALTHSOURCE, INC. and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION, et al.<br><br>Defendants. | Case No. 8:14-cv-00001 JVS (ANx)<br><br>Hon. James V. Selna<br><br>**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW IN SUPPORT FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD ADDITIONAL PARTY PLAINTIFF**<br><br>**HEARING:**<br><br>Date: March 4, 2019<br>Time: 1:30 p.m.<br>Ctrm: 10C |

PLEASE TAKE NOTICE that on March 4, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable James V. Selna, plaintiff Physicians Healthsource, Inc. ("PHI" or "Plaintiff"), will move this Court for leave to file its Second Amended Class Action Complaint ("SAC") to add additional Plaintiff Radha Geismann M.D. P.C. ("Geismann") (collectively Geismann and PHI are "Plaintiffs"). This motion is made pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, and any arguments and evidence presented at the hearing.  A copy of the SAC is attached as Exhibit 1.

### Background

Plaintiff filed its original Complaint on January 2, 2014 challenging the alleged practice of "Masimo Corporation Which Will Do Business in California as Delaware Masimo Corporation" and "Masimo Americas, Inc." (collectively Defendants") of sending unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA").  (Doc. 1). Plaintiff's First Amended Complaint ("FAC") was filed on January 14, 2014.  (Doc. 8).  As in the first two complaints, Plaintiff's proposed SAC alleges Defendants sent Plaintiffs and a class of similarly situated persons numerous fax advertisements, "including, but not limited to, the facsimile transmission of two unsolicited advertisements to PHI on or about April 10, 2012 and October 12, 2011," which are attached to the SAC as Exhibit A, and "one unsolicited fax advertisement to Geismann on or about April 10, 2012," a copy of which is attached to the SAC as Exhibit B. " (SAC. ¶ 2). Plaintiff recently discovered that Geismann received Exhibit B on the same date in the same fax broadcast as PHI.

The SAC alleges that Defendants' faxes are "unsolicited advertisements" in violation of the TCPA and that the opt-out notice fails to comply with regulations implementing the TCPA issued by the Federal Communications

Commission ("FCC"), which precludes Defendants from sustaining the "established business relationship" ("EBR") affirmative defense. (SAC. ¶ 28). Plaintiffs seek the relief authorized by the TCPA, 47 U.S.C. § 227(b)(3), consisting of injunctive relief and $500 per violation, which the Court may increase up to $1,500 if it finds the violations "willful or knowing." (*Id.* ¶ 5). Plaintiffs seek to represent a class of all persons who received similar faxes within the four years prior to the filing of the Complaint. (*Id.* ¶ 18). Plaintiffs allege the number of class members to be "at least forty." (*Id.* ¶ 19).

On April 14, 2014, Defendants filed a motion to stay.  (Docs. 24, 25). This motion was granted on May 22, 2014 (Doc. 47), and the matter was stayed until April 9, 2018, when the stay was lifted.  (Doc. 56).  On June 28, 2018, Masimo filed its Motion to Deny Class Certification, arguing that Plaintiff is inadequate. (Doc. 73). This Court denied Masimo's Motion to Deny Class Certification on August 21, 2018. (Doc. 84). The Court's decision did find the adequacy issues raised "concerning" and said, "the fact that one or more courts have raised serious credibility concerns regarding a class representative or class counsel based on misconduct in prior cases is certainly a factor that may be considered in a future adequacy determination." *Id.* Based on the Court's statement, Plaintiff's Counsel contacted colleagues that frequently do work in TCPA matters to see if those colleagues have any clients interested in becoming an additional party plaintiff in this matter. (Declaration of Ross M. Good ("Good Decl.") ¶ 2). On or about November 27, 2018, counsel for Geismann contacted Plaintiff's counsel to inform that Geismann was interested in becoming an additional plaintiff in this matter. *Id.* at ¶ 3. On or about November 28, 2018, Geismann signed a retainer agreement for this matter. *Id.* at ¶ 4.

## **Argument**

Plaintiff's request for leave to amend its Complaint to join Geismann as an additional party plaintiff should be granted since both PHI's and Geismann's

causes of action arise out of same occurrence and involve common questions of law and fact.

