Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (SBN 208527)
ben.katzenellenbogen@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:    (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Fax:    (858) 707- 4001

Attorneys for Defendants
MASIMO CORPORATION and
MASIMO AMERICAS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION, et al. <br><br> Defendants. | Case No. 8:14-cv-00001 JVS (ADSx) <br><br> Hon. Judge James V. Selna <br><br> **MASIMO'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO STRIKE OR VACATE PHI'S MOTION FOR LEAVE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

# NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that, pursuant to L.R. 7-19, Defendants Masimo Corporation and Masimo Americas, Inc. (collectively, "Masimo") hereby apply *ex parte* for an order striking or vacating Plaintiff's Motion for Leave to File Second Amended Complaint to Add Additional Party Plaintiff. (Doc. No. 143.)

PLEASE TAKE FURTHER NOTICE that pursuant to Hon. James V. Selna's procedures, Plaintiff PHI's response to this *ex parte* application must be filed not later than 24 hours after service has been completed.

Counsel for Masimo met and conferred with counsel for PHI and gave notice of this Application on February 6 and 8, 2019, and attempted to address these issues over the phone and via email. (*See* Declaration of Benjamin A. Katzenellenbogen, ¶ 5.) The parties were unable to resolve the issue, and PHI refused to withdraw the Motion. (*Id.*) PHI's counsel stated PHI has not decided whether PHI will oppose Masimo's instant *Ex Parte* Application. (*Id.*)

In accordance with L.R. 7-19 the name, address, telephone number, and email address of counsel for PHI are as follows:

| | |
|---|---|
| Ben J. Meiselas<br>meiselas@geragos.com<br>GERAGOS & GERAGOS<br>644 South Figueroa Street<br>Los Angeles, CA 90017-3411<br>Phone: (213) 625-3900<br>Fax: (213) 625-1600 | Brian J. Wanca<br>bwanca@andersonwanca.com<br>Ross Good<br>rgood@andersonwanca.com<br>Glenn Hara<br>ghara@andersonwanca.com<br>ANDERSON + WANCA<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, IL 60008<br>Phone: (847) 368-1500<br>Fax: (847) 368-1501 |

Matthew E. Stubbs
mstubbs@mrjlaw.com
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Phone: (513) 241-4722
Fax: (513) 241-8775

This *Ex Parte* Application is based upon this Notice, the Memorandum of Points and Authorities following this Notice, and the Declaration of Benjamin A. Katzenellenbogen ("Katz. Decl."), including the exhibits attached thereto, which is filed concurrently herewith, any subsequently filed briefs and declarations, the pleadings and papers filed in this action, and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise. A proposed order is also being lodged for the Court's consideration.

## MEMORANDUM OF POINTS AND AUTHORITIES
### I. INTRODUCTION

The Court should strike or vacate the Plaintiff Physicians Healthsource Inc.'s ("PHI's") Motion seeking Leave to File Second Amended Complaint (Doc. No. 143). PHI's filing and noticing of the Motion violated the Local Rules for at least two reasons.

First, PHI violated Local Rule 7-3 by refusing to discuss with Masimo's counsel "the substance of the contemplated motion" to add a new named plaintiff. In particular, PHI refused to identify the proposed new named plaintiff, any details concerning the new plaintiff, or PHI's basis for adding a new named plaintiff.

Second, PHI also violated Local Rule 7-3 because it never discussed with Masimo's counsel other relief sought in the motion. The caption and introduction of the Motion misleadingly suggest the purpose of the proposed amendments is solely "To Add Additional Party Plaintiff." However, the proposed Second Amended Complaint contains numerous substantive amendments that PHI admits it never discussed with Masimo's counsel.

Masimo identified these deficiencies and PHI refused to voluntarily withdraw the Motion to correct them.

/ / /

/ / /

## II. ARGUMENT

### A. PHI Previously Provided Improper Notice

PHI initially filed this Motion on February 5, 2019, and noticed it for hearing on March 4, 2019. This violated the Local Rule requirement that PHI provide at least 28 days' notice. *See* Local Rule 6-1. Moreover, it gave Masimo only six days to oppose a Motion that PHI asserts its counsel had been planning to file for ten weeks. (*See* Good Decl., (Doc. No. 143-1), ¶ 4.)

Masimo informed PHI that PHI had provided improper notice, and that PHI had failed to conduct the required conference of counsel. (*See* Katz. Decl., Ex. B.) PHI first attempted to use its own violation of the Local Rules to obtain concessions from Masimo. (*See id.*, Ex. C.) Eventually, PHI re-noticed the Motion, but refused to conduct the required conference of counsel. (*See id.*, Ex. D.)

### B. PHI Refused To Conduct The Conference Of Counsel

The Local Rules require that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss ***thoroughly***, preferably in person, ***the substance of the contemplated motion*** and any potential resolution" at least seven days prior to the filing of the motion. L.R. 7-3 (emphases added). The parties' communications establish that PHI intentionally violated this rule.

On January 28, 2019, counsel for PHI called counsel for Masimo to ask for consent to amend the complaint to add a new unnamed plaintiff. (Good Decl., (Doc. No. 143-1), Ex. A.) However, PHI's counsel refused to discuss the substance of the amendment or the basis for the amendment. (*Id.*) Counsel for PHI specifically refused Masimo's express requests to disclose or discuss (1) the identity of the proposed additional plaintiff, (2) any details concerning the new plaintiff, including how and when PHI first contacted that person, and (3) the basis for adding the new plaintiff. (*Id.*) Accordingly, Masimo informed

///

-3-

PHI that no conference of counsel had occurred. (*Id.*) Masimo invited PHI to provide this information and PHI refused. (*Id.*)

When Masimo informed PHI that it had improperly noticed its Motion, Masimo also reiterated PHI's failure to conduct the required conference. (*See* Katz. Decl., Ex B.) PHI nonetheless refused to conduct the required conference and even ***admitted*** that no such conference had occurred. (*See Id.*, Ex. C.) Instead, PHI offered to "confer with you regarding those issues while the motion remains pending." (*Id.*)

This Court regularly strikes, vacates, or denies motions for failure to meet and confer in violation of L.R. 7-3. *See Vo v. Cardovimex II Seafood Imp.-Exp. & Processing Joint Stock Co.*, 2014 WL 12564024, at *1 (C.D. Cal. Apr. 2, 2014) (vacating motion for failure to meet and confer before filing); *Russell v. Aurora Bank, FSB*, 2013 WL 12172140, at *1 (C.D. Cal. July 16, 2013) (vacating motion for failure to meet and confer seven days before filing); *Herrera v. Los Angeles USD*, 2017 WL 10057510, at *1 (C.D. Cal. Feb. 15, 2017) (ordering motions off calendar where parties failed to meet and confer more than seven days before filing); *Bartko v. Fidelity Nat'l Financial, Inc.*, 12-cv-00986-JVS-MLG [Dkt. 41] (C.D. Cal. Apr. 11, 2013) (vacating motion without prejudice where parties failed to meet and confer); *Manh v. Federal Deposit Insurance Corporation*, 11-cv-01747 JVS (JPR) [Dkt. 112] (C.D. Cal. May 13, 2013) (denying motion without prejudice for failure to meet and confer).

This Court has emphasized that, "[m]eet-and-confer sessions are required ***before*** the filling of motions, ***not after***." *Vo*, 2014 WL 12564024, at *1 (emphasis added). This Court has also observed that "notifying opposing counsel of your intention to file a motion," even if accompanied by a fully drafted copy of that motion, does not qualify as compliance with Rule 7-3. *Advanced Thermal Sciences Corp. v. Applied Materials, Inc.*, No. 07-01384-

-4-

JVS (JWJx), [Dkt. 23] (C.D. Cal. Feb. 27, 2008) (vacating motion without prejudice for failure to meet and confer). PHI's offer to meet-and-confer after filing this Motion willfully violated the Local Rules.

### C. PHI Did Not Confer Regarding The Other Proposed Substantive Amendments To The Complaint

PHI also violated Local Rule 7-3 because it never discussed with Masimo's counsel the many other amendments in its proposed Second Amended Complaint. PHI's Motion misleadingly suggests the only proposed substantive amendment is adding a new named plaintiff. (*See* Amended Notice (Doc. No. 144) p.1; Mem. (Doc. No. 143) pp.1-8.) Indeed, PHI's Notice of Motion and the Introduction to PHI's Memorandum are particularly misleading as both state that PHI seeks "leave to file its Second Amended Class Action Complaint ('SAC') *to add* additional Plaintiff Radha Geismann M.D. P.C. ('Geismann')." (Doc. No. 144, p.1 (emphasis added); Doc. No. 143, p.1 (emphasis added).) Likewise, that was the only issue raised by counsel during the parties' initial discussion. (*See* Good Decl., Ex. A.)

Masimo had no idea PHI was seeking to make other amendments until Masimo began reviewing PHI's proposed SAC. Masimo noticed significant proposed revisions, including a new proposed class definition. (*Compare* Good Decl., Ex. 1 at ¶ 18 with Doc. No. 8, ¶ 19.)

Masimo identified to PHI its concerns about the unidentified changes. (Katz. Decl., Ex. B.) But PHI refused to withdraw the motion. PHI offered only to "confer with you regarding those issues while the motion remains pending. Please provide your availability." (*Id*., Ex. C.) As discussed above, however, "[m]eet-and-confer sessions are required *before* the filling of motions, *not after*." *Vo*, 2014 WL 12564024, at *1 (emphases added).

After Masimo realized PHI was proposing substantive amendments, Masimo specifically asked for a redline, and an explanation of why PHI wanted

-5-

to make each substantive amendment. (Katz. Decl, Ex. C.) PHI refused. (*Id.*, Ex. D.)

Masimo respectfully requests this Court strike, vacate, or deny PHI's Motion, and direct PHI not to re-file it unless and until PHI fully complies with Local Rule 7-3.

### III. PHI'S ALLEGED CONCERNS ABOUT MOOTNESS DO NOT EXCUSE IT FROM HAVING TO COMPLY WITH THE LOCAL RULES

During the meet-and-confer on this Application, counsel for PHI suggested that it intentionally avoided having a substantive conference of counsel before filing its Motion because counsel was concerned Masimo might use Geismann's identity to moot Geismann's claims. (*See* Katz. Decl., ¶ 5.) But concerns over mootness do not excuse PHI from complying with the Local Rules. Moreover, PHI refused to explain why it would be easier for Masimo to moot Geismann's claims if PHI were to comply with Local Rule 7-3. (*Id.*) PHI also never explained why it could not meet and confer without disclosing the name of the proposed plaintiff. Nor could PHI's purported concerns about mootness explain its refusal to identify the other substantive amendments it proposes to make to its pleading, or justify its failure to comply with Local Rule 7-3 with respect to those amendments.

### IV. CONCLUSION

For all the reasons discussed above, Masimo respectfully requests the Court strike, vacate, or deny PHI's Motion and direct PHI not to re-file it unless and until PHI fully complies with the Local Rules.

The Court should also impose sanctions for PHI's willful violation of the Local Rules in bad faith. *See* Local Rule 83-7.

/ / /

/ / /

/ / /

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 8, 2019     By: /s/ *Benjamin A. Katzenellenbogen*
      Joseph R. Re
      Stephen C. Jensen
      Benjamin A. Katzenellenbogen
      Stephen Larson
      Adam B. Powell

Attorneys for Defendants
MASIMO CORPORATION and
MASIMO AMERICAS, INC.