Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (SBN 208527)
ben.katzenellenbogen@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone:  (949) 760-0404
Fax:      (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Fax:     (858) 707- 4001

Attorneys for Defendants
MASIMO CORPORATION and
MASIMO AMERICAS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION, et al. <br><br> Defendants. | Case No. 8:14-cv-00001 JVS (ADSx) <br><br> Hon. Judge James V. Selna <br><br> **DECLARATION OF BENJAMIN A. KATZENELLENBOGEN IN SUPPORT OF MASIMO'S *EX PARTE* APPLICATION TO STRIKE OR VACATE PHI'S MOTION FOR LEAVE** |

I, Benjamin A. Katzenellenbogen, hereby declare:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel for Defendants Masimo Corporation and Masimo Americas, Inc. (collectively, "Masimo") in this action. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, would testify competently thereto. I submit this declaration in support of Masimo's *Ex Parte* Application to Strike or Vacate.

2. Attached hereto as **Exhibit B** is a true and correct copy of an email dated February 6, 2019, and timestamped 3:06PM, from myself to Ross Good.

3. Attached hereto as **Exhibit C** is a true and correct copy of an email dated February 6, 2019, and timestamped 5:55PM, from myself to Ross Good.

4. Attached hereto as **Exhibit D** is a true and correct copy of a letter dated February 7, 2019, from Ross Good to myself.

5. On February 8, 2019, I called counsel for PHI and explained the bases for Masimo's *ex parte* application. I told counsel for PHI that Masimo would file the *ex parte* application on February 8, 2019, unless PHI withdrew its pending motion for leave to amend and complied with its meet-and-confer obligations under Local Rule 7-3. Counsel for PHI refused to withdraw its pending motion for leave to amend. Counsel for PHI asked Masimo if it would stipulate not to do anything that would moot Geismann's claims. I informed PHI's counsel that concerns about mootness did not excuse PHI from its obligation to comply with the Local Rules. I told PHI's counsel that if there were specific actions PHI wanted to ask Masimo to refrain from doing, Masimo would consider them. PHI's counsel declined to identify anything PHI specifically wanted Masimo to refrain from doing. Counsel for PHI also refused to explain why PHI thought it would be easier for Masimo to moot

-1-

Geismann's claims if PHI complied with the Local Rules and withdrew its Motion. I asked counsel for PHI if there was anything else to discuss, and if PHI would oppose the *ex parte* application. Counsel for PHI said there was not, and PHI would decide whether to oppose after PHI reviewed the application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 8, 2019 at Irvine, California.

      /s/ *Benjamin A. Katzenellenbogen*
Benjamin A. Katzenellenbogen