Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (SBN 208527)
ben.katzenellenbogen@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

Attorneys for Defendants
MASIMO CORPORATION and MASIMO AMERICAS, INC.

Brian J. Wanca
bwanca@andersonwanca.co
Ryan M. Kelly
rkelly@andersonwanca.com
Glenn Hara
ghara@andersonwanca.com
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501

Attorneys for Plaintiff
PHYSICIANS HEALTHSOURCE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION, et al.<br><br>Defendants. | Case No. 8:14-cv-00001 JVS (ADSx)<br><br>[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth]<br><br>**JOINT STIPULATION ACCOMPANYING MASIMO'S MOTION TO ENFORCE THE COURT'S NOVEMBER 17 ORDER**<br><br>Date: March 20, 2019<br>Time: 10:00AM<br>Dept.: 6B<br><br>Fact Discovery Cut-Off: 4/1/2019<br>Pretrial Conference: 10/21/2019<br>Trial: 11/5/2019 |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTORY STATEMENTS .......... 1

A. Masimo's Introduction .......... 1

1. PHI Failed To Search For Organizations To Which Its Employees Belonged .......... 2

2. PHI Failed To Produce Relevant Documents .......... 2

3. PHI Refuses To Produce Exhibits .......... 3

4. PHI Refuses To Certify It Produced All Documents It Found .......... 4

B. PHI's Introduction .......... 4

II. CONTENTIONS AND POINTS AND AUTHORITIES .......... 7

A. Masimo's Requests for Production Nos. 69-73 and Interrogatory No. 6 .......... 7

1. Masimo's Contentions and Points of Authority Regarding Requests for Production Nos. 69-73 and Interrogatory No. 6 .......... 11

2. PHI's Response .......... 14

B. Masimo's Requests for Production Nos. 83-84 and Interrogatory No. 9 .......... 21

1. Masimo's Contentions and Points of Authority Regarding Request for Production Nos. 83 and 84 and Interrogatory No. 9 .......... 23

2. PHI's Response .......... 24

C. Masimo's Requests for Production Nos. 87-89, 91, & 94-96 .......... 27

1. Masimo's Contentions and Points of Authority Regarding Request for Production Nos. 87-89, 91, & 94-96 .......... 31

a. PHI Withheld Numerous Documents From Other Cases .......... 31

## TABLE OF CONTENTS
## (*cont'd*)

**Page No.**


b. PHI Withheld Numerous Exhibits to the Foregoing Documents Despite the Court's Order to Produce ........ 35

2. PHI's Response ........ 37

a. PHI Has Not Withheld or Concealed any Documents and Readily Cooperated to Resolve Discovery Issues Informally. ........ 37

b. PHI Has Complied with this Court's Order/Instruction Relative to the Production of Exhibits; Masimo Refuses to Meet-and-Confer as to Specific Exhibits as the Court Instructed. ........ 41

D. Masimo's Request for Production Nos. 40-42, 45, 46, 48-52, 56, 69-73, 77-79, 83-84, 87-89, 91, 93-99, 103, 107, 108, 111 ........ 44

1. Masimo's Contentions and Points of Authority Regarding Request for Production Nos. 40-42, 45, 46, 48-52, 56, 69-73, 77-79, 83-84, 87-89, 91, 93-99, 103, 107, 108, 111 ........ 62

2. PHI's Response ........ 64

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2, Defendants Masimo Corporation and Masimo Americas, Inc. (collectively, "Masimo"), as movant, and Plaintiff Physicians Healthsource, Inc. ("PHI"), as respondent, through their respective counsel of record, submit this joint stipulation in connection with Masimo's Motion to Enforce the Court's November 17 Order. Pursuant to Local Rule 37-1, this Joint Stipulation was prepared following the parties' conference of counsel, which took place on December 11, 2018.

## I. INTRODUCTORY STATEMENTS

### A. Masimo's Introduction

PHI continues to resist discovery, even after being ordered to provide documents and information by this Court. Masimo previously moved to compel on the same discovery requests at issue here. (*See* Dkt. 103.) On November 17, this Court granted Masimo's motion and ordered PHI to supplement its responses and produce additional documents by November 30. (*See* Dkt. 111.)

During the hearing, PHI concealed from the Court (and Masimo) that PHI had ceased providing health care services months earlier and no longer employed any health care professionals. This information likely would have affected how the Court phrased its instructions. PHI then tried to rely on its lack of current employees to evade at least the spirit of the Court's Order. PHI provided some additional information on November 30, but failed to comply with the Court's Order. (Powell Decl., Ex. 8 at 1.)

PHI also falsely represented to Masimo that it had produced all documents required by the Court's Order. Masimo suspected PHI was withholding documents, and had to review public dockets in other cases to identify evidence of documents PHI had withheld. When Masimo identified missing documents as indicative of PHI's general lack of compliance, PHI produced only the specifically identified documents. That is unacceptable.

Masimo has no way of identifying all of the documents PHI is actively withholding or failed to find because PHI failed to conduct a reasonable search.

Masimo engaged in significant efforts to obtain PHI's compliance informally. On December 4, Masimo requested a meet-and-confer. (*Id.*) The parties met and conferred on December 11, 2018. (*Id.*, Ex. 9.) The parties exchanged additional correspondences on December 14, January 7, January 8, January 14, January 22, January 25, and January 30. (*Id.*, Exs. 10-16.) Masimo now moves to enforce the Order on the following four issues.

**1. <u>PHI Failed To Search For Organizations To Which Its Employees Belonged</u>**

The Court ordered PHI to ask employees if they belonged to professional organizations that PHI has not identified, and to search for and produce documents reflecting providing PHI's fax number to any professional organizations. (*Id.*, Ex. 6 at 41:2-11.) PHI told the Court, "[w]e'll do that, your honor." (*Id.*, Ex. 6 at 41:12.)

PHI did not, and PHI was less than candid about its current employees. PHI has since admitted it ceased operations and fired all but one employee in ***March 2018***. (*Id.*, Ex. 10 at 1.) PHI now argues it need not comply with the Court's Order or disclose the professional organizations to which its health care providers gave their fax number because it has no employees left to ask. (*Id.*, Ex. 12 at 2) (asserting "[t]he Court did not order PHI to contact each of its current or past employees . . .") PHI eventually asked some former employees for some information, but has not complied with the Court's Order. (*Id.*, Ex. 15 at 2.) PHI also failed to preserve its employees' email accounts. (*Id.*, Ex. 12 at 2.).

**2. <u>PHI Failed To Produce Relevant Documents</u>**

The Court ordered PHI to produce all settlement agreements, "depo transcripts, expert reports, discovery responses, other fax advertisements, [and]

decisions denying class certification with briefing." (*Id.*, Ex. 6 at 47:22-23, 60:22–62:5.) PHI withheld numerous such documents.

For example, PHI withheld a deposition of one of its principals, Dr. Ruch, in *PHI v. IPC*, No. 16-cv-00301. In that deposition, a redacted copy of which is available on PACER, Dr. Ruch testified that he reviewed interrogatory responses that did not exist and then conceded he had "never seen any of the discovery documents in this case." (*Id.*, Ex. 18 at 21:3-22:6.) This withheld document is significant because it is further evidence of PHI's inadequacy. *See Physician's Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 254 F. Supp. 3d 1007, 1026 (N.D. Ill. 2017) (finding PHI inadequate because, among other things, its principals lied under oath).

Masimo repeatedly identified missing documents of which Masimo is aware, and demanded PHI conduct an appropriate search. In response to Masimo's first letter, PHI provided one missing document. (Powell Decl., Exs. 14 at 1, 15 at 2.) As of the writing of Masimo's portion of the Joint Stipulation, PHI had not responded to Masimo's latest request. (*Id.*, Ex. 16 at 1).

**3. <u>PHI Refuses To Produce Exhibits</u>**

PHI produced some, but not all, exhibits to the documents discussed above. PHI asserts the Court's Order did not include exhibits. (*Id.*, Ex. 10 at 2.) Masimo believes it did. Indeed, PHI specifically requested the Court's permission to withhold one exhibit. (*Id.*, Ex. 6 at 61:13-62:6.) If the Order did not include exhibits, PHI would have had no reason to make that request.

In an effort to compromise, Masimo asked PHI to produce all non-confidential exhibits and provide sufficient information about confidential exhibits so that the parties could conduct a meaningful meet and confer. (*Id.*, Ex. 11 at 2.) PHI refused. Because Masimo has already engaged in extensive efforts to address this matter informally, the Court should order PHI to produce all exhibits without an additional meet and confer.

#### 4. <u>PHI Refuses To Certify It Produced All Documents It Found</u>

The Court ordered PHI to (1) identify the category of documents it is producing, (2) state that it "looked for" that category of documents, and (3) state that it produced all the documents it found. (*Id.*, Ex. 6 at 82:5-14.) PHI did not. PHI's refusal suggests it did not search for or is withholding responsive documents.

### B. <u>PHI's Introduction</u>

Before addressing the substance of PHI's responses, some clarification regarding the import of PHI having ceased to provide medical services in March of 2018 is warranted. As explained by counsel for PHI in the parties' December 11, 2018 telephone conference and subsequent letters dated December 14, 2018 and January 8, 2019, while PHI sold the bulk of its assets to Pain Specialists of Cincinnati, LLC ("PSC") the business formerly conducted by PHI remains largely unchanged. PSC has continued to operate the same business, in the same location, and with the same equipment. Likewise, PHI's employees at the time of the asset sale became employees of PSC and simply continued in their jobs. Accordingly, neither PHI nor its counsel have concealed anything of significance from this Court. Further, PHI has not changed its response (or even approach to responding) to any of Masimo's discovery requests based on the sale of its assets to PSC. Masimo's attempt to make an issue of this is both deceptive and discourteous to opposing counsel.

The factual and legal issues in this claim are simple and straightforward. Under the Junk Fax Protection Act ("TCPA" or "JFPA"), it is "unlawful . . . to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. 227(b)(1). The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services, which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. 227(a)(4). On October 12, 2011

and April 10, 2012, PHI received faxes from Masimo advertising a hemoglobin testing device ("the Masimo Faxes"). PHI had no dealings or relationship with Masimo and, consistent with a written policy that had been posted above PHI's fax machine since 2007, PHI would not have provided permission to Masimo to send advertisements to PHI via its office facsimile number/facsimile machine.

As such, the primary issue to be discovered in this matter is whether Masimo obtained express permission from PHI to send advertisements to PHI via facsimile. In its recent Supplemental Response to Interrogatories, Masimo disclosed, for the first time, that it had had no direct contacts or communications with PHI and had obtained PHI's fax number from a data broker/fax broadcaster that it hired to send the facsimiles that are the subject of this case. In these Supplemental Responses – which Masimo has designated as "CONFIDENTIAL" in their entirety – Masimo also disclosed that it is relying on the data broker/fax broadcaster to have obtained the express permission from PHI that it was Masimo's duty to obtain under the TCPA.

This admission is at odds with Masimo's representations in its initial Rule 26 disclosures, in which it both failed to identify the existence of the data broker/fax broadcaster on which it is now relying for express permission and also claimed to be in "possession, custody, or control" of "[d]ocuments establishing prior or express invitation or permission to receive the facsimiles identified in the First Amended Complaint." *See* Defendant's Initial Disclosures, p. 3. However, more pertinent to this matter, this admission demonstrates the largely irrelevant and disproportionate nature of Masimo's discovery strategy relative to PHI. Instead of simply collecting whatever documents or information the data broker/fax broadcaster has that purportedly show PHI's express permission to receive facsimile advertisements from Masimo, Masimo served PHI with over one hundred requests for the production of documents. These requests sought documents concerning everyone to whom

PHI may have provided its fax number over the entire course of its twenty-year history; any documents that PHI might have that would support the nineteen affirmative defenses raised by PHI; virtually every document concerning the other TCPA cases brought by PHI, *etc.*

To comply with these requests, PHI has now produced over three hundred documents that span nearly ten thousand pages. After its initial production on November 30, 2018, PHI supplemented its initial production with additional documents on December 14, 2018; January 5, 2019; January 14, 2019; January 25, 2019; and February 11, 2019. When Masimo has requested additional documents or information, PHI has generally complied with these requests within days. Additionally, PHI has agreed to, among other requests by Masimo, reproduce all the documents it had initially produced individually; provide a table listing each such document produced, its corresponding bates number range, and confidentiality status; as well as consistently provide additional information sought by Masimo without demanding formal discovery requests.

Rather than continue to work through the parties' discovery issues cooperatively, Masimo seeks to present these issues to the Court to gain some tactical advantage. For example, in its last letter regarding PHI's discovery responses, dated January 30, 2019, counsel for Masimo requested that PHI produce several additional documents that it believed PHI might possess and had not been produced. PHI had previously responded to such requests by confirming the previous production of the document(s), identifying and producing the document(s), or stating that no such document(s) exists in a matter of days. Instead of giving PHI a reasonable time to respond to the issues raised in its January 30th letter, Masimo set a deadline of February 1st. When PHI had not responded by then, on the following business day, Masimo submitted a 47-page draft of a joint stipulation supported by a five-page declaration that included over three dozen exhibits. This does not demonstrate a

"good faith effort" to cooperatively resolve discovery disputes as required by the Local Rules. On the contrary, Masimo is, in the words of the Seventh Circuit Court of Appeals, "conjuring up . . . issues manufactured by defendants to distract the judge from his or her proper focus under Rules 23(a)(3) and (4) on the interests of the class." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011)

## II. CONTENTIONS AND POINTS AND AUTHORITIES

### A. Masimo's Requests for Production Nos. 69-73 and Interrogatory No. 6

**Request for Production No. 69**

All documents and things referring or relating to PHI placing any fax number, including, but not limited to 513-922-2009, in any public directory.

**PHI's Response to Request for Production No. 69**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. If Masimo provides evidence that it obtained PHI's fax number from a public directory and identities the public directory, PHI will investigate whether PHI "plac[ed] any fax number, including, but not limited to 513-922-2209" in this public directory.

**Request for Production No. 70**

All documents and things referring or relating to PHI providing any fax number, including, but not limited to 513-922-2009, to any industry or

/ / /

trade organization, group purchasing organization, or other organization for healthcare professionals.

**PHI's Response to Request for Production No. 70**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**Request for Production No. 71**

All documents and things referring or relating to PHI providing any fax number, including, but not limited to 513-922-2009, to the American Medical Association.

**PHI's Response to Request for Production No. 71**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, PHI has identified no documents in its possession, custody, or control responsive to this Request.

**Request for Production No. 72**

All documents and things referring or relating to PHI providing any fax number, including, but not limited to 513-922-2009, to any person or entity for any purpose.

**PHI's Response to Request for Production No. 72**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is

not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Moreover, as PHI used the fax number 513-922-2009 in its business of providing medical services, many documents that may be responsive to this Request would be protected from disclosure by the Health Insurance Portability and Accountability Act. Without waiving and subject to these objections, the following documents are responsive to this Request: (1) the 6.27.2007 PHI Office Memorandum; and (2) the Declaration of Jose Martinez. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 73**

Documents sufficient to identify any entities that PHI has provided any fax number to, including, but not limited to 513-922-2009, for any purpose.

**PHI's Response to Request for Production No. 73**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Moreover, as PHI used the fax number 513-922-2009 in its business of providing medical services, many documents that may be responsive to this Request would be protected from disclosure by the Health Insurance Portability and Accountability Act.

**Interrogatory No. 6**

On each occasion that any person or entity provided to another person or entity a facsimile number used by PHI, including, but not limited to 513-

922-2009, identify the facsimile number provided, the person providing the facsimile number, the person or entity to whom the facsimile number was provided, and the purpose for which the facsimile number was provided.

**PHI's Response to Interrogatory No. 6**

Objection. This Request is overly broad, unduly burdensome, not relevant to any claim or defense, and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. PHI cannot reasonably describe "each occasion that any person or entity provided to another person or entity a facsimile number used by PHI" over the course of its entire history, particularly in response to an Interrogatory. This would have occurred many times in many different contexts. PHI did not attempt to record or document each such instance.

**PHI's Supplemental Response to Interrogatory No. 6 (Sept. 19, 2018)**

Objection. This Request is overly broad, unduly burdensome, not relevant to any claim or defense, and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. PHI cannot reasonably describe "each occasion that any person or entity provided to another person or entity a facsimile number used by PHI" over the course of its entire history, particularly in response to an Interrogatory. This would have occurred many times in many different contexts. PHI did not attempt to record or document each such instance. In their respective depositions. Dr. Ruch, and Dr. Elwert acknowledged they would likely have provided PHI's fax number to trade organizations of which they were members and identified the following such trade organizations:

/ / /

Dr Ruch: Ohio State Chiropractic Association, American Chiropractic Association, American Back Society, Ohio State Medical Association, National Association of Spine Specialists, National Association of MUA Physicians, North American Spine Society, American Academy of Pain Management

Dr. Elwert: Ohio State Chiropractic Association, American College of Forensic Professionals, American Chiropractic Orthopedists, American Chiropractic Rehabilitation Board, American Chiropractic Association, Council on Chiropractic Orthopedists, Counsel on Fellow American College of Orthopedics, Council on Forensic Professionals.

**1. <u>Masimo's Contentions and Points of Authority Regarding Requests for Production Nos. 69-73 and Interrogatory No. 6</u>**

Masimo previously moved to compel on these responses. (*See* Dkt. 103). The Court granted Masimo's motion as follows:

> I am going to rule that with regard to requests 69 to 73, that you [PHI's counsel] communicate with your client and do a search of its email and documents that reflect providing PHI or its doctors providing – and any of its staff providing its fax number or consent to use a fax number to any of the organizations listed in the response to interrogatory number six, I believe it was, and that you make a request to find out if there are other organizations and that you supplement your responses with the information that you have heard that they need.

(Powell Decl., Ex. 6 at 41:2-11; *see also id.* 83:15-84:6.)

PHI's counsel told the Court, "[w]e'll do that, your honor." (Powell Decl., Ex. 6 at 41:12.)

PHI did not comply with the Court's order. PHI never updated its response to Interrogatory 6. PHI claims to have searched for documents, but

limited its search to the organizations recited in response to Interrogatory No. 6, which is limited to some of the organizations to which PHI's principals, Dr. Ruch and Dr. Elwert, belonged. (Powell Decl., Ex. 12 at 2.) PHI's response to Interrogatory No. 6 makes clear the list was based on ***counsel's review of deposition testimony***, not any discussion with Dr. Ruch or Dr. Elwert. (Powell Decl., Ex. 5 at 5.)

After exchanging numerous letters, PHI eventually stated that it asked Dr. Ruch and Dr. Elwert to "identify any other industry/trade organizations to which ***they may have provided PHI's fax number***." (Powell Decl., Ex. 15 at 2.) That is still insufficient. Dr. Ruch and Dr. Elwert must identify organizations to which they belonged—not just organizations that they believe they may have provided their fax number to. (*See* Powell Decl., Ex. 6 at 41: 2-11). That information is necessary so Masimo can investigate whether any PHI employee gave consent to that industry/trade organization to send promotional faxes, even if Dr. Ruch and Dr. Elwert do not remember doing so. PHI also eventually represented that it requested information from "the former PHI employees now employed at Pain Specialists of Cincinnati." (Powell Decl., Ex. 15 at 2.) PHI did not explain why it was limiting its response to current employees of Pain Specialists of Cincinnati, and has not provided their answers.

Alarmingly, PHI has refused to identify or search for organizations to which Dr. Martinez, ***the addressee of the alleged faxes at issue in this case***, belonged. (Powell Decl., Ex. 17 at 15-16.) This is especially egregious because Dr. Martinez provided consent to receive faxes to third party organizations. (Powell Decl., Ex. 19 at 8.) Indeed, American Medical Association ("AMA") records from another case show that Dr. Martinez consented to receiving faxes at PHI's fax number. (*Id.*) The record associated with Dr. Martinez and PHI's fax number indicates "faxes Explicitly Allowed" and "no Restrictions on Faxes." (*Id.*) Despite this evidence being introduced in other cases, PHI's

discovery responses omit that Dr. Martinez was a member of the AMA, that he provided PHI's fax number to the AMA, and that he "explicitly allowed" faxes to be sent to PHI's fax number. Below is a screenshot of Dr. Martinez's AMA's record. (*Id.*)




PHI recently lost a motion for summary judgement because Dr. Martinez provided consent in other circumstances. *See PHI v. Cephalon, Inc.*, 340 F. Supp. 3d 445, 453–54 (E.D. Pa. 2018). Because the alleged faxes at issue here were purportedly sent to Dr. Martinez, PHI has no legitimate basis for excluding Dr. Martinez from its discovery responses.

PHI also did not search all emails for evidence of employees providing consent. Weeks after the last hearing, and five years after PHI filed this lawsuit, PHI's counsel revealed that PHI currently retains access to two email addresses belonging to two non-principal employees, Andrea Hollander and Kathleen Curtis. (Powell Decl., Ex. 12 at 2.) PHI's counsel also revealed that Dr. Ruch and Dr. Elwert sometimes used personal email addresses to discuss PHI business, but that Dr. Ruch and Dr. Elwert no longer have access to all of those email accounts. *Id.* Despite Masimo's repeated requests, PHI refuses to identify the email addresses that PHI failed to preserve. (Powell Decl., Ex 9 at 2, Ex. 11 at 1.)

Thus, PHI has willfully violated this Court's Order. The Court should grant Masimo's motion and order PHI to:

(1) Ask Dr. Martinez and all individuals who were PHI employees when PHI ceased doing business for the names of all industry or trade organizations to which they belonged;

(2) Supplement PHI's response to Interrogatory 6 with any information it learns;

(3) Search for and produce all documents PHI has regarding those organizations; and

(4) Identify all email accounts used for PHI business to which PHI no longer has access.

Masimo also requests the Court impose sanctions to compensate Masimo for its fees and costs in filing this motion. *See* Federal Rule of Civil Procedure 37(b)(2)(C).

**2. <u>PHI's Response</u>**

PHI's responses to both Requests for Production Nos. 69-73 and Interrogatory No. 6 (as well as this Court's order and instruction with respect to these discovery responses) have been sufficient. As this Court may recall, in Requests for Production Nos. 69-73, Masimo sought "[a]ll documents or things referring or relating to PHI providing any [fax] number" to: (1) "any public directory"; (3) "any industry or trade organization, group purchasing organization, or other organization for healthcare professionals"; (4) "the American Medical Association"; and, finally, (4) "any person or entity for any purpose." Interrogatory No. 6 essentially re-framed these document requests into an interrogatory by requiring PHI to describe in detail "each occasion that any person or entity provided to another person or entity a facsimile number used by PHI" over the course of PHI's entire history.

/ / /

Instead of simply objecting and refusing to provide a substantive response to these requests, PHI listed the trade and industry groups to which its two principals, John Ruch and Jeff Elwert, had been members and likely provided PHI's fax number, which were as follows:

Dr Ruch: Ohio State Chiropractic Association, American Chiropractic Association, American Back Society, Ohio State Medical Association, National Association of Spine Specialists, National Association of MUA Physicians, North American Spine Society, American Academy of Pain Management

Dr. Elwert: Ohio State Chiropractic Association, American College of Forensic Professionals, American Chiropractic Orthopedists, American Chiropractic Rehabilitation Board, American Chiropractic Association, Council on Chiropractic Orthopedists, Counsel on Fellow American College of Orthopedics, Council on Forensic Professionals.

In response to Masimo's motion to compel a further response from PHI, PHI contended these discovery requests were only marginally related to Masimo's asserted defense of "prior express invitation or permission"[1] ("the permission defense"), not proportional to the needs of the case, and so broad as to effectively require the production of every document ever produced or maintained by PHI. This Court largely agreed, stating "[t]hese generally, the 69 to 73, could call for pretty much every document that exists in a business's records. . . . it's incredibly broad." (11/14/2018 Hearing Transcript, p. 34). As

/ / /

---

[1] 47 U.S.C. § 227(b)(1)(C), (a)(5)("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement". . . . 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission").

such, the Court narrowed the call of these Requests and Interrogatory No. 6 to the following:

> I am going to rule that with regard to requests 69 to 73, that you [PHI's counsel] communicate with your client and do a search of its email and documents that reflect providing PHI or its doctors providing – and any of its staff providing its fax number or consent to use a fax number to any of the organizations listed in the response to interrogatory number six, I believe it was, and that you make a request to find out if there are other organizations and that you supplement your responses with the information that you have heard that they need.

(11/14/2018 Hearing Transcript, p. 41).

PHI has complied with this order/instruction in full. This included requesting that each of the former PHI employees/current PSC employees ("PHI/PSC employees") identify any trade or industry group to which they may have provided PHI's fax number as well as any other entities to which they may have given express permission to send advertisements to PHI's fax machine. Additionally, PHI not only searched the two remaining, active email accounts of PHI/PSC employees but also the personal email accounts of Dr. Ruch and Dr. Elwert for references to the organizations listed in response to Interrogatory No. 6. PHI described these efforts in letters dated November 30, 2018 and January 8, 2019 and believed the matter was settled.

Instead, in a letter dated January 22, 2019, Masimo stated that "PHI searched only four email accounts for the names identified in Interrogatory No. 6. . . . that is inconsistent with the Court's order. *See* 11/14/2018 Tr. At 41. The parties have reached an impasse and Masimo intends to move enforce the Court's November 17 Order on this issue." PHI responded with a letter dated January 25, 2019 stating as follows:

/ / /

> I don't understand what dispute exists between the parties relative to these discovery requests at this point. You requested and the Court required that PHI search its available email accounts for references to the industry/trade groups identified in response to Interrogatory No. 6. PHI has done so. We have also asked that Dr. Elwert and Dr. Ruch identify any other industry/trade organizations to which they may have provided PHI's fax number. They have been unable to identify any in addition to those listed in Interrogatory No. 6 to this point. PHI has requested that the former PHI employees now employed at Pain Specialists of Cincinnati identify any industry/trade groups to which they may have provided PHI's fax number as well any entities to which they may have provided express permission to receive advertisements via PHI's fax number/fax machine. Should any such entities be identified, we will provide this information promptly. Finally, we have provided you with a list of all of PHI's employees. With the exception of Dr. Martinez and those persons listed in my letter of January 8, 2019, you are free to contact them to inquire to whom they may have given PHI's fax number, whether they gave Masimo express permission to send advertisements to PHI's fax number/fax machine, *etc.* It is not clear to me what other steps you are asking PHI to take to comply with your discovery requests. Please clarify this so that we can attempt to resolve any dispute informally as required by the local rules and suggested by the Court.

Rather than contact counsel in an effort to resolve any differences informally or even offer to engage in a meet-and-confer session to make its position more clear, Masimo sent its portion of the Joint Stipulation to counsel for PHI without further discussion.

Had Masimo attempted to work through the issue cooperatively, PHI and Masimo would likely have come to an agreement fairly quickly. However, now that Masimo has insisted on the Court's involvement, PHI asks the Court to deny Masimo's requests. With regard to the first such request – that PHI be

ordered to "[ask] Dr. Martinez and all individuals . . . for the names of all industry or trade group to which they belonged" – this request is overly broad and not proportional to the needs of the case.

First, the permission defense requires that Masimo demonstrate that it obtained "express permission" from PHI to send advertisements to PHI via its fax machine/fax number. The Federal Communications Commission ("FCC"), which is responsible for both interpreting and enforcing the TCPA, has determined that the senders of facsimile advertisements have the burden of proving such permission by "clear and convincing evidence":

> Senders that claim their facsimile advertisements are delivered based on the recipient's prior express permission must be prepared to provide clear and convincing evidence of the existence of such permission. . . . In the event a complaint is filed, the burden of proof rests on the sender to demonstrate that permission was given.[2]

Moreover, the permission required by the TCPA must be "express" – not implied: "Consent may not be inferred from the mere distribution or publication of a fax number, or the existence of a previous business relationship between an advertiser and the recipient".[3] On the contrary, "the statute's plain language . . . indicates that anything less than express consent is insufficient. As such, consent must be 'clearly and unmistakably stated' and not 'gathered only by

---

[2] 71 FR 25967 at 25971-25972; *see also True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018)("We therefore hold that 'prior express invitation or permission' is an affirmative defense on which McKesson [the defendant] bears the burden of proof.")

[3] *Jemiola v. XYZ Corp.*, *Jemiola v. XYZ Corp.*, 126 Ohio Misc. 2d 68, 72 (Ohio C.P. 2003); *see also Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 582 (Mo. Ct. App. 2010)("This court has already addressed the issue and found there is no 'implied consent' exception for TCPA junk fax cases")

implication or necessary deduction from the circumstances, the general language, or the conduct of the parties."[4] As stated in *Travel Travel Kirkwood, Inc. v. Jen N.Y. Inc.*, "If the consent is not manifested by explicit and direct words, . . . it is not express consent."[5]

Given these requirements, the trade groups to which PHI employees may have been members is of no relevance in this matter as mere membership in a trade group does not equate to express permission to receive facsimile advertisements from that trade group – much less a third party such as Masimo. Moreover, Masimo's recent revelation that it obtained PHI's fax number from a data broker/fax broadcaster (and not a trade group) exacerbates the mismatch between the requirements of the permission defense and Masimo's demand that PHI provide information and documents concerning all of the trade groups to which its employees may have provided PHI's fax number.[6]

Nonetheless, PHI has identified the trade groups to which its principals were members and asked its employees to identify every trade group to which they may have provided PHI's fax number as well as any trade groups to which they may have been members prior to 2013. This time limitation is appropriate as the ads that PHI received from Masimo were received on November 12, 2011 and April 10, 2012. There is no relevance to trade groups that PHI's employees

---

[4] *Long Dang v. Xlhealth Corp.*, 2009 U.S. Dist. LEXIS 138313, at *20 (N.D. Ga. Dec. 23, 2009)(*quoting Travel Travel Kirkwood, Inc. v. Jen N.Y. Inc.*, 206 S.W.3d 387, 392 (Mo. Ct. App. 2006).

[5] *Travel Travel Kirkwood, Inc. v. Jen N.Y. Inc.*, 206 S.W.3d 387, 392 (Mo. Ct. App. 2006).

[6] Despite this Court's admonition that confidentiality designations be limited to "a trade secret, [it] really needs to be a – some sort of confidential business information" – Masimo designated its entire supplemental interrogatory responses as "CONFIDENTIAL," thereby preventing PHI from quoting from them, attaching them as an exhibit to this Joint Stipulation, or even identifying the data broker/fax broadcaster hired by Masimo for the facsimiles that are the subject of this suit. (11/14/2018 Hearing Transcript, p. 28.)

may have belonged past that date. This Court should find these efforts have been sufficient to comply with the Court's order/instruction.

As for seeking information from Dr. Martinez, he stopped working at PHI in April of 2011 – fully six months before PHI received any faxes from Masimo. Additionally, PHI has produced two depositions of Dr. Martinez that describe his general employment circumstances at PHI along with three declarations specific to junk fax claims, including one that concerns his lack of interaction with Masimo in particular. Accordingly, while Masimo is free to depose Dr. Martinez in this case, the Court should decline to require PHI to seek further information from a long-retired employee who had left PHI's employment six months before PHI even received the advertisements that are the subject of this case.

As for Masimo's (2) and (3) requests relative to Interrogatory No. 6 and Requests Nos. 69-73, PHI has repeatedly offered to produce documents and/or supplement its responses to the discovery requests should it identify any additional responsive information or documents. As such, there is no need for this Court's intervention on these matters.

Finally, as to Masimo's request (4), PHI has no records concerning the email addresses it once had that have been discontinued and, therefore, no practical means of providing this information. Moreover, neither Interrogatory No. 6 nor Requests Nos. 69-73 sought documents or information concerning PHI's discontinued email accounts. Accordingly, this Court should decline to order PHI to provide information concerning old email accounts that Masimo has never formally sought and PHI would likely be unable to provide.

/ / /

/ / /

/ / /

**B. Masimo's Requests for Production Nos. 83-84 and Interrogatory No. 9**

**Request for Production No. 83**

All documents and things referring or relating to any and all benefits Plaintiffs received as a result of receiving allegedly unwanted faxes, including all settlements or other proceeds from TCPA litigation.

**PHI's Response to Request for Production No. 83**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Finally, the settlement agreements is many cases involving alleged violations of the Junk Fax Prevention Act in which PHI was a plaintiff have confidentiality provisions and, therefore, cannot be disclosed or produced in response to a discovery request. Without waiving and subject to these objections, see Class Settlement Agreements. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 84**

Documents sufficient to identify any and all benefits Plaintiffs received as a result of receiving allegedly unwanted faxes, including all settlements or other proceeds from TCPA litigation.

**PHI's Response to Request for Production No. 84**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is

not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Finally, the settlement agreements is many cases involving alleged violations of the Junk Fax Prevention Act in which PHI was a plaintiff have confidentiality provisions and, therefore, cannot be disclosed or produced in response to a discovery request. Without waiving and subject to these objections, see Class Settlement Agreements. These documents will be produced subject to the parties' agreement to a protective order.

**Interrogatory No. 9**

Describe in detail any benefit you obtained from receiving allegedly unwanted facsimile transmissions, including, but not limited to, all settlements or other proceeds you have obtained from any lawsuit involving the TCPA in which you were named as a plaintiff.

**PHI's Response to Interrogatory No. 9**

PHI has received a total of $90,000 in incentive awards from six cases alleging violations of the Junk Fax Prevention Act for which a class was certified and PHI served as the class representative. PHI has also received compensation in several cases alleging violations of the Junk Fax Prevention Act for which no class was sought and/or certified ("non-class cases"). However, as each of the settlement agreements in the non-class cases contained a confidentiality provision prohibiting disclosure to third-parties, PHI cannot disclose the identity of the suit or amount it received in settlement for these cases.

**PHI's Supplemental Response to Interrogatory No. 9 (Sept. 19, 2018).**

PHI has received a total of $90,000 in incentive awards from six cases alleging violations of the Junk Fax Prevention Act for which a class was certified and PHI served as the class representative. Additionally, PHI has

received a total of $30,000 from cases alleging violations of the Junk Fax Prevention Act for which no class was sought and/or certified ("non-class cases"). However, as each of the settlement agreements in the non-class cases contained a confidentiality provision prohibiting disclosure to third-parties, PHI cannot disclose the identity of the suit or amount it received in settlement for each of these cases.

**1. <u>Masimo's Contentions and Points of Authority Regarding Request for Production Nos. 83 and 84 and Interrogatory No. 9</u>**

The Court ordered PHI to produce all settlement agreements by November 30, 2018. (*See* Powell Decl. 6 at 47:22-48:15.) PHI still has not done so.

On December 11, 2018, PHI's counsel told Masimo's counsel that PHI had produced all settlements except for three he was unable to locate. (Powell Decl., Ex. 9 at 2.) On December 14, 2018, PHI's counsel produced two settlements agreements, and wrote that only one remained to be produced. (Powell Decl., Ex. 10 at 2.) On January 8, 2019, PHI's counsel produced the third settlement agreement. (Powell Decl., Ex. 12 at 2.)

On January 22, 2019, Masimo's counsel identified yet another missing settlement agreement. (Powell Decl., Ex. 14 at 1.) PHI produced that settlement agreement. (Powell Decl., Ex. 15 at 2). On January 30, 2019, Masimo identified three more missing settlement agreements. (Powell Decl., Ex. 16 at 1). As of the writing of Masimo's portion of this Joint Stipulation, PHI has not responded to Masimo's letter and has not produced the three additional missing settlement agreements Masimo specifically identified.

Masimo also located two additional instances where PHI appears to have withheld settlement agreements. Thus, in five other cases (*PHI v. Endo Pharma*, No. 14-cv-02289, *PHI v. Express Scripts Services*, No. 15-cv-00664, *PHI v. Navinet, Inc.*, No. 15-cv-10474, *PHI v. Nipro Healthcare*, No. 16-cv-

61195, and *Sandusky Wellness v. Novasom*, No. 12-cv-02291) PHI and the defendant jointly stipulated to dismissal, but PHI produced no settlement agreement. (*See* Powell Decl., Exs. 20-24.)

As with many of the categories of information at issue on this Motion, Masimo knows some settlement agreements are missing, but Masimo has no way of knowing how many settlement agreements PHI is withholding. Thus, PHI has willfully violated this Court's Order.

This is not the first case in which PHI and its counsel withheld potentially damaging documents. For example, in *PHI v. Alma Lasers*, the court excluded evidence after finding that PHI, represented by the same counsel as in this case, repeatedly withheld relevant evidence and "cherry-picked" what it produced. (Powell Decl., Ex. 37 at 10-11.) The court held that PHI "engaged in a substantial breach of its discovery obligations by only engaging in a selective discovery exchange, omitting at least one major piece of evidence." (*Id.* at 11.)

The Court should grant Masimo's motion and order PHI to:

(1) Produce the missing settlement agreements discussed above;

(2) Search for and produce all remaining settlement agreements; and

(3) Certify that PHI conducted a reasonable search for settlement agreements and produced everything it found.

The Court should also impose sanctions for PHI's willful violation of this Court's prior order. *See* Federal Rule of Civil Procedure 37(b)(2)(C).

**2. <u>PHI's Response</u>**

Aside from the settlements reached in pending or future cases, which this Court explicitly excluded from production[7], PHI has agreed to produce all settlement agreements from which it was either directly involved or even

[7] *See* 11.14.2018 Transcript, p. 49 ("Well, let's just be clear. I am not ordering you to produce future settlement agreements.")

received a payment, including those that contain confidentiality provisions. At the hearing on November 14, this Court ordered PHI to produce the settlement agreements without confidentiality provisions by November 30 and, at the same time, "communicate with counsel for the defendant regarding the status of the [settlement agreements subject to confidentiality provisions] and where you are on the ability to produce them." (11.14.2018 Hearing Transcript, p. 48).

On November 30, 2018, PHI produced the settlement agreements in twelve cases and informed Masimo that it anticipated producing the settlements agreements in three other cases subject to confidentiality provisions shortly:

> PHI has assembled and produced the Settlement Agreements in the following cases: Alma Lasers, Esaote, Greenway, Salix, Stryker, Vertex, Stericycle, Addison Health, Besse Medical, Diversified Medical, Janssen, and Reliant. There are three additional settlement agreements in individual cases that we have not yet obtained or received permission to produce.

PHI produced the settlement agreements from the *Formedic* and *PatientClick* cases on December 14, 2018 and the *Wellness Medical* case on January 4, 2019.

By letter dated January 25, 2019, counsel for Masimo advised counsel for PHI that it had not actually produced the settlement agreement in the *Greenway Health* case despite PHI having listed it its letter of November 30. Counsel for PHI reviewed the records, realized it had produced two copies of the *Esaote* settlement agreement while omitting the *Greenway Health* settlement agreement, and produced the settlement agreement in *Greenway Health* on January 25, 2019:

> I have attached the settlement agreement in the *Greenway Health* case. In the initial production, I had mislabeled the *Esaote* settlement agreement as that of *Greenway Health* and, therefore, did not realize I had not

> provided the settlement agreement from the *Greenway Health* case. I apologize for the error.

Apparently upon reviewing all of the public filings from cases involving PHI, counsel for Masimo noted three cases that had been jointly dismissed – *Endo Pharma*, *Express Scripts*, and *Navinet* – and inquired whether any of these cases involved settlements. Counsel for PHI confirmed that the *Express Scripts* involved no settlement. Additionally, counsel for PHI informed that a settlement is being negotiated in *Endo Pharmaceuticals*, but it has not been finalized. The *Navinet* case did involve a settlement, which PHI then produced. Additionally, in the process of reviewing these files, counsel for PHI identified one additional case in which PHI had received payment from a settlement, *Novasom,* and produced that settlement agreement as well.

The initial omission of the settlement agreements in the *Greenway Health*, *Navinet*, and *Novasom* cases does not reflect any intention on the part of PHI to withhold discoverable documents or violate the Court's instruction. On the contrary, PHI listed the *Greenway Health* settlement agreement in its initial document production; it would have not done so had it intended to withhold or conceal this document. Likewise, the *Novasom* and *Navinet* settlements were overlooked as they were small settlements completed several years ago. The *Navinet* case was an individual case resolved in 2015, from which PHI received only $1,500. The *Novasom* case was an individual case resolved in 2013, from which PHI received only $4,500. Additionally, PHI was not even a party or direct participant in the *Novasom* case; it received a portion of the settlement only because it was able to demonstrate that it also received the facsimile advertisements that were the subject of that case. Finally, the omission of these three settlement agreements from PHI's initial production has resulted in no prejudice to Masimo. On the contrary, the parties are continuing to collect documents and have not even moved on to the depositions phase of discovery.

In short, as PHI is not refusing to produce any settlement agreements, there is no issue in dispute and no need for this Court to make any further orders on this issue. Instead, the parties can and should continue to resolve any issues regarding the production of settlement agreements both cooperatively and informally.

**C. <u>Masimo's Requests for Production Nos. 87-89, 91, & 94-96</u>**

**<u>Request for Production No. 87</u>**

All documents and things referring or relating to any complaints, letters, notices, or other allegations by You alleging a violation of the Telephone Consumer Protection Act.

**<u>PHI's Response to Request for Production No. 87</u>**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. This Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(i) of the Federal Rules of Civil Procedure. Finally, to the extent this Request is seeking the filings in every lawsuit alleging a violation of the Junk Fax Prevention Act in which PHI has been involved, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Additionally, PHI has produced a table of cases listing all cases involving alleged violations of the Junk Fax Prevention Act in which PHI was involved.

/ / /

/ / /

/ / /

**Request for Production No. 88**

All documents and things produced by PHI or to PHI in any legal proceedings involving PHI relating to the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 88**

Objection This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. This Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Finally, to the extent this Request is seeking the filings in every lawsuit alleging a violation of the Junk Fax Prevention Act in which PHI has been involved, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Additionally, PHI has produced a table of cases listing all cases involving alleged violations of the Junk Fax Prevention Act in which PHI was involved.

**Request for Production No. 89**

All pleadings, applications, motions, briefs, hearing transcripts, declarations, and exhibits in any legal proceeding involving PHI related to the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 89**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. This Request seeks documents that would be privileged or otherwise protected from

disclosure by the work-product doctrine and/or attorney-client privilege. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Finally, to the extent this Request is seeking the filings in every lawsuit alleging a violation of the Junk Fax Prevention Act in which PHI has been involved, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Additionally, PHI has produced a table of cases listing all cases involving alleged violations of the Junk Fax Prevention Act in which PHI was involved.

**Request for Production No. 91**

All declarations, deposition transcripts, trial transcripts, and other testimony of all PHI employees or consultants, including, but not limited to, Dr. Jose Martinez, Dr. John Ruch, and Dr. Jeffrey Elwert, in any legal proceeding involving PHI related to the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 91**

See Deposition Transcripts and Declarations. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 94**

All documents and things referring or relating to any person or entity arguing that PHI was not an adequate class representative in another case.

**PHI's Response to Request for Production No. 94**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. PHI cannot determine what is being sought by this Request.

/ / /

**Request for Production No. 95**

All documents and things referring or relating to any court determining that PHI was not an adequate class representative in another case.

**PHI's Response to Request for Production No. 95**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, see attached Memorandum Opinion and Order in *Physicians Healthsource, Inc. v. Allscripts*. This document will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 96**

All documents referring or relating to *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.).

**PHI's Response to Request for Production No. 96**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. To the extent this Request is seeking all of the filings in the Allscripts case, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Without waiving and subject to this objection, see Complaint, Facsimile Advertisements, Deposition Transcripts of PHI employees and representatives, and discovery responses of PHI from "*Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.)"

/ / /

These documents will be produced subject to the parties' agreement to a protective order.

**1. Masimo's Contentions and Points of Authority Regarding Request for Production Nos. 87-89, 91, & 94-96**

PHI is improperly withholding litigation documents from other cases the Court ordered PHI to produce and, again, Masimo has no way of knowing the full extent of PHI's contempt. The Court ordered PHI to produce all of its "depo transcripts, expert reports, discovery responses, other fax advertisements, [and] decisions denying class certification with briefing" from its other cases. (Powell Decl. Ex. 6 at 60:24-61:1.) PHI produced some of the documents on the deadline, November 30, 2018. Masimo then identified numerous deficiencies in PHI's production, and requested a meet-and-confer. (Powell Decl., Ex. 8 at 1.) Masimo was unable to get PHI to comply with the Court's Order, and now requests further assistance obtaining the withheld documents.

**a. PHI Withheld Numerous Documents From Other Cases**

Publicly available dockets refer to or partially disclose some of the documents PHI is withholding. Masimo has no way of knowing how many other documents PHI is withholding. One glaring example of the deficiencies in PHI's production is a deposition transcript of Dr. Jose Martinez. The Court ordered PHI to produce it. (Powell Decl., Ex. 6 62:8-14.) The version that PHI produced to Masimo on November 30, 2018, was completely redacted except for the cover page. (Powell Decl., Ex. 9 at 2.) PHI eventually produced the Martinez transcript as ordered by this Court, but only after two letters from Masimo and a conference of counsel. (Powell Decl., ¶ 10, Exs. 8, 9.)

On January 8, 2019, PHI represented that PHI had produced all the documents the Court had ordered PHI to produce. (Powell Decl., Ex. 12, at 3.) Then, on January 14, 2018, PHI produced additional documents. (Powell Decl., Ex. 13.) On January 22, 2019, Masimo identified to PHI specific documents

Masimo had discovered that PHI was improperly withholding. (Powell Decl., Ex 14 at 1-2.) In response, PHI produced only the exact documents Masimo could prove PHI withheld. (Powell Decl., Ex. 15 at 3.) On January 30, 2019, Masimo again identified to PHI more specific documents Masimo discovered that PHI was still withholding. (Powell Decl., Ex. 16 at 1.) As of the writing of Masimo's portion of this Joint Stipulation, PHI has not responded to Masimo's January 30, 2019, letter.

Masimo believes PHI has withheld at least the documents described below. Masimo's reasons for believing the documents exist is also described below:

- PHI has not produced PHI's responses to requests for production and requests for admission from *Alma Lasers*. In *PHI v. Alma Lasers*, No. 12-cv-04978, the Defendant moved to compel responses to a first and second set of requests for production. (Powell Decl., Ex. 25.) The Defendant in that case also served requests for production and interrogatories. (Powell Decl., Ex. 26.)
- PHI has not produced PHI's discovery responses in in *Boehringer*. A partial copy of PHI's responses to Interrogatories is available on the public docket of *PHI v. Boehringer Ingelheim*, 14-cv-00405. (Powell Decl., Ex. 27.) PHI also produced no responses to requests for production or requests for admission, even though this case was pending for over four years and PHI answered interrogatories.
- PHI has not produced PHI's Reponses to a third set of requests for admission in *Cephalon*. A partial copy is available on the public docket of *PHI v. Cephalon*, No. 12-cv-03753. (Powell Decl., Ex. 28.)
- PHI produced no responses to requests for admission from *PHI v. Doctor Diabetic*, No. 12-cv-22330. Masimo suspects responses to such discovery responses exist because *Doctor Diabetic* was pending for three

years and PHI responded to Interrogatories and Requests for Production. (Powell Decl., Ex. 29.)

- PHI has not produced the deposition transcript of one of PHI's principals, Dr. Ruch, in *PHI v. IPC*, No. 16-cv-00301. (Powell Decl., Ex. 18.) In the publicly available portion of that deposition transcript, which is redacted, Dr. Ruch testified under oath that he reviewed interrogatory responses that did not exist and then conceded that he had "never seen any of the discovery documents in this case." (Powell Decl., Ex. 18 at 21:3-22:6.)
- PHI produced no responses to requests for admission in *PHI v. Greenway Health*, No. 14-cv-02593. Masimo suspects such discovery responses exist because *Greenway Health* was pending for over a year and PHI responded to interrogatories and requests for production. (Powell Decl., Ex. 30.)
- PHI produced no responses to any discovery requests in *PHI v. Purdue Pharma*, No. 12-cv-01208. Masimo suspects discovery responses exist because *Purdue Pharma* is an active case that has been pending for over six years.
- PHI produced no responses to requests for admission in *PHI v. Salix Pharma*, 15-cv-00036. Masimo suspects such discovery responses exist because *Salix Pharma* was pending for over two years and PHI answered interrogatories and requests for production. (Powell Decl., Ex. 31.)

After extensive searching and review, Masimo was also able to locate numerous other documents on PACER that PHI failed to produce. For example:

- PHI withheld at least the following documents from *PHI v. Allscripts*, No. 12-cv-03233: the complaint; the fax at issue; a declaration of Robert Biggerstaff; and the Amended Answers to a Third Set of Requests for Admission. (Powell Decl., Ex. 32.)

- PHI withheld at least the following documents from *PHI v. A-S Med*, No. 12-cv-05105: a declaration of John Ruch; answers to a First, Second, and Third Set Requests for Production; a response by PHI to Defendants' Supplemental Brief in Opposition to Motion for Class Certification; and a Rejoinder in Support of Motion for Class Certification. (Powell Decl., Ex. 33.)
- PHI withheld at least the following document from *PHI v. IPC*, No. 16-cv-00301: a Motion for Class Certification and Opposition to Defendant's Motion to Deny Certification Under Rule 23. (Powell Decl., Ex. 34.)
- PHI withheld at least the following documents from *PHI v. Purdue Pharma*, No. 12-cv-01208: a declaration of Jose Martinez; a declaration of Michael Bertram; and a declaration of John Ruch. (Powell Decl., Ex. 35.)
- PHI withheld at least the following documents from *Sandusky Wellness v. ASD Specialty Healthcare*, No. 13-cv-02085 (PHI was a claimant in this case): a declaration of Robert Biggerstaff and an expert report by Robert Biggerstaff. (Powell Decl., Ex. 36.)
- PHI produced no documents at all from *PHI v. Onset Dermatologics, LLC*, No. 15-cv-00194. (*See* Powell Decl., Ex. 4 at 10-11.) Indeed, PHI's discovery responses identified the other cases discussed above, but concealed this case. (*See* Powell Decl., Ex. 4 at 10-11.)

Thus, Masimo knows PHI withheld numerous documents. While some of the missing documents are readily identifiable from the dockets (e.g., Complaints), others were buried as declaration exhibits. Masimo has no reason to believe it located all documents that PHI withheld. It is unlikely that PHI only withheld documents that were cited in publicly available filings. Masimo likely only scratched the surface of what PHI failed to produce. Masimo was not a party to those cases, Masimo's lawyers were not involved in those cases

and do not have files from those cases, and Masimo does not have access to documents that were never filed or were filed under seal. PHI is in the best (and only) position to locate all responsive documents because its counsel in this case was also its counsel in prior cases.

This is not the first case in which PHI and its counsel in this case have withheld documents. For example, in *PHI v. Alma Lasers*, the court excluded evidence after finding that PHI, represented by the same counsel, repeatedly withheld relevant evidence and "cherry-picked" what it produced. (Powell Decl., Ex. 37 at 10-11.) The court held that PHI "engaged in a substantial breach of its discovery obligations by only engaging in a selective discovery exchange, omitting at least one major piece of evidence." (*Id.* at 11.)

The Court should grant Masimo's motion and order PHI to:

(1) Produce the missing documents discussed above;

(2) Search for and produce all PHI deposition transcripts, PHI expert reports, PHI discovery responses, other fax advertisements, and briefing on decisions denying contested class certification motions; and

(3) Certify that it has conducted a reasonable search for the documents described in (2) and produced everything it found.

The Court should also impose sanctions for PHI's willful violation of its order. *See* Federal Rule of Civil Procedure 37(b)(2)(C).

**b. <u>PHI Withheld Numerous Exhibits to the Foregoing Documents Despite the Court's Order to Produce</u>**

PHI also refused to produce exhibits associated with the categories of documents discussed above (e.g., exhibits to "depositions, discovery responses, declarations, and briefing and orders"). (Powell Decl., Ex. 12 at 2-3.) PHI incorrectly asserts the Court did not require it to produce such exhibits.

During the hearing on November 14, 2018, counsel for Masimo explained why Masimo needed the exhibits. (Powell Decl., Ex. 6 at 59:22-60:11.) The

Court ordered PHI to produce "depo transcripts, expert reports, discovery responses, other fax advertisements, [and] decisions denying class certification with briefing." (Powell Decl., Ex. 6 at 60:22-61:1.) Masimo understood the Court's Order included the exhibits to those documents. It appears PHI's counsel had the same understanding. Counsel for PHI asked the Court for permission to withhold *one specific exhibit*. (Powell Decl., Ex. 6 61:13-17.) The Court granted PHI permission to withhold *that specific exhibit*. (Powell Decl., Ex. 6 at 62:1-5.) The only reason PHI would have asked permission to withhold one exhibit is if it understood the Court as generally ordering PHI to produce exhibits.

A later exchange during the hearing, regarding PHI's offer to produce briefing and orders relating to class certification, confirms the Court ordered PHI to produce exhibits. Masimo pointed out that the class certification briefing PHI was ordered to produce should include exhibits. (Powell Decl. Ex. 6 at 66:25-67:2.) The Court ordered PHI to produce briefing and orders related to class certification, and ordered the parties to meet and confer regarding exhibits that were under seal. (Powell Decl., Ex. 6 at 67: 17-19.) The Court did not require the parties meet and confer regarding exhibits that were not filed under seal. Presumably, that was because those exhibits should have been produced without the need to meet and confer, let alone the need to return to the Court.

Even though Masimo thought the Court's statements during the hearing were clear, Masimo offered to compromise. Masimo asked PHI to produce all non-confidential exhibits and provide enough information about the confidential exhibits so that the parties could meaningfully meet and confer. (Powell Decl., Ex. 11 at 2). PHI refused. Because Masimo has already engaged in extensive efforts to address this matter informally, the Court should order PHI to produce all exhibits without requiring an additional meet and confer for confidential exhibits.

The Court should grant Masimo's motion and order PHI to:

(1) Produce all exhibits to all PHI deposition transcripts, PHI expert reports, PHI discovery responses, other fax advertisements, and briefing on decisions denying contested class certification motions; and

(2) Certify that it has conducted a reasonable search for the documents described in (1) and produced everything it found.

The Court should also impose sanctions for PHI's willful violation of its order. *See* Federal Rule of Civil Procedure 37(b)(2)(C).

**2. PHI's Response**

**a. PHI Has Not Withheld or Concealed any Documents and Readily Cooperated to Resolve Discovery Issues Informally.**

With its Motion to Deny Class Certification Based on Issue Preclusion (ECF No. 74), Masimo argued that PHI could not be deemed an adequate representative in this case primarily because of its discovery responses in the *Allscripts* case. The District Court denied that motion upon finding that "the issue of adequacy is fundamentally one that is specific to the circumstances in a particular case." Order Regarding Motion to Deny Class Certification (ECF No. 84-1), p. 4. Masimo has sought to create a record of PHI's incomplete or inaccurate discovery responses in this case by sending extremely broad document requests combined with a repeated insistence that PHI be compelled to certify it has produced all responsive documents. At the hearing on November 14, 2018, this Court recognized the dilemma this posed for PHI and refused to require such a certification:

> The problem that I'm struggling with is that to the extent that these requests are so broad, right, that to -- that they then would have to say we have performed a search for, and then they would have to characterize the subcategory

> of what -- either what we've talked about or what they ended up doing to decide what is a reasonable production. And, you know, besides an attorney's ethical obligations under the Federal rules, I don't know of a rule that requires an attorney to provide a certification. I expect that all attorneys are, you know, doing their job and are, you know, by signing discovery responses, are making certain representations to the Court and to the parties regarding their efforts. I understand your concern. I just have a hard time making an order that requires them to say that they have searched for all responsive documents when all responsive documents to these categories is incredibly broad. And I believe that [they are] impermissibly so and so we have gone through this effort of sort of limiting and trying to find out what it is that you guys actually need and ordering them to produce those.

(11.14.2018 Hearing Transcript, p. 77). After further argument by counsel for Masimo, this Court stated "I'm cautious of making ruling or an order where it's difficult for PHI to comply. And, here again, yeah, I'm just going to deny the request." (11.14.2018 Hearing Transcript, p. 80).

This Court's caution was justified, as the breadth of Masimo's document requests was certain to result in PHI having to supplement its document requests with existing documents identified after its initial production and/or the creation of new documents that would be responsive. In PHI's original production on November 30, 2018, counsel for PHI advised that "I anticipate that we will identify additional documents in response to these Requests and intend to supplement this production accordingly." In response to Masimo's letter of January 22, 2019 – in which counsel for Masimo inquired as to existence of several documents that PHI had actually produced but apparently been overlooked by Masimo – counsel for PHI again advised that it could not be certain all responsive documents had been identified or located and encouraged the parties' continued cooperation to resolve any issues:

> While [the earlier portion of the letter] addresses the specific documents you identified, I would like to address more generally your point that some responsive documents may not have been produced. I attempted to collect and produce all of the discovery responses, deposition transcripts, expert reports, declarations, other fax advertisements, and class certification briefs and orders/decisions in PHI's possession, custody, or control. This was a considerable undertaking involving over thirty different cases containing thousands of documents that were retained in different file management systems at different firms. I tried to be careful and thorough, but I cannot be certain that one or more responsive documents has not been mislabeled, misplaced, overlooked, or otherwise omitted in error. As such, please advise me if you believe there are any other responsive documents that PHI should have produced. If so, I will attempt to locate and produce them promptly.

(1.25.2019 Letter from Matthew Stubbs).

Without identifying any specific documents or requesting a meet-and-confer on the issue, Masimo sent its portion of this Joint Stipulation to PHI in which it listed several documents identified from reviewing the filings in the TCPA cases involving PHI that had not been produced by PHI. Many of these documents had long been in Masimo's possession. For example, Masimo argues that "PHI withheld a deposition of one of its principals, Dr. Ruch, in *PHI v. IPC*," which it then characterized as a "willful violation of [this Court's] order." (Joint Stipulation Accompanying Motion to Enforce the Court's November 17 Order, pp. 3, 37).

This accusation is intemperate and unfounded. While PHI did omit Dr. Ruch's deposition transcript from the *IPC* case from its initial production, this omission was clearly not intentional. At that point, PHI had produced twenty-nine other depositions transcripts of PHI employees and representatives, including seven others from John Ruch alone. Moreover, the existence of John

Ruch's deposition in the *IPC* case was no secret as the transcript was publicly available on the docket, was quoted in several documents PHI did produce, and had even been attached by Masimo as an exhibit (ECF No. 75-5) to its Motion to Deny Class Certification (ECF No. 75) in this case. In short, PHI's omission of the deposition transcript of Dr. Ruch from the *IPC* case was clearly not intentional, has caused no harm in this case, and merits no action by the Court.

The other documents Masimo has identified as being withheld or concealed by PHI fall into similar categories. For example, PHI produced the complaints and facsimile advertisements dozens of its TCPA cases; Masimo notes that PHI omitted the Complaint and facsimile advertisements from the *Allscripts* case. PHI produced five briefs from the *IPC* case that either supported or opposed class certification; Masimo points out that PHI neglected to include PHI's Motion for Class Certification itself. In many instances, Masimo merely suspects that certain documents exist that had not been produced. For example, Masimo states that "PHI produced no responses to requests for admission in *PHI v. Greenway Health,* No. 14-cv-02593. Masimo suspects such discovery responses exist because *Greenway Health* was pending for over a year and PHI responded to interrogatories and requests for production." (Joint Stipulation Accompanying Motion to Enforce the Court's November 17 Order, p. 21). In fact, PHI did not respond to any requests for admission in the *Greenway Health* case, a matter that Masimo should have addressed informally before bringing to the attention of the Court.

While each of these issues is likely worthy of consideration, the appropriate method for doing so is via communication and cooperation between the parties. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008)("compliance with the 'spirit and purposes' of [the] discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs, . . . which requires cooperation rather than contrariety, communication

rather than confrontation.") The Local Rules not only encourage this, they require a "good faith effort" at informal resolution before seeking the assistance of the Court. *See* Local Rule 37-1 ("Prior to the filing of any motion relating to discovery . . . , counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.") When Masimo has raised issues regarding PHI's production (or lack of production) of particular documents, the parties have been able to resolve them quite quickly. Masimo made no effort to do so with respect to the documents listed in its portion of the Joint Stipulation. Instead, it rushed to present these issues to the Court in the hope of obtaining sanctions, driving PHI out of the case, or otherwise gaining a tactical advantage.

In summary, Masimo's identification of a few documents from PHI's other TCPA cases that were not initially produced by PHI – and that Masimo was able to obtain from publicly-available filings – is neither surprising nor grounds for this Court's intervention. PHI has not refused to produce these documents. On the contrary, it has repeatedly acknowledged the difficulty of identifying and locating every document that may be responsive to Masimo's numerous document requests and supplemented its production as additional documents are identified. As such, there is no discovery dispute that requires this Court's intervention relative to Requests for Production Nos. 87-89, 91, or 94-96, and this Court should decline to issue any further order or instruction relative to them.

**b. <u>PHI Has Complied with this Court's Order/Instruction Relative to the Production of Exhibits; Masimo Refuses to Meet-and-Confer as to Specific Exhibits as the Court Instructed.</u>**

PHI has also complied with this Court's order/instruction regarding the production of exhibits in this matter. After an extensive discussion of this issue

at the hearing, this Court's order was that "I'm going to order that the documents that PHI has agreed to produce be produced by November 30th, including the confidential documents." (11.14.2018 Hearing Transcript, p. 60). Counsel for PHI then immediately asked the Court to clarify: "Just so I'm clear, when you say "the documents that PHI has agreed to produce," are you referring to . . . PHI's response in which it listed those documents?" (11.14.2018 Hearing Transcript, p. 60)(*punctuation added).* The Court then answered as follows: "Yes. And the way, -- yes, I am referring to that. So, counsel, but my notes are that it included depo transcripts, expert reports, discovery responses, other fax advertisements, decisions denying class certification with briefing." (11.14.2018 Hearing Transcript, pp. 60-61). The Court's notes were accurate. In counsel for PHI's last correspondence on the issue (dated 9.19.2018 and designated as ECF No. 105-7 herein), PHI agreed to provide "deposition transcripts (unless designated as confidential or otherwise protected), declarations, discovery responses, the subject facsimile advertisements, expert reports (unless designated as confidential or otherwise protected), and specific court documents such as decisions denying class certification." (ECF 105-7, pp. 4-5). PHI did not agree to produce the exhibits to all of these documents, a point it also made clear at the November 14, 2018 hearing: "it would be really easy to produce the discovery responses. We've offered to do that. To the extent they want us to produce all the exhibits, that becomes very troublesome." (11.14.2018 Hearing Transcript, p. 54).

The Court also suggested a procedure with respect to resolving disputes as to specific exhibits. Addressing the briefing and orders on class certification motions specifically, this Court stated that "I'm going to order that PHI produce the briefing and orders on – from its other TCPA cases regarding class certification. And to the extent that there are any exhibits of those that are filed under seal, I'm going to have you guys meet and confer about whether or not

you actually need them. And if you can't come to an agreement, you can bring the issue back to me; basically, okay, because it sounds like the majority of these documents are publicly filed documents." (11.14.2018 Transcript, p. 67).

PHI complied with the Court's directions by producing the briefing and orders on class certification as well as the deposition transcripts, declarations, discovery responses, expert reports, and other documents it had agreed to produce. Rather than identifying specific exhibits that were not publicly available and/or designated as confidential and then conferring about them as the Court suggested, Masimo has insisted that PHI "provide sufficient information about any withheld confidential exhibits so the parties can meaningfully meet and confer." (1.22.2019 Letter from Adam Powell). First, Masimo can find sufficient information about the exhibits in the documents to which they were made exhibits; it does not need a separate description from PHI.

Second, an order requiring PHI to describe each exhibit to every discovery request, deposition, and court document it has produced would be unreasonably burdensome and disproportionate to the needs of the case. At this point, PHI has produced over three hundred documents, the exhibits to many of which are publicly available and, therefore, equally accessible to Masimo. In most instances, these exhibits will have little or no relevance to this matter. However, if there are some exhibits that appear to be relevant to this matter and are not publicly available, Masimo should identify those specific exhibits, which the parties can then address in turn. That was the procedure suggested by this Court at the initial hearing, and there is no reason to depart from that procedure now.

In short, this Court should deny the specific relief requested by Masimo relative to the production of exhibits and, instead, re-affirm its order and instruction on this issue from the initial hearing; *i.e.*, for those exhibits that are

not publicly available or have been designated as confidential, the parties should meet and confer about each such exhibit in an effort to reach an agreement. Only when they have done so and failed to reach an agreement as to a particular exhibit(s) should the parties then seek the Court's assistance.

**D. Masimo's Request for Production Nos. 40-42, 45, 46, 48-52, 56, 69-73, 77-79, 83-84, 87-89, 91, 93-99, 103, 107, 108, 111**

**Request for Production No. 40**

All documents and things referring or relating to any faxes received from Masimo.

**PHI's Response to Request for Production No. 40**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents or things it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. *E.g. Kidwiler v. Progressive Paloverde Ins. Co.*, 192 FR.D. 193, 202 (N.D. W. Va. 2000)("[A] document request is not reasonably particular if it merely requests documents 'related to a claim or defense' in the litigation.")

Without waiving and subject to this objection, the following documents are responsive to this Request: (1) the 10.12.2011 Pronto Fax; (2) the 4.10.2012 Pronto Fax; (3) the Cannon Image Runner Documents; (4) the DeLage Landen Invoice; (5) PHI's Phone Bills; and (6) PHI's fax logs. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 41**

All documents and things referring or relating to any faxes depicting any of Masimo's products, including, but not limited to, Masimo's Pronto or Pronto-7 products.

/ / /

**PHI's Response to Request for Production No. 41**

See 10.12.2011 Pronto Fax and 4.10,2012 Pronto Fax. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 42**

All documents and things showing PHI received or did not receive the faxes attached as Exhibit A to PHI's First Amended Class Action Complaint.

**PHI's Response to Request for Production No. 42**

See PHI's fax logs. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 45**

All documents and things referring or relating to any device used by PHI to receive faxes or any device connected to fax number 513-922-2009.

**PHI's Response to Request for Production No. 45**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. PHI cannot reasonably determine what documents would be responsive to this Request. Without waiving and subject to this objection, see Cannon Image Runner documents. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 46**

All documents and things referring or relating to the owner, lessor, or lessee of any device used by PHI to receive faxes or any device connected to fax number 513-922-2009.

**PHI's Response to Request for Production No. 46**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as

required by Rule 34 of the Federal Rules of Civil Procedure. PHI cannot reasonably determine what documents would be responsive to this Request. Without waiving and subject to this objection, PHI leased the Canon Image Runner machine that received faxes directed to the number (513) 922-2209 in both 2011 and 2012. To the best of PHI's recollection, the lessor and owner of this machine was DeLage Landen. PHI purchased the Cannon Image Runner when the lease expired at the end of 2014 or beginning of 2015. See De Lage Landen Invoice. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 48**

All owner's manuals, guides, instructions, specification sheets, or other form of user's manual for any device used by PHI to receive faxes or any device connected to fax number 513-922-2009.

**PHI's Response to Request for Production No. 48**

See Cannon image Runner documents. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 49**

All documents and things showing receipt of all fax transmissions received by PHI at any fax number and/or fax number 513-922-2009.

**PHI's Response to Request for Production No. 49**

Objection. This Request does identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure to the extent that it seeks facsimiles other than those that are the subject of this suit. Accordingly, PHI will limit its response the 10.12.2011 Pronto Fax and the 4.10.2012 Pronto

Fax. Without waiving and subject to these objections, see (1) the 10.12.2011 Pronto Fax; (2) the 4.10.2012 Pronto Fax (3) PHI's fax activity reports. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 50**

All written and electronic logs generated by any device used by PHI to receive faxes or any device connected to fax number 513-922-2009.

**PHI's Response to Request for Production No. 50**

Objection. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure to the extent that it seeks "all" logs relating to any facsimile that PHI has ever received over its entire history. Accordingly, PHI will limit its response to the logs generated for the months in which the 10.12.2011 Pronto Fax and the 4.10.2012 Pronto Fax were received. See PHI's fax activity reports. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 51**

All documents and logs reflecting the faxes received at any number used by PHI to receive faxes, including, but not limited to, fax number 513-922-2009.

**PHI's Response to Request for Production No. 51**

Objection. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure to the extent that it seeks "all" documents and logs relating to any facsimile that PHI has received over its entire history. Accordingly, PHI will limit its response to logs generated for the month in which the 10.12.2011 Pronto Fax and the 4.1 0.2012 Pronto Fax were received. See PHI's fax activity reports. These

documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 52**

All invoices, bills, receipts, or statements for any number used by PHI to receive faxes including, but not limited to, fax number 513-922-2009.

**PHI's Response to Request for Production No. 52**

Objection. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure to the extent that it seeks "all" phone bills for PHI during its entire history. Accordingly, PHI will limit its response to phone bills for the years in which the 10.12.2011 Pronto Fax and the 4.10.2012 Pronto Fax were received. See PHI's Phone Bills, These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 56**

All documents and things referring or relating to Masimo.

**PHI's Response to Request for Production No. 56**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. PHI cannot reasonably determine what documents would be responsive to this Request. Without waiving and subject to this objection, the following documents may be responsive to this Requests: (1) the "10.12.2011 Pronto Fax; (2) the 4.10.2012 Pronto Fax (3) the information provided on Masimo's website, including the information concerning the "Pronto" products available at http://www.masimo.com/products/monitors/spot-check/pronto/; and (4) Masimo's public disclosures, including such documents as Masimo's Quarterly Report for the quarter ending March

31, 2018. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 69**

All documents and things referring or relating to PHI placing any fax number, including, but not limited to 513-922-2009, in any public directory.

**PHI's Response to Request for Production No. 69**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. If Masimo provides evidence that it obtained PHI's fax number from a public directory and identities the public directory, PHI will investigate whether PHI "plac[ed] any fax number, including, but not limited to 513-922-2209" in this public directory.

**Request for Production No. 70**

All documents and things referring or relating to PHI providing any fax number, including but not limited to 513-922-2009, to any industry or trade organization, group purchasing organization, or other organization for healthcare professionals.

**PHI's Response to Request for Production No. 70**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is

/ / /

not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**<u>Request for Production No. 71</u>**

All documents and things referring or relating to PHI providing any fax number, including, but not limited to 513-922-2009, to the American Medical Association.

**<u>PHI's Response to Request for Production No. 71</u>**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, PHI has identified no documents in its possession, custody, or control responsive to this Request.

**<u>Request for Production No. 72</u>**

All documents and things referring or relating to PHI providing any fax number, including, but not limited to 513-922-2009, to any person or entity for any purpose.

**<u>PHI's Response to Request for Production No. 72</u>**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Moreover, as PHI used the fax number 513-922-2009 in its business of providing medical services, many documents that may be responsive to this Request would be protected from disclosure by the Health Insurance Portability and Accountability Act. Without waiving and subject to these objections, the following documents are responsive to this Request: (1) the 6.27.2007 PHI Office

Memorandum; and (2) the Declaration of Jose Martinez. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 73**

Documents sufficient to identify any entities that PHI has provided any fax number to, including, but not limited to 513-922-2009, for any purpose.

**PHI's Response to Request for Production No. 73**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Moreover, as PHI used the fax number 513-922-2009 in its business of providing medical services, many documents that may be responsive to this Request would be protected from disclosure by the Health Insurance Portability and Accountability Act.

**Request for Production No. 77**

All documents and things referring or relating to PHI, Dr. Jose Martinez, or any other current or former PHI employee providing, to any person or entity, permission or consent to receive advertisements at any fax number.

**PHI's Response to Request for Production No. 77**

This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, PHI has had a written policy regarding the providing of its fax number since June of 2007. Pursuant to this written policy, PHI's

staff was directed to ask persons who requested the fax number why they needed it. Additionally, pursuant to this written policy, the staff was directed "not to give out our PHS fax number to anyone who may ask you for it over the telephone without identifying what company the individual is calling from." Further, pursuant to this policy, the staff was directed to only give the fax number to persons who identified themselves as "a representative from an attorney's office, MCO, insurance carrier, pharmacy, physicians office, or hospital." Finally, pursuant to this written policy, staff members were directed to "ask Dr. Elwert or Dr. Ruch" if they were "unsure whether to give out our number." This policy was posted directly above the fax machine, and PHI is aware of no specific instance in which this policy was not followed by a member of its staff or other representative of PHI. In accordance with this understanding, see 6.27.2007 PHI Office Memorandum and Declaration of Jose Martinez. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 78**

All documents and things referring or relating to any person or entity, including but not limited to Dr. Jose Martinez, providing, to any other person or entity, permission or consent to receive advertisements at any fax number used by PHI, including, but not limited to, 513-922-2009.

**PHI's Response to Request for Production No. 78**

This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, PHI has had a written policy regarding the providing of its fax number since June of 2007. Pursuant to this written policy, PHI's staff was directed to ask persons who requested the fax number why they

needed it, Additionally, pursuant to this written policy, the staff was directed "not to give out our PHS fax number to anyone who may ask you for it over the telephone without identifying what company the individual is calling from." Further, pursuant to this policy, the staff was directed to only give the fax number to persons who identified themselves as "a representative from an attorney's office, MCO, insurance carrier, pharmacy, physicians office, or hospital." Finally, pursuant to this written policy, staff members were directed to "ask Dr. Elwert or Dr. Ruch" if they were "unsure whether to give out our number." This policy was posted directly above the fax machine, and PHI is aware of no specific instance in which this policy was not followed by a member of its staff or other representative of PHI. In accordance with this understanding, see 6.27.2007 PHI Office Memorandum and Declaration of Jose Martinez. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 79**

All documents and things referring or relating to any and all harm Plaintiffs allege to have suffered from receiving any fax relating to Masimo's products.

**PHI's Response to Request for Production No. 79**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, the following documents are responsive to this Request: PHI Phone Bills, 10.12.2011 Pronto Fax, 4.10.2012 Pronto Fax, and DeLage Landen Invoice. These documents will be produced subject to the parties' agreement to a protective order.

/ / /

**Request for Production No. 83**

All documents and things referring or relating to any and all benefits Plaintiffs received as a result of receiving allegedly unwanted faxes, including all settlements or other proceeds from TCPA litigation.

**PHI's Response to Request for Production No. 83**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Finally, the settlement agreements is many cases involving alleged violations of the Junk Fax Prevention Act in which PHI was a plaintiff have confidentiality provisions and, therefore, cannot be disclosed or produced in response to a discovery request. Without waiving and subject to these objections, see Class Settlement Agreements. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 84**

Documents sufficient to identify any and all benefits Plaintiffs received as a result of receiving allegedly unwanted faxes, including all settlements or other proceeds from TCPA litigation.

**PHI's Response to Request for Production No. 84**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Finally, the settlement agreements

is many cases involving alleged violations of the Junk Fax Prevention Act in which PHI was a plaintiff have confidentiality provisions and, therefore, cannot be disclosed or produced in response to a discovery request. Without waiving and subject to these objections, see Class Settlement Agreements. These documents will be produced subject to the parties' agreement to a protective order.

All documents and things referring or relating to any complaints, letters, notices, or other allegations by You alleging a violation of the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 87**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. This Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(i) of the Federal Rules of Civil Procedure. Finally, to the extent this Request is seeking the filings in every lawsuit alleging a violation of the Junk Fax Prevention Act in which PHI has been involved, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Additionally, PHI has produced a table of cases listing all cases involving alleged violations of the Junk Fax Prevention Act in which PHI was involved.

**Request for Production No. 88**

All documents and things produced by PHI or to PHI in any legal proceedings involving PHI relating to the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 88**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. This Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(i) of the Federal Rules of Civil Procedure. Finally, to the extent this Request is seeking the filings in every lawsuit alleging a violation of the Junk Fax Prevention Act in which PHI has been involved, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Additionally, PHI has produced a table of cases listing all cases involving alleged violations of the Junk Fax Prevention Act in which PHI was involved.

**Request for Production No. 89**

All pleadings, applications, motions, briefs, hearing transcripts, declarations, and exhibits in any legal proceeding involving PHI related to the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 89**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. This Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(i) of the Federal Rules of Civil Procedure. Finally, to the extent this Request

is seeking the filings in every lawsuit alleging a violation of the Junk Fax Prevention Act in which PHI has been involved, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Additionally, PHI has produced a table of cases listing all cases involving alleged violations of the Junk Fax Prevention Act in which PHI was involved.

**Request for Production No. 91**

All declarations, deposition transcripts, trial transcripts, and other testimony of all PHI employees or consultants, including, but not limited to, Dr. Jose Martinez, Dr. John Ruch, and Dr. Jeffrey Elwert, in any legal proceeding involving PHI related to the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 91**

See Deposition Transcripts and Declarations. These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 93**

All of PHI's responses to interrogatories, requests for production, and requests for admission, all documents attached to or referred to in those responses, and all testimony concerning such responses, in any legal proceeding involving PHI related to the Telephone Consumer Protection Act.

**PHI's Response to Request for Production No. 93**

Objection. This request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, see attached Discovery Responses of PHI, Deposition Transcripts, and Declarations.

/ / /

**<u>Request for Production No. 94</u>**

All documents and things referring or relating to any person or entity arguing that PHI was not an adequate class representative in another case.

**<u>PHI's Response to Request for Production No. 94</u>**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the FederaL Rules of Civil Procedure. PHI cannot determine what is being sought by this Request.

**<u>Request for Production No. 95</u>**

All documents and things referring or relating to any court determining that PHI was not an adequate class representative in another case.

**<u>PHI's Response to Request for Production No. 95</u>**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, see attached Memorandum Opinion and Order in *Physicians Healthsource, Inc. v. Allscripts*. This document will be produced subject to the parties' agreement to a protective order.

**<u>Request for Production No. 96</u>**

All documents referring or relating to *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.).

**<u>PHI's Response to Request for Production No. 96</u>**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. To the extent this Request is

seeking all of the filings in the *Allscripts* case, these filings are publicly available on the pacer website at the following address: https://pcl.uscourts.gov/pcl/pages/welcome.jsf. Without waiving and subject to this objection, see Complaint, Facsimile Advertisements, Deposition Transcripts of PHI employees and representatives, and discovery responses of PHI from "*Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.)" These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 97**

All of PHI's responses to interrogatories, requests for production, and requests for admission, all documents attached to or referred to in those responses, and all testimony concerning such responses, in *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.).

**PHI's Response to Request for Production No. 97**

Objection. This Request is not relevant to any claim or defense and/or is not proportional to the needs of the case as required by Rule 26(b)(l) of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, see Complaint, Facsimile Advertisements, Deposition Transcripts of PHI employees and representatives, and discovery responses of PHI from "*Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.)" These documents will be produced subject to the parties' agreement to a protective order.

**Request for Production No. 98**

All documents and things referring or relating to any agreement or alleged agreement between Dr. Ruch and Montgomery, Rennie & Johnson that "any damages plaintiff might incur in the arbitration

proceedings would be taken out of the settlement proceeds in the class action, as would any fees due counsel for its representation of the plaintiff in the arbitration" as referenced in *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 254 F. Supp. 3d 1007, 1028 (N.D. Ill. 2017).

**PHI's Response to Request for Production No. 98**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. Without waiving and subject to this objection, see Deposition Transcript of John Ruch in the *Allscripts* case and Declaration of Matthew E. Stubbs.

**Request for Production No. 99**

All documents and things referring or relating to how and when PHI and Dr. Ruch first learned about defendants' offer of judgment in *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.).

**PHI's Response to Request for Production No. 99**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, this Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. Without waiving and subject to this objection, see Deposition Transcript of John Ruch in the *Allscripts* case and Declaration of John Lowry.

/ / /

**<u>Request for Production No. 103</u>**

All documents and things concerning Your document retention and destruction policies or procedures.

**<u>PHI's Response to Request for Production No. 103</u>**

Objection. This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection,, see Policy and Procedure Manual (Revised January 2013) and Policy and Procedure Manual (Revised January 2015). These documents will be produced subject to the parties' agreement to a protective order.

**<u>Request for Production No. 107</u>**

All documents and things exchanged between PHI and Robert Biggerstaff, or reviewed by Robert Biggerstaff, in connection with any case including, but not limited to, *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, case number 12-cv-3233 (N.D. Ill.) and *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, Inc.*, case number 12-cv-22330 (S.D. Fla.).

**<u>PHI's Response to Request for Production No. 107</u>**

Objection. This Request seeks documents that would be privileged or otherwise protected from disclosure by the work-product doctrine and/or attorney-client privilege. Without waiving and subject to this objection, see attached Deposition Transcripts. These documents will be produced subject to the parties' agreement to a protective order.

**<u>Request for Production No. 108</u>**

All documents and things cited, used, or relied upon in preparing your Initial Disclosures.

/ / /

**PHI's Response to Request for Production No. 108**

This Request does not identify "designated documents" or "describe with reasonable particularity" what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Without waiving and subject to this objection, see 10.12.2011 Pronto Fax and 4.10.2012 Pronto Fax.

**Request for Production No. 111**

All documents and things upon which You intend to rely upon, use, or introduce at trial, for any purpose, including to introduce into evidence, or use as impeachment, rebuttal, or demonstrative purposes.

**PHI's Response to Request for Production No. 111**

This Request does not identify "designated documents" or "describe with reasonable particularit " what documents it is seeking as required by Rule 34 of the Federal Rules of Civil Procedure. Additionally, PHI has made no determination what evidence it may attempt to introduce at trial at this time. Without waiving and subject to this objection, see 10.12.2011 Pronto Fax and 4.10.2012 Pronto Fax, PHI Phone Bills, Cannon Image Runner Documents, Delage Landon Invoice, 6.26.20 17 PHI Office Memorandum, PHI Policy Manuals, and PHI Journals. These documents will be produced subject to the parties' agreement to a protective order.

**1. Masimo's Contentions and Points of Authority Regarding Request for Production Nos. 40-42, 45, 46, 48-52, 56, 69-73, 77-79, 83-84, 87-89, 91, 93-99, 103, 107, 108, 111**

At the hearing on Masimo's prior Motion to Compel, PHI agreed to produce certain documents, and the Court ordered PHI to produce others. In addition to producing the documents, the Court ordered PHI to (1) identify the category of documents it is producing, (2) state that it searched for that category of documents, and (3) state that it produced all the documents. (Powell Decl.,

Ex. 6 at 82:5-14.) As discussed above, Masimo knows PHI has withheld some documents, but Masimo has no way of knowing all of the documents PHI is withholding. Thus, it is particularly important for PHI to certify that it has searched for and produced all responsive documents.

This is not a burdensome requirement. PHI merely needs to conduct the reasonable search required by Rule 26 and this Court's prior Order, produce all responsive documents, and supplement its responses to state: "PHI conducted a reasonable search for [category of documents] and produced all non-privileged documents that it found." Despite the simplicity of satisfying the Court's Order, PHI steadfastly refuses to do so.[8]

Masimo has repeatedly attempted to resolve this matter informally. The Court ordered PHI to supplement its responses and production by November 30, 2018. On January 8—more than five weeks after the Court's deadline—PHI finally provided a portion of the required information in a letter. However, that was inadequate for many reasons. (Powell Decl., Ex. 12).

First, PHI should have supplemented its responses by the Court's deadline. (*See* Powell Decl., Ex. 6 at 79:1-2.)

Second, PHI's letter failed to comply with the Court's Order. With respect to RFP Nos. 40, 45, 46, 56, 69, 72, 79, 94-96, 97-99, 107, 108, and 111, PHI claims it does not need to comply with the Court's Order because the requests are vague. (Powell Decl., Ex. 12, at 3.) This violates the Court's Order and was addressed at the prior hearing. These are requests where PHI identified specific documents to produce or the Court ordered PHI to produce specific documents. Thus, PHI must supplement its answers to state that it searched for

---

[8] For example, PHI's response to RFP No. 42 states: "See PHI's fax logs. These documents will be produced subject to the parties' agreement to a protective order." PHI could comply with the Court's Order by supplementing its response to state: "PHI conducted a reasonable search for its fax logs and produced all non-privileged documents that it found."

the documents and produced everything it found. (Powell Decl., Ex. 6 at 82: 2-14.) PHI provided some of the required information for RFP Nos. 41, 42, 48-52, 93. 97, and 103, but violated the Court's Order by failing to state that it produced everything it found. (*Id.*)

PHI's failure to follow the Court's Order has prejudiced Masimo. As documented in Section II(C)(1) of this Joint Stipulation, PHI has repeatedly withheld important documents, in this and other cases. Without confirmation that PHI searched for and produced all of the documents it should have produced, Masimo has no way of knowing if PHI is withholding additional documents.

For each of these RFPs, the Court should grant Masimo's motion and order PHI to conduct an adequate search and supplement its answers with the following text: "PHI conducted a reasonable search for [category of documents PHI agreed to produce or was ordered to produce] and produced all non-privileged documents that it found."

The Court should also impose sanctions for PHI's willful violation of its order. *See* Federal Rule of Civil Procedure 37(b)(2)(C).

**2. <u>PHI's Response</u>**

The only apparent dispute between the parties regarding this issue results from Masimo's persistent effort to compel PHI to make some sort of certification that it has produced all of the documents in PHI's possession, custody, or control relative to each of its Masimo's 111 document requests. This Court recognized two problems in declining this demand at the initial hearing: *i.e.,* (1) "I don't know of a rule that requires an attorney to provide [such] a certification"; and (2) "I just have a hard time making an order that requires them to say that they have searched for all responsive documents when all responsive documents to these categories is incredibly broad." (11.14.2018 Hearing Transcript, p. 77).

Instead of requiring the certification demanded by Masimo, this Court instructed PHI to Joint Stipulation"do your best to try to identify the category of documents you are producing, right? . . . . You are free to identify that category however in your own mind you came to it and say that the – you have looked for and these are all of the documents, okay?" (11.14.2018 Hearing Transcript, p. 82). In the parties' initial conference after the hearing to discuss how specifically PHI could satisfy this requirement, Masimo insisted that "PHI [had] agreed to review each RFP and (1) identify the category of documents it was producing, (2) state that it looked for that category of documents, and (3) state that it produced all of those documents." (12/12/2018 Letter from Adam Powell, p. 3)(*internal quotations omitted).* Aside from recasting Masimo's demand as an agreement by PHI – which PHI immediately disputed – this was not meaningfully different from what Masimo had requested at the hearing and this Court had declined to require. As a result, and in an effort to comply with Masimo's request and the Court's instruction on this issue, PHI provided the following disclosure in its correspondence of January 8, 2019:

> I disagree with your characterization of our discussion in your letter dated December 12, 2018 [and again in January 7, 2019]. We have not agreed to "identify the category" of documents PHI searched relative to each document request and then "state" that PHI has searched or is producing "all of those documents." On the contrary, as you and I have discussed and I articulated to the Court, the vast majority of Masimo's document requests did not identify any particular category of document in the possession of PHI that could be searched such as PHI's phone bills, the deposition transcripts of PHI employees, *etc.* As such, PHI cannot identify a specific category of documents that it searched relative to each of the requests. Instead, the documents listed as responsive to respective requests were identified through

discussions with representative(s) of PHI followed by a review of documents that were, with a few exceptions, already in the possession of counsel for PHI. That is true with respect to each of the following document requests: RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 32, 33, 34, 36, 37, 38, 39, 40, 43, 44, 45, 46, 47, 56, 57, 60, 61, 62, 68, 69, 72, 79, 94, 95, 96, 98, 99, 102, 107, 108, 109, 110, and 111.

In contrast, RFP Nos. 41, 42, 48, 49, 50, 51, 52, 75, 93, 97, and 103 did describe categories of documents with reasonable specificity. RFP Nos. 41 and 75 described the faxes PHI received depicting Masimo products, which PHI reviewed and has produced. RFP Nos. 42, 49, 50, and 51 described the fax activity reports of PHI, which PHI reviewed and produced, subject to the limitations expressed in the responses. RFP No. 48 described the user's manual and other documents concerning the operation of the Cannon Image Runner device that PHI used to receive faxes, which PHI had previously searched for and produced for previous cases. RFP No. 52 described PHI's phone bills, which PHI searched for and produced subject to the limitations expressed in the response. Setting aside the vague addenda, RFP Nos. 93 and 97 described PHI's discovery responses in other JFPA cases, which PHI searched for and has produced. RFP No. 103 described PHI's policy and procedural manuals, which PHI had searched for and produced for previous cases.

As to RFP Nos. 14, 15, 16, 19, 29, 30, 31, 58, 59, 63, 64, 65, 66, 67, 71, 76, 100, 101, 104, 105, and 106, PHI was unable to identify any documents (or categories of documents) in its possession, custody, or control that would be responsive to those requests or objected to the request without identifying any responsive documents.

Finally, as to RFP Nos. 77 and 78, while these requests did not describe specific documents with any particularity, all of the deposition transcripts of PHI's

> employees (including, in particular, the deposition transcripts of Jose Martinez) may be responsive to these requests but were not initially listed as responsive. PHI has searched for and produced all such transcripts in its possession, custody, or control.

Masimo has not explained how this statement did not comply with the Court's order/instruction or offered to meet-and-confer to further discuss the issue. Instead, it is once again insisting that PHI provide a certification the federal rules do not require and would be a practical impossibility for PHI to provide under the circumstances in this case. The Court has already heard extensive argument on this issue and declined to order PHI to make any such certification. There is no cause to revisit that decision.

Additionally, Federal Civil Rule 34(b)(1) requires a request for production of documents to "describe with reasonable particularity" what documents are being sought. Masimo seeks to benefit from having failed to do so by requiring PHI to cabin the vague descriptions in Masimo's document requests into some identifiable category of documents that could feasibly be searched. Neither PHI nor this Court has any obligation to rewrite or otherwise limit Masimo's overly broad requests. *See Unilin Beheer B.V. v. NSL Trading Corp.*, 2015 U.S. Dist. LEXIS 192143, at *10 (C.D. Cal. Feb. 27, 2015)("the court is not obligated to impose limiting constructions on [discovery requests] that are overbroad, vague, or seek irrelevant information, but may simply deny the request to compel further responses." ); *see also Cabessa v. Burbank Blvd Apartments Owner, LLC*, 2015 U.S. Dist. LEXIS 174797, at *9 (C.D. Cal. Dec. 9, 2015)("Overly broad and unduly burdensome [discovery requests] are an abuse of the discovery process and are routinely denied.")*(internal quotation and citation omitted)*. Accordingly, this Court should decline to order PHI to state what category of documents each of Masimo's document requests describe

/ / /

or provide a certification that it has searched for and produced every document that could possibly fall within such categories.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 14, 2019

By: /s/ *Adam B. Powell*
Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Stephen Larson
Adam B. Powell

Attorneys for Defendants
MASIMO CORPORATION and
MASIMO AMERICAS, INC.

ANDERSON + WANCA

Dated: February 14, 2019

By: */s/ Matthew E. Stubbs (with permission)*
Brian J. Wanca
Ryan M. Kelly
Glenn Hara
Matthew E. Stubbs

Attorneys for Plaintiff,
PHYSICIANS HEALTHSOURCE, INC.

29945766