**A.      Geismann should be permitted to join this matter as a named plaintiff.**

Pursuant to Rule 20, a party may be joined as a plaintiff if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1)(A)-(B); *North Face Apparel Corp. v. Dahan*, 2014 WL 12596716, at \*4 (C.D. Cal. Mar. 14, 2014); *Spellbound Development Group, Inc. v. Pacific Handy Cutter, Inc.*, 2010 WL 11509228, at \*1 (C.D. Cal. Aug. 31, 2010). Rule 20 was designed to promote trial convenience and to expedite resolution of disputes by avoiding multiple trials involving similar or identical issues.  *North Face Apparel*, 2014 WL 12596716, at \*4 (citations omitted). To that end, Rule 20 should be interpreted liberally. *Id*.

In addition to the specific requirements of Rule 20, the Court must also examine other factors to determine whether joinder "comport[s] with the principals of fundamental fairness."  *North Face Apparel*, 2014 WL 12596716, at \*6, quoting *Desert Empire Bank v. Ins. Co. of North Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).  These factors include "the possible prejudice that may result to any of the parties in litigation, the delay of the moving party in seeking an amendment to [its] pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action."  *Id.* at \*6, quoting *Desert Empire*, 623 F.2d at 1375.

Here, there can be no question that the requirements for Rule 20 are satisfied.  Defendants, as part of the same fax advertising campaign, sent Geismann the same fax advertisement on April 10, 2012, that it sent to PHI. Therefore, the claims asserted by Geismann stem from the same violation of the TCPA and involve identical questions of law and fact.  Accordingly, joinder of Geismann under Rule 20 is proper.  *See e.g.*, *Chapman v. Wagner Equities, Inc.*, 2012 WL 6214597 at *7 (N.D. Ill. Dec. 13, 2012) (court allowed joinder of additional plaintiff in a TCPA fax case since additional plaintiff received same fax transmission as named plaintiff).

Joinder of Geismann also "comports with the principals of fundamental fairness."  No prejudice will result from the granting of this motion.  As stated, the relief sought by Geismann is identical to PHI since both allege violations of the TCPA related to the transmission of the same fax advertisement.  Thus, Defendant will not be required to change its litigation strategy or conduct.  *True Health Chiropractic Inc. v. McKesson Corp.*, 2014 WL 2860318, at *3 (N.D. Cal. June 23, 2014) (court allowed amending TCPA fax case to add new plaintiff holding, in part, that no prejudice exists for the defendant since the relief sought by both plaintiffs is the same, the defendant would not be required to change its litigation strategy or conduct).

Nor does Plaintiff bring this motion in bad faith or for dilatory motives. Discovery is in its initial stages and Plaintiff has just recently been made aware that Geismann also received the April 10, 2012 fax advertisement. Defendants have been on notice since the inception of this lawsuit that Plaintiff was bringing this matter as a class action.  Geismann is merely another member of that class and its introduction here does not change any of the allegations.  In similar situations, courts have freely upheld the filing of an amended complaint. *See McKesson*, 2014 WL 2860318, at *2-4; *Chapman*, 2012 WL 6214597 at *6-8.

-4-

**B.      Plaintiff should be allowed to amend its Complaint and File the SAC.**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." *Id.* This Rule is liberally construed to allow for amendments in light of the "principal that the purpose of pleading is to facilitate a proper decision on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Polara Eng'g Inc. v. Campbell Co.*, 2014 WL 12639344, at *1 (C.D. Cal. Sept. 19, 2014). Thus, in "... the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 181. Furthermore, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Because the factors considered under Rule 15 align closely with the factors for Rule 20, courts consider both in tandem. *North Face Apparel*, 2014 WL 12596716, at *6; *Spellbound*, 2010 WL 11509228, at *3. Accordingly, as with Rule 20, the proposed SAC satisfies the requirements under Rule 15. To summarize briefly, the SAC is not sought in bad faith and would not create undue delay. Again, discovery has just begun, and the SAC is merely a continuation of the same cause of action. The similar nature of the complaints also precludes any claims of undue prejudice. Defendants have been on notice of this cause of action and nature of the relief sought since its inception. Finally, the SAC is not futile in that, as with the first two complaints, it alleges a clear violation of the TCPA based on the receipt of the same unsolicited fax

advertisement.

## C. The SAC should, if necessary, relate back to date of original pleading.

The Exhibit B attached to the SAC was sent to Geismann on April 10, 2012. The statute of limitations under the TCPA is four years. While the fax and Geismann fall within the class period of the original Complaint, if filed as a separate action today, it would fall outside the statute of limitations. Plaintiff maintains that since all of Plaintiffs' faxes are within the class period, the SAC should be freely allowed. However, assuming *arguendo*, that the SAC is considered a separate action, Plaintiff also maintains that the requirements for relating back to the date of the filing of the original Complaint under Rule 15(c) are satisfied.

Rule 15(c) provides, in part, that "[a]n amendment to a pleading relates back to the date of the original pleading when: … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Advisory Committee Note to the 1966 Amendment to Rule 15(c) observes that "the relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier," and "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." *Immigrant Assistance Project of L.A. County Federation if Labor v. Immigration and Naturalization Service*, 306 F.3d 842, 857 (9th Cir. 2002) (quoting Fed. R. Civ. P. 15(c) 1966 Advisory Comm. Note).

In the Ninth Circuit, an amended complaint adding an additional party plaintiff relates back to the original pleading when: "(1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3)

-6-

there is an identity of interests between the original and newly proposed plaintiff." *Id.* (citations omitted); *Moreyra v. Fresenius Medical Care Holdings, Inc.*, 2012 WL 13014985, at *8 (C.D. Cal. Mar. 7, 2012).

Here, the proposed SAC satisfies each of these requirements.  First, as previously argued, Defendants had notice of Geismann's claims because PHI filed suit on behalf of itself and others similarly situated.  *Moreyra*, 2012 WL 13014985, at *9.  In fact, Geismann's allegations are identical to the allegations of PHI and stem from receipt of the same unsolicited fax. Thus, Defendants were aware that other putative class members could come forward with claims arising from the same conduct alleged in the original complaint and the FAC. *Id*; *see also McKesson*, 2014 WL 2860318, at *2

Second, the application of the relation back doctrine does not unduly prejudice Defendants because Geismann is similarly situated to PHI.  *Moreyra*, 2012 WL 13014985, at *9 (holding that a defendant is not prejudiced by the addition of an additional party plaintiff if the new plaintiff is similarly situated to the original plaintiff); *see also McKesson*, 2014 WL 2860318, at *3.  Both Geismann and PHI allege violations of the TCPA through the receipt of the unsolicited fax advertisement sent by Defendants on April 10, 2012.  More than similarly situated, Geismann and PHI are identically situated.

Finally, and relatedly, there is an identity of interests between Geismann and PHI.  Again, both parties are complaining of Defendants' action in sending the unsolicited fax advertisement to them on April 10, 2012 and Defendant's practice of sending unsolicited fax advertisements in general.  *See McKesson*, 2014 WL 2860318, at *4.  In sum, the relation back requirements for adding Geismann are satisfied.

## **LOCAL RULE 7-3 CONFERENCE CERTIFICATION**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 28, 2019. (Good Decl. ¶ 5-6). Masimo's

counsel contended via email that Masimo's Counsel's position is that the January 28, 2019 telephonic conference "was not a conference of counsel or meet-and-confer." *Id.* at ¶ 7. Masimo has not provided Plaintiff's Counsel any further position. *Id.* at ¶ 8.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant it leave to file its Second Amended Complaint, and to add RADHA GEISMANN M.D. P.C. as an additional party Plaintiff, and for any other relief this Court deems just in the premises.

Respectfully submitted,

ANDERSON + WANCA

Dated: February 5, 2019       By: *s/ Ross M. Good*
                               One of the Attorneys for
                               PHYSICIANS HEALTHSOURCE, INC. and
                               RADHA GEISMANN M.D. P.C.

-8-