Ben J. Meiselas (SBN 277412)
meiselas@geragos.com
GERAGOS & GERAGOS
644 South Figueroa Street
Los Angeles, CA 90017-3411
Phone: (213) 625-3900
Fax: (213) 625-1600

Brian J. Wanca
bwanca@andersonwanca.com
Ross M. Good
rgood@andersonwanca.com
Glenn Hara
ghara@andersonwanca.com
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501

Matthew E. Stubbs
mstubbs@mrjlaw.com
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Phone: (513) 241-4722
Fax: (513) 241-8775

Attorneys for Plaintiff
PHYSICIANS HEALTHSOURCE, INC. and the Proposed Class

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION, et al. <br><br> Defendants. | Case No. 8:14-cv-00001 JVS (ANx) <br><br> Judge James V. Selna <br> Mag. Judge Autumn D. Spaeth <br><br> **DECLARATION OF ROSS M. GOOD IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD ADDITIONAL PARTY PLAINTIFF** <br><br> **HEARING:** <br><br> Date: March 11, 2019 <br> Time: 1:30 p.m. <br> Ctrm: 10C |

1

2

3 I, Ross M. Good, declare as follows:

4      1.      I have been litigating claims involving unsolicited advertisements

5 under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C.

6 § 227, since 2013, and have litigated many such cases in that time. I have

7 personal knowledge of the matters set forth in this declaration and, if called

8 upon as a witness, would testify competently thereto.

9      2.      Starting on June 21, 2018, Masimo began claiming fax

10 advertisements exist separate and apart from the two faxes Plaintiff alleges

11 Masimo sent to it ("Masimo's Premise").

12      3.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of email

13 correspondence dated July 27, 2018 from Plaintiff's Counsel to Masimo's

14 Counsel.

15      4.      Attached hereto as <u>Exhibit B</u> is a true and correct copy of the

16 Notice of Deposition of Shanta Fisher that was served on Masimo's Counsel on

17 July 31, 2018.

18      5.      Attached hereto as <u>Exhibit C</u> is a true and correct copy of email

19 correspondence dated July 31, 2018 from Masimo's Counsel to Plaintiff's

20 Counsel.

21      6.      Attached hereto as <u>Exhibit D</u> is a true and correct copy of email

22 correspondence dated August 2, 2018 from Plaintiff's Counsel to Masimo's

23 Counsel.

24      7.      Attached hereto as <u>Exhibit E</u> is a true and correct copy of email

25 correspondence dated August 7, 2018 from Plaintiff's Counsel to Masimo's

26 Counsel.

27      8.      No confidential material was produced to Plaintiff's Counsel prior

28 to December 21, 2018.

-1-

9.     Attached hereto as <u>Exhibit F</u> is a true and correct copy of email correspondence dated January 7, 2019 from Plaintiff's Counsel to Masimo's Counsel.

10.     On January 8, 2019, Masimo produced over 3,600 pages of non-public documents responsive to Plaintiff's Requests For Production.

11.     On January 11, 2019, I met and conferred telephonically with Masimo's Counsel twice regarding Masimo's intention to file a Motion for Review of Magistrate Judge Spaeth's January 4, 2019 Order and Masimo's position on whether to file a Joint Stipulation requesting to amend scheduling deadlines. During our calls, I asked Masimo's Counsel whether Masimo would be seeking to stay enforcement of Magistrate Judge Spaeth's January 4, 2019 Order. Masimo's Counsel stated that Masimo had not yet made a decision on whether to seek to stay enforcement of Magistrate Judge Spaeth's January 4, 2019 Order.

12.     On January 14, 2019, I met and conferred telephonically with Masimo's Counsel regarding a Joint Stipulation requesting to amend scheduling deadlines. During this call Masimo's Counsel informed me that Masimo was contemplating adding one or more parties and wanted to extend the January 21, 2019 deadline for adding parties.

13.     Attached hereto as <u>Exhibit G</u> is a true and correct copy of email correspondence between Plaintiff's Counsel and Masimo's Counsel from January 7-17, 2019.

14.     On January 16, 2019, Masimo served a 45 page document containing its Supplemental Responses to Plaintiff's First Set of Interrogatories. Masimo labeled each page of this document as confidential.

15.     On January 22, 2019, SK&A produced its response to Plaintiff's Subpoena.

16.     Attached hereto as <u>Exhibit H</u> is a true and correct copy of the Notice of Deposition of Shanta Fisher, Gary Marston, Lisa Belodoff and Michelle Hsu that was served on Masimo's Counsel on January 26, 2019.

17.     As part of my preparations for these depositions, I reviewed Masimo's January 8, 2019 Production of Documents, Masimo's January 16, 2019 Supplemental Responses to Plaintiff's First Set of Interrogatories, and SK&A's January 22, 2019 response to Plaintiff's Subpoena. On or about February 15, 2019, I completed my review of said documents.

18.     As a result of my review, I have reason to doubt Masimo's Premise.

19.     I informed the Court of my doubt regarding Masimo's Premise at the February 25, 2019 hearing.

20.     After being asked to respond to Plaintiff's doubts regarding Masimo's Premise, Masimo's Counsel was unable to coherently state whether Masimo's Premise is true.

21.     As of the signing of this declaration, Masimo has not informed Plaintiff whether it still believes Masimo's Premise.

22.     Attached hereto as <u>Exhibit I</u> is a true and correct copy of email correspondence dated February 14, 2019 from Masimo's Counsel to Plaintiff's Counsel.

23.     Attached hereto as <u>Exhibit J</u> is a true and correct copy of email correspondence dated February 15, 2019 from Plaintiff's Counsel to Masimo's Counsel.

24.     To date, Plaintiff's Counsel has not received any documentation demonstrating the unavailability of any of the four Masimo employees for deposition.

25.   Attached hereto as <u>Exhibit K</u> is a true and correct copy of correspondence dated February 22, 2019 from Masimo's Counsel to Plaintiff's Counsel.

26.   To date, I have not received any available deposition dates for any of the four Masimo employees. Masimo has not taken a single deposition in this case.

27.   To date, SK&A has not produced transmission lists in this case.

28.   To date, Masimo has not produced transmission lists in this case.

29.   To date, there have been no transmission lists produced by any party or non-party in this case.

30.   Attached hereto as <u>Exhibit L</u> is a true and correct copy of correspondence dated February 26, 2019 from Plaintiff's Counsel to Masimo's Counsel.

31.   Attached hereto as <u>Exhibit M</u> is a true and correct copy of email correspondence dated July 12, 2018 from Masimo's Counsel to Plaintiff's Counsel.

 I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 26, 2019                    <u>s/ Ross M. Good</u>

**EXHIBIT A**

**Subject:** Physicians Healthsource v Masimo - DEP of Shanta Fisher
**From:** Ross Good <rgood@andersonwanca.com>
**Date:** 7/27/2018, 9:29 AM
**To:** "Ben.Katzenellenbogen" <Ben.Katzenellenbogen@knobbe.com>
**CC:** Brian Wanca <bwanca@andersonwanca.com>, Ryan Kelly <rkelly@andersonwanca.com>, Glenn Hara <ghara@andersonwanca.com>, Michelle Osborn <mosborn@andersonwanca.com>, "mark@geragos.com" <mark@geragos.com>, "meiselas@geragos.com" <meiselas@geragos.com>, Matt Stubbs <MStubbs@mrjlaw.com>, "Steve.Jensen" <Steve.Jensen@knobbe.com>, "Joe.Re" <Joe.Re@knobbe.com>, "Stephen.Larson" <Stephen.Larson@knobbe.com>, "Adam.Powell" <Adam.Powell@knobbe.com>, Forrest McClellen <Forrest.McClellen@knobbe.com>, "Consuelo.Durand" <Consuelo.Durand@knobbe.com>, "Lisa.Luongo" <Lisa.Luongo@knobbe.com>

Ben,
Please provide available dates in the second half of August for the deposition of Shanta Fisher and your preferred location for the deposition if you have one. Please provide no later than Tuesday July 31, 2018.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phones
(847) 368-1501 - Office Fax

**EXHIBIT B**

Brian J. Wanca
bwanca@andersonwanca.com
Ryan M. Kelly
rkelly@andersonwanca.com
Glenn Hara
ghara@andersonwanca.com
Ross M. Good
rgood@andersonwanca.com
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368- 1500
Fax: 847-368-1501
*[Pro Hac Vice]*

Matthew E. Stubbs
mstubbs@mrjlaw.com
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, suite 2100
Cincinnati, Ohio 45202
Phone (513)241-4722
Fax: (513)241-8775

Counsel for Plaintiff and the Proposed Class

MARK J. GERAGOS S.B.N. 108325
BEN.J. MEISELAS S.B.N. 277412
GERAGOS & GERAGOS
644 South Figueroa Street
Los Angeles, California  90017-3411
Telephone: (213) 625-3900
Facsimile: (213) 625-1600
mark@geragos.com
meiselas@geragos.com

Local Counsel for Plaintiff and the Proposed Class

*Left margin:* ANDERSON + WANCA 3701 Algonquin Road, Suite 500 Rolling Meadows, IL  60008 (847)368-1500

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                    Plaintiff,<br><br>          v.<br><br>MASIMO CORPORATION and MASIMO AMERICAS, INC.,<br><br>                    Defendants. | **Case No.  8:14-cv-00001**<br><br><br>**PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF SHANTA FISHER** |

1

1    **PLEASE TAKE NOTICE** that Plaintiff, PHYSICIANS HEALTHSOURCE, INC. through

2    its undersigned attorneys, will take the telephonic deposition by oral examination, of the following:

3    <u>DOPONENT:</u>          <u>DATE and TIME:</u>          <u>LOCATION:</u>

4    Shanta Fisher          August 21, 2018          Dokich Court Reporters
                            10:00 A.M.               19712 MacArthur Blvd.
5                                                    Suite #100
                                                     Irvine, CA 92612
6

7    before a certified shorthand reporter, who is not of counsel to any of the parties or interested in the

8    event of the cause.  This deposition is being taken for the purpose of discovery, for use at trial, or

9    for such other purposes as are permitted under the Federal Rules of Civil Procedure.

10

11   Dated:  July 31, 2018          ANDERSON + WANCA

12

13                                 _____
                                   Ross M. Good *(Pro Hac Vice)*
14                                 Ryan M. Kelly (*Pro Hac Vice*)
                                   Brian J. Wanca (*Pro Hac Vice*)
15
                                   *Counsel for Plaintiff*
16

17   **TO:** Stephen C. Jensen, Jon W. Gurka, Benjamin A. Katzenellenbogen

18        Knobbe, Martens, Olson & Bear LLP
          2040 Main Street, Fourteenth Floor
19        Irvine, CA 92614
          Fax: 949-760-9502
20        Email: steve.jensen@knobbe.com, jon.gurka@knobbe.com,
               ben.katzenellenbogen@knobbe.com
21

22

23

24

25

26

27

28

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
(847)368-1500

2

## CERTIFICATE OF SERVICE

I, the undersigned, state that on July 31, 2018, I served a true and correct copy of this *Notice of Taking Deposition* on the parties listed above, via:

| | |
|---|---|
| X | U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the address listed below |
| ☐ | Overnight delivery to the address listed below. |
| ☐ | Facsimile machine from Rolling Meadows, IL, to the telephone number listed below |
| X | Electronic Mail to the email address(es) listed below |

_____

Ross M. Good

Brian J. Wanca *(PHV admitted)*
Ross M. Good*(PHV admitted)*
Ryan M. Kelly*(PHV admitted)*
Glenn Hara*(PHV admitted)*
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
E-mail:  bwanca@andersonwanca.com
rgood@andersonwanca.com
rkelly@andersonwanca.com
ghara@andersonwanca.com

Matthew E. Stubbs *(PHV admitted)*
Montgomery, Rennie & Jonson
36 East Seventh Street, Suite 2100
Cincinnati, OH 45202
Telephone: 513-241-4722

Mark J. Geragos
Shelley Kaufman
Ben J. Meiselas
GERAGOS & GERADOS
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: 213-625-3900

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
(847)368-1500

**EXHIBIT C**

**Subject:** RE: Physicians Healthsource v Masimo - DEP of Shanta Fisher
**From:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Date:** 7/31/2018, 8:08 PM
**To:** Ross Good <rgood@andersonwanca.com>
**CC:** Brian Wanca <bwanca@andersonwanca.com>, Ryan Kelly <rkelly@andersonwanca.com>, Glenn Hara <ghara@andersonwanca.com>, Michelle Osborn <mosborn@andersonwanca.com>, "mark@geragos.com" <mark@geragos.com>, "meiselas@geragos.com" <meiselas@geragos.com>, Matt Stubbs <MStubbs@mrjlaw.com>, Steve.Jensen <Steve.Jensen@knobbe.com>, Joe.Re <Joe.Re@knobbe.com>, Stephen.Larson <Stephen.Larson@knobbe.com>, Adam.Powell <Adam.Powell@knobbe.com>, Forrest McClellen <Forrest.McClellen@knobbe.com>, Consuelo.Durand <Consuelo.Durand@knobbe.com>, Lisa.Luongo <Lisa.Luongo@knobbe.com>

Ross,

Your email below asked for a response regarding Ms. Fisher by today, but it appears Plaintiff decided to serve a notice of deposition before receiving our response and before the end of the day.  As Plaintiff elected to file suit in the Central District of California, we think it is reasonable to give us at least until the end of the day Pacific time to respond to requests.

It does not make sense for the parties to schedule Ms. Fisher's deposition before the Court determines the potential scope of that deposition (including by ruling on Masimo's pending issue preclusion Motion), or before the parties (or the Court) determine whether Plaintiff's counsel may access confidential information, or before Masimo can produce documents about which Ms. Fisher may be questioned -- the timing of which depends on resolution of the first two issues.  Masimo will not produce Mr. Fisher for a second deposition, and we assume Plaintiff will want to have the documents that potentially relate to her deposition before taking her deposition.

As soon as the Court determines whether Plaintiff may pursue class discovery, the extent to which Plaintiff's counsel may have access to confidential information, and Masimo can produce documents that may potentially relate to Ms. Fisher's deposition, we will work with you to schedule Ms. Fisher's deposition for a convenient date and time in our office in Irvine.

To facilitate those efforts, please let us know if you have an estimate as to long you anticipate the deposition taking.

-Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

## Knobbe Martens

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Friday, July 27, 2018 9:29 AM
**To:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Cc:** Brian Wanca <bwanca@andersonwanca.com>; Ryan Kelly <rkelly@andersonwanca.com>; Glenn Hara <ghara@andersonwanca.com>; Michelle Osborn <mosborn@andersonwanca.com>; mark@geragos.com; meiselas@geragos.com; Matt Stubbs <MStubbs@mrjlaw.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Forrest McClellen <Forrest.McClellen@knobbe.com>; Consuelo.Durand <Consuelo.Durand@knobbe.com>; Lisa.Luongo <Lisa.Luongo@knobbe.com>
**Subject:** Physicians Healthsource v Masimo - DEP of Shanta Fisher

Ben,

Please provide available dates in the second half of August for the deposition of Shanta Fisher and your
preferred location for the deposition if you have one. Please provide no later than Tuesday July 31, 2018.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phones
(847) 368-1501 - Office Fax

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please
contact the sender by reply email and destroy all copies of the original message.

**EXHIBIT D**

**Subject:** Re: Physicians Healthsource v Masimo - DEP of Shanta Fisher
**From:** Ross Good <rgood@andersonwanca.com>
**Date:** 8/2/2018, 9:21 AM
**To:** "Ben.Katzenellenbogen" <Ben.Katzenellenbogen@knobbe.com>
**CC:** Brian Wanca <bwanca@andersonwanca.com>, Ryan Kelly <rkelly@andersonwanca.com>, Glenn Hara <ghara@andersonwanca.com>, Michelle Osborn <mosborn@andersonwanca.com>, "mark@geragos.com" <mark@geragos.com>, "meiselas@geragos.com" <meiselas@geragos.com>, Matt Stubbs <MStubbs@mrjlaw.com>, "Steve.Jensen" <Steve.Jensen@knobbe.com>, "Joe.Re" <Joe.Re@knobbe.com>, "Stephen.Larson" <Stephen.Larson@knobbe.com>, "Adam.Powell" <Adam.Powell@knobbe.com>, Forrest McClellen <Forrest.McClellen@knobbe.com>, "Consuelo.Durand" <Consuelo.Durand@knobbe.com>, "Lisa.Luongo" <Lisa.Luongo@knobbe.com>

Ben,
The Court Order Setting Case Management Dates (Doc. 65) set April 1, 2019 as the deadline for non-expert discovery and the last day for Plaintiff to file Motion for Class Certification is February 4, 2019. On June 20, 2018, Defendants served their Responses to Plaintiff's First Set of Interrogatories, Requests for Admissions and Requests for Production. To date, you have not obtained a stay of discovery in this case from the Court. To the extent you wish to request a stay of discovery from the Court, Plaintiff objects. To the extent you wish to request a protective order from the Court to limit the scope of the deposition of Shanta Fisher, Plaintiff objects. Plaintiff of course will comply with any order issued from the Court. However, your position in effect overrules the Court's Case Management Order and to that we object

In an effort to reach agreement and avoid the necessity of you seeking relief from the Court, Plaintiff will agree to schedule the deposition of Shanta Fisher to take place after the August 20, 2018 hearing so you can raise any issues you want at that hearing. I suggest August 21, 2018. What date works best for you and Shanta Fisher?

If the need for a second deposition of any witness arises, the Court will determine what is appropriate. You have refused to produce documents that may potentially relate to Shanta Fisher's deposition. If a second deposition of Shanta Fisher becomes necessary because documents are wrongfully withheld, I may seek fees and costs incurred in taking a second deposition of the witness. I will not provide an estimate as to how long I anticipate the deposition taking until such time as the documents that may potentially relate to Shanta Fisher's deposition are produced.


--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phones
(847) 368-1501 - Office Fax


On Tue, Jul 31, 2018 at 10:08 PM Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com> wrote:

> Ross,

Your email below asked for a response regarding Ms. Fisher by today, but it appears Plaintiff decided to serve a notice of deposition before receiving our response and before the end of the day. As Plaintiff elected to file suit in the Central District of California, we think it is reasonable to give us at least until the end of the day Pacific time to respond to requests.

It does not make sense for the parties to schedule Ms. Fisher's deposition before the Court determines the potential scope of that deposition (including by ruling on Masimo's pending issue preclusion Motion), or before the parties (or the Court) determine whether Plaintiff's counsel may access confidential information, or before Masimo can produce documents about which Ms. Fisher may be questioned -- the timing of which depends on resolution of the first two issues. Masimo will not produce Mr. Fisher for a second deposition, and we assume Plaintiff will want to have the documents that potentially relate to her deposition before taking her deposition.

As soon as the Court determines whether Plaintiff may pursue class discovery, the extent to which Plaintiff's counsel may have access to confidential information, and Masimo can produce documents that may potentially relate to Ms. Fisher's deposition, we will work with you to schedule Ms. Fisher's deposition for a convenient date and time in our office in Irvine.

To facilitate those efforts, please let us know if you have an estimate as to long you anticipate the deposition taking.

-Ben

**Ben Katzenellenbogen**

Partner

949-721-6374 **Direct**

# Knobbe Martens

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Friday, July 27, 2018 9:29 AM
**To:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Cc:** Brian Wanca <bwanca@andersonwanca.com>; Ryan Kelly <rkelly@andersonwanca.com>; Glenn Hara <ghara@andersonwanca.com>; Michelle Osborn <mosborn@andersonwanca.com>; mark@geragos.com; meiselas@geragos.com; Matt Stubbs <MStubbs@mrjlaw.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Adam.Powell <Adam.Powell@knobbe.com>; Forrest McClellen <Forrest.McClellen@knobbe.com>; Consuelo.Durand <Consuelo.Durand@knobbe.com>; Lisa.Luongo <Lisa.Luongo@knobbe.com>
**Subject:** Physicians Healthsource v Masimo - DEP of Shanta Fisher

Ben,

Please provide available dates in the second half of August for the deposition of Shanta Fisher and your preferred location for the deposition if you have one. Please provide no later than Tuesday July 31, 2018.

Thanks

--

Ross Good

Anderson + Wanca

3701 Algonquin Rd., Suite 500

Rolling Meadows, IL 60008

rgood@andersonwanca.com - EMail

(847) 350-9861 - Direct Line

(847) 350-9861 - Direct Fax

(847) 368-1500 - Office Phones

(847) 368-1501 - Office Fax

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

2/25/2019, 9:15 PM

**EXHIBIT E**

**Subject:** Re: Physicians Healthsource v Masimo - DEP of Shanta Fisher
**From:** Ross Good <rgood@andersonwanca.com>
**Date:** 8/7/2018, 1:45 PM
**To:** "Ben.Katzenellenbogen" <Ben.Katzenellenbogen@knobbe.com>, "Steve.Jensen" <Steve.Jensen@knobbe.com>, "Adam.Powell" <Adam.Powell@knobbe.com>, "Joe.Re" <Joe.Re@knobbe.com>, "Consuelo.Durand" <Consuelo.Durand@knobbe.com>, Forrest McClellen <Forrest.McClellen@knobbe.com>, "Lisa.Luongo" <Lisa.Luongo@knobbe.com>, "Stephen.Larson" <Stephen.Larson@knobbe.com>
**CC:** Brian Wanca <bwanca@andersonwanca.com>, Ryan Kelly <rkelly@andersonwanca.com>, Glenn Hara <ghara@andersonwanca.com>, Michelle Osborn <mosborn@andersonwanca.com>, "mark@geragos.com" <mark@geragos.com>, "meiselas@geragos.com" <meiselas@geragos.com>, Matt Stubbs <MStubbs@mrjlaw.com>


Ben,
Since you have refused to agree to the deposition of Shanta Fisher on August 21, I am hereby formally withdrawing my Notice of Deposition.

You have not yet provided any alternative dates for Shanta Fisher's deposition. Please provide dates no later than August 10, 2018. This letter is written pursuant to Local Rules 37-1 and 37-4. I would like to meet and confer as to this issue no later than Friday, August 10. Please advise as to your earliest availability to discuss this.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phones
(847) 368-1501 - Office Fax


On Thu, Aug 2, 2018 at 11:21 AM Ross Good <rgood@andersonwanca.com> wrote:

Ben,
The Court Order Setting Case Management Dates (Doc. 65) set April 1, 2019 as the deadline for non-expert discovery and the last day for Plaintiff to file Motion for Class Certification is February 4, 2019. On June 20, 2018, Defendants served their Responses to Plaintiff's First Set of Interrogatories, Requests for Admissions and Requests for Production. To date, you have not obtained a stay of discovery in this case from the Court. To the extent you wish to request a stay of discovery from the Court, Plaintiff objects. To the extent you wish to request a protective order from the Court to limit the scope of the deposition of Shanta Fisher, Plaintiff objects. Plaintiff of course will comply with any order issued from the Court. However, your position in effect overrules the Court's Case Management Order and to that we object

In an effort to reach agreement and avoid the necessity of you seeking relief from the Court, Plaintiff will agree to schedule the deposition of Shanta Fisher to take place after the August 20, 2018 hearing so you can raise any issues you want at that hearing. I suggest August 21, 2018. What date works best for you and Shanta Fisher?

If the need for a second deposition of any witness arises, the Court will determine what is appropriate. You have refused to produce documents that may potentially relate to Shanta Fisher's deposition. If a second deposition of Shanta Fisher becomes necessary because documents are wrongfully withheld, I may seek fees and costs incurred in taking a second deposition of the witness. I will not provide an estimate as to how long I anticipate the deposition taking until such time as the documents that may potentially relate to Shanta Fisher's deposition are produced.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phones
(847) 368-1501 - Office Fax

On Tue, Jul 31, 2018 at 10:08 PM Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
wrote:

> Ross,
>
>
> Your email below asked for a response regarding Ms. Fisher by today, but it appears Plaintiff decided to serve a
> notice of deposition before receiving our response and before the end of the day.  As Plaintiff elected to file suit
> in the Central District of California, we think it is reasonable to give us at least until the end of the day Pacific time
> to respond to requests.
>
>
> It does not make sense for the parties to schedule Ms. Fisher's deposition before the Court determines the
> potential scope of that deposition (including by ruling on Masimo's pending issue preclusion Motion), or before
> the parties (or the Court) determine whether Plaintiff's counsel may access confidential information, or before
> Masimo can produce documents about which Ms. Fisher may be questioned -- the timing of which depends on
> resolution of the first two issues.  Masimo will not produce Mr. Fisher for a second deposition, and we assume
> Plaintiff will want to have the documents that potentially relate to her deposition before taking her deposition.
>
>
> As soon as the Court determines whether Plaintiff may pursue class discovery, the extent to which Plaintiff's
> counsel may have access to confidential information, and Masimo can produce documents that may potentially
> relate to Ms. Fisher's deposition, we will work with you to schedule Ms. Fisher's deposition for a convenient date
> and time in our office in Irvine.
>
>
> To facilitate those efforts, please let us know if you have an estimate as to long you anticipate the deposition
> taking.

-Ben


**Ben Katzenellenbogen**

Partner

<u>949-721-6374</u> **Direct**

## Knobbe Martens


**From:** Ross Good <<u>rgood@andersonwanca.com</u>>
**Sent:** Friday, July 27, 2018 9:29 AM
**To:** Ben.Katzenellenbogen <<u>Ben.Katzenellenbogen@knobbe.com</u>>
**Cc:** Brian Wanca <<u>bwanca@andersonwanca.com</u>>; Ryan Kelly <<u>rkelly@andersonwanca.com</u>>; Glenn Hara
<<u>ghara@andersonwanca.com</u>>; Michelle Osborn <<u>mosborn@andersonwanca.com</u>>; <u>mark@geragos.com</u>;
<u>meiselas@geragos.com</u>; Matt Stubbs <<u>MStubbs@mrjlaw.com</u>>; Steve.Jensen <<u>Steve.Jensen@knobbe.com</u>>;
Joe.Re <<u>Joe.Re@knobbe.com</u>>; Stephen.Larson <<u>Stephen.Larson@knobbe.com</u>>; Adam.Powell
<<u>Adam.Powell@knobbe.com</u>>; Forrest McClellen <<u>Forrest.McClellen@knobbe.com</u>>; Consuelo.Durand
<<u>Consuelo.Durand@knobbe.com</u>>; Lisa.Luongo <<u>Lisa.Luongo@knobbe.com</u>>
**Subject:** Physicians Healthsource v Masimo - DEP of Shanta Fisher


Ben,

Please provide available dates in the second half of August for the deposition of Shanta Fisher
and your preferred location for the deposition if you have one. Please provide no later than
Tuesday July 31, 2018.


Thanks


--

Ross Good

Anderson + Wanca

<u>3701 Algonquin Rd., Suite 500</u>

<u>Rolling Meadows, IL 60008</u>

<u>rgood@andersonwanca.com</u> - EMail

(847) 350-9861 - Direct Line

(847) 350-9861 - Direct Fax

(847) 368-1500 - Office Phones

(847) 368-1501 - Office Fax

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**EXHIBIT F**

# ANDERSON + WANCA

**ATTORNEYS AT LAW**

3701 ALGONQUIN ROAD, SUITE 500, ROLLING MEADOWS, IL 60008
TEL: (847) 368-1500 * FAX: (847) 368-1501
EMAIL: BUSLIT@ANDERSONWANCA.COM

January 7, 2019

***Via email transmission to Adam.Powell@knobbe.com***

Adam Powell
Benjamin A. Katzenellenbogen
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

Re:   <u>Physicians Healthsource, Inc. v. Masimo Corporation, et al.</u>
      Case No. 8:14-cv-00001

Dear Adam,

On May 21, 2018, Plaintiff served its Requests for Production of Documents and Interrogatories on Masimo. Masimo refused to fully comply with these requests until the Court entered a Protective Order. On December 21, 2018, Judge Spaeth entered the Protective Order regarding designation of documents produced in this case. (Doc. 123). Thereafter, on January 4, 2019, Judge Spaeth ordered that Masimo "should now produce responsive documents" and declined Masimo's request to narrow the scope of discovery. (Doc. 126). This letter is written in the hopes of expediting production of your discovery responses and avoiding further unnecessary judicial intervention, pursuant to Local Rules 37-1 through 37-4.

## 1.   <u>Masimo "should now produce responsive documents"</u>

Masimo should produce responsive documents immediately. Plaintiff would like to discuss this matter with you at your earliest convenience if you believe it is necessary. Currently, Plaintiff's Motion for Class Certification is due February 4, 2019 and requires these documents to file its motion. (Doc. 65). The deadline for non-expert discovery is April 1, 2019 and expert discovery is July 8, 2019. Plaintiff intends to file a Motion before the Court to extend these dates. Specifically, Plaintiff will ask the Court to extend the non-expert discovery and Class Certification deadlines to July 8, 2019 to match the deadline for expert discovery. Does Masimo have an objection to Plaintiff's request?

When will Masimo produce the requested documents and amend Masimo's Interrogatory responses? I am available to discuss if necessary. Please let me know your availability.

January 7, 2019
Page 2 of 2

### 2. <u>Deposition of Shanta Fisher</u>

Please provide dates for your employee, Shanta Fisher, and produce all relevant documents regarding Shanta Fisher and her knowledge regarding this matter. To date, Masimo has refused to produce Shanta Fisher, the only Masimo employee identified with knowledge.

### 3. <u>Masimo's Rule 26 Disclosures</u>

Masimo served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 28, 2018. To date, Masimo has not supplemented its disclosures with the identification of Shanta Fisher or any other individual or company with knowledge of Masimo's relevant conduct. Pursuant to Fed. R. Civ. P. 26(g)(1), an attorney who signs Initial Disclosures or discovery responses is certifying "to the best of the person's knowledge, information and belief formed after a reasonable inquiry . . . with respect to a disclosure, it is complete and correct at the time it is made . . . ." Fed. R. Civ. P. 26(g)(1)(A). If the certification violates Rule 26(g)(1), and is incomplete or incorrect, "the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id*. Please supplement immediately.

### 4. <u>Masimo's Evidence Regarding Plaintiff</u>

As you are undoubtedly aware, this Court granted Masimo's Motion to Stay (Doc. 47) because of your assertion that you had prior express invitation or permission from Plaintiff. Plaintiff has repeatedly requested you produce your evidence in support of this position. Plaintiff specifically requested that "[i]f you contend Plaintiff provided prior express permission or invitation in any way to receive any document sent by fax by, or on your behalf provide all documents that evidence such consent or with regard to such consent, how it was sought or obtained." (See Plaintiff's Request For Production No. 7). Documents responsive to this request should have been produced before Judge Spaeth's January 4, 2019 Order. Please provide any such evidence immediately.

Please respond no later than January 17, 2019.

Very truly yours,

ANDERSON + WANCA

*s/ Ross M. Good*
Ross M. Good

cc: All Counsel of Record

**EXHIBIT G**

**Subject:** RE: PHI v. Masimo - 1/7/2019 Correspondence
**From:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Date:** 1/17/2019, 3:31 PM
**To:** Ross Good <rgood@andersonwanca.com>
**CC:** Sue Fitzgerald <sfitzgerald@andersonwanca.com>, Matt Stubbs <MStubbs@mrjlaw.com>, "meiselas@geragos.com" <meiselas@geragos.com>, Brian Wanca <bwanca@andersonwanca.com>, Consuelo Durand <Consuelo.Durand@knobbe.com>, Forrest McClellen <Forrest.McClellen@knobbe.com>, Glenn Hara <ghara@andersonwanca.com>, Joe.Re <Joe.Re@knobbe.com>, Lisa.Luongo <Lisa.Luongo@knobbe.com>, Mark Geragos <mark@geragos.com>, Ryan Kelly <rkelly@andersonwanca.com>, Stephen.Larson <Stephen.Larson@knobbe.com>, Steve.Jensen <Steve.Jensen@knobbe.com>, Michelle Osborn <mosborn@andersonwanca.com>, Adam.Powell <Adam.Powell@knobbe.com>


Ross,

You may sign for me and file.

-Ben


**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Thursday, January 17, 2019 1:14 PM
**To:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Cc:** Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Matt Stubbs <MStubbs@mrjlaw.com>; meiselas@geragos.com; Brian Wanca <bwanca@andersonwanca.com>; Consuelo.Durand <Consuelo.Durand@knobbe.com>; Forrest McClellen <Forrest.McClellen@knobbe.com>; Glenn Hara <ghara@andersonwanca.com>; Joe.Re <Joe.Re@knobbe.com>; Lisa.Luongo <Lisa.Luongo@knobbe.com>; Mark Geragos <mark@geragos.com>; Ryan Kelly <rkelly@andersonwanca.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Michelle Osborn <mosborn@andersonwanca.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
Please see attached final drafts. Please confirm we can insert your signature and file.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line

(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Thu, Jan 17, 2019 at 2:57 PM Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com> wrote:

> Ross, we can agree to the dates in your email, but they do not appear to be reflected in the draft documents
> you send. Can you have someone on your team address that and circulate clean copies with the dates in
> your email so I can review and approve?
>
> **Ben Katzenellenbogen**
> Partner
> Ben.Katzenellenbogen@knobbe.com
>
> 949-721-6374 **Direct**
>
> **Knobbe Martens**
> 2040 Main St., 14th Fl.
> Irvine, CA 92614
> www.knobbe.com/ben-katzenellenbogen
>
> On Jan 17, 2019, at 10:40 AM, Ross Good <rgood@andersonwanca.com> wrote:
>
>> Ben,
>> Thanks for talking to me just now. As discussed, I have modified the proposed drafts to reflect
>> deadlines of 4/1/2018 (last day to amend pleadings or add parties), 4/8/2019 (last day for
>> Plaintiff to file Motion for Class Certification) and 7/1/2019 (non-expert discovery cut-off).
>>
>> Please review with your team and advise if we have your approval to add your signature and
>> file.
>>
>> Thanks
>>
>> --
>> Ross Good
>> Anderson + Wanca
>> 3701 Algonquin Rd., Suite 500
>> Rolling Meadows, IL 60008
>> rgood@andersonwanca.com - EMail
>> (847) 350-9861 - Direct Line
>> (847) 350-9861 - Direct Fax
>> (847) 368-1500 - Office Phone
>> (847) 368-1501 - Office Fax
>>
>>
>> On Thu, Jan 17, 2019 at 9:12 AM Ross Good <rgood@andersonwanca.com> wrote:
>>
>>> Ben,
>>> Prior to last night's email we had agreed not to alter the sequence. I misread your proposed
>>> schedule wherein you change the sequence so that the last day to amend pleadings is now

the same as the last day for Plaintiff to file Motion for Class Certification. The current
schedule has the last day to amend pleadings two weeks before the last day for Plaintiff to
file Motion for Class Certification. Plaintiff proposes that we maintain the same sequence
which you said was so important. I am attaching a redline of your latest draft for your
review. Please check with your side and let me know if we have your permission to add
your signature and file.

I am available if you want to discuss.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Wed, Jan 16, 2019 at 11:58 PM Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com> wrote:

> Ross,
>
> Thanks. It looks like you inadvertently used plaintiff's original proposed dates instead of the
> dates we said we might be willing to agree to.
>
> Please review the attached simplified documents. I apologize that I was not able to provide
> redlines this evening. Please let us know if they are agreeable. Our modifications included
> editing the stipulation to more precisely reflect that the court had not previously granted any
> extensions.
>
> -Ben
>
> **Ben Katzenellenbogen**
> Partner
> (949) 721-6374 **Direct**
>
> **Knobbe Martens**
> INTELLECTUAL PROPERTY LAW
> **five decades. one focus.**
>
> **From:** Ross Good [mailto:rgood@andersonwanca.com]
> **Sent:** Wednesday, January 16, 2019 5:41 PM
> **To:** Ben.Katzenellenbogen
> **Cc:** Sue Fitzgerald; Matt Stubbs; meiselas@geragos.com; Brian Wanca; Consuelo.Durand; Forrest

McClellen; Glenn Hara; Joe.Re; Lisa.Luongo; Mark Geragos; Ryan Kelly; Stephen.Larson;
Steve.Jensen; Michelle Osborn; Adam.Powell
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
Plaintiff agrees to support a briefing schedule on class certification that provides Masimo
at least 28 days to prepare its opposition. I am attaching redline versions of the drafts you
approved to be filed earlier today. Please review and confirm we can file

If you could agree and confirm filing before noon tomorrow (your time) that would be
appreciated.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Wed, Jan 16, 2019 at 5:35 PM Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com> wrote:

Ross,

We would consent to your proposed date for the close of fact discovery, and to move both of
the other two dates to April 8, 2019, provided plaintiff confirms it will notice any motion for
class certification for a date that gives Masimo at least 28 days to prepare its opposition.

The schedule would be:

|  | Current Date | New Date |
|---|---|---|
| Last day to amend pleadings or add parties | 01/21/2019 | 04/08/2019 |
| Last day for Plaintiff to file Motion for Class Certification (Any motion to be noticed to give Masimo at least 28 days to file its Opposition) | 02/04/2019 | 04/08/2019 |
| Non-expert Discovery cut-off | 04/01/2019 | 07/01/2019 |

Please confirm at your earliest convenience that this is acceptable to plaintiff, and that you'll
prepare a corresponding stipulation and proposed order.

-Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe** Martens

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Wednesday, January 16, 2019 1:48 PM
**To:** Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
**Cc:** Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Matt Stubbs <MStubbs@mrjlaw.com>; meiselas@geragos.com; Brian Wanca <bwanca@andersonwanca.com>; Consuelo.Durand <Consuelo.Durand@knobbe.com>; Forrest McClellen <Forrest.McClellen@knobbe.com>; Glenn Hara <ghara@andersonwanca.com>; Joe.Re <Joe.Re@knobbe.com>; Lisa.Luongo <Lisa.Luongo@knobbe.com>; Mark Geragos <mark@geragos.com>; Ryan Kelly <rkelly@andersonwanca.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Michelle Osborn <mosborn@andersonwanca.com>; Adam.Powell <Adam.Powell@knobbe.com>
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
Thanks for talking to me just now. As discussed, you are going to discuss with your team a revised proposal in conformity with the Court's Order (Doc. 134) that the "Court will consider adjusting any dates other than trial and pretrial conference dates." Plaintiff's proposal is to move only the following dates:
- Last Day to Amend Pleadings/Add Parties Due 1/21/19 - Will be reset to 4/22/2019
- Last Day to File Motion For Class Cert Due 2/4/2019 - Will be reset to 5/3/2019
- Non-Expert Discovery Closes 4/1/2019 - Will be reset to 7/1/2019

Please advise of your position by the close of business today. If we can agree to a joint submission, I would like to file it in the morning.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Wed, Jan 16, 2019 at 8:39 AM Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com> wrote:

> Yes, you may proceed.

Thanks for checking.

-Ben

**Ben Katzenellenbogen**
Partner
Ben.Katzenellenbogen@knobbe.com

949-721-6374 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/ben-katzenellenbogen

On Jan 16, 2019, at 6:14 AM, Sue Fitzgerald <sfitzgerald@andersonwanca.com>
wrote:

> Ross asked that I circulate the attached revision to the proposed order – the
> first page was revised to remove counsel info and just reference case caption.
> Please confirm we may proceed with filing/submitting to the court.
>
> *Susan M. Fitzgerald*
> ANDERSON + WANCA
> 3701 Algonquin Road, Suite 500
> Rolling Meadows, IL  60008
> Telephone:  847/368-1500
> Fax:  847/368-1501
>
> ---
>
> **From:** Ben.Katzenellenbogen [mailto:Ben.Katzenellenbogen@knobbe.com]
> **Sent:** Tuesday, January 15, 2019 5:25 PM
> **To:** Ross Good <rgood@andersonwanca.com>
> **Cc:** Matt Stubbs <MStubbs@mrjlaw.com>; meiselas@geragos.com; Brian
> Wanca <bwanca@andersonwanca.com>; Consuelo.Durand
> <Consuelo.Durand@knobbe.com>; Forrest McClellen
> <Forrest.McClellen@knobbe.com>; Glenn Hara
> <ghara@andersonwanca.com>; Joe.Re <Joe.Re@knobbe.com>; Lisa.Luongo
> <Lisa.Luongo@knobbe.com>; Mark Geragos <mark@geragos.com>; Ryan
> Kelly <rkelly@andersonwanca.com>; Stephen.Larson
> <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>;
> Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Michelle Osborn
> <mosborn@andersonwanca.com>; Adam.Powell
> <Adam.Powell@knobbe.com>
> **Subject:** RE: PHI v. Masimo - 1/7/2019 Correspondence
>
> Ross,
>
> Glad to hear you were fine with the form of the stipulation. Yes, the court will
> want a proposed order.  Attached is a proposed order that matches the dates
> and the approach in the proposed order to the stipulation
>
> We are fine with adding the reference to the local rules.  Should we also add
> the following neutral statement regarding progress in the case so far:
>
>> The parties previously served subpoenas on third parties seeking

threshold information regarding the alleged class members.  The third parties have not responded to those subpoenas, but are expected to respond now that the Court entered a protective order regarding designation of confidential information on December 21, 2018.  (*See* Doc. No. 123.)  This third-party discovery will allow the parties to conduct discovery regarding class certification and other issues.

Please see the attached revised stipulation that incorporates both of these revisions. You have my approval to attach my signature and file if you approve of the attached.

Since we prepared the stipulation and the proposed order, once we agree on the form of the documents, we'd appreciate your team taking care of the filing.  If you approve but cannot file this evening, please let us know.

-Ben

**Ben Katzenellenbogen**
Partner
(949) 721-6374 **Direct**

**Knobbe Martens**
INTELLECTUAL PROPERTY LAW
**five decades. one focus.**

---

**From:** Ross Good [mailto:rgood@andersonwanca.com]
**Sent:** Tuesday, January 15, 2019 11:57 AM
**To:** Ben.Katzenellenbogen
**Cc:** Matt Stubbs; meiselas@geragos.com; Brian Wanca; Consuelo.Durand; Forrest McClellen; Glenn Hara; Joe.Re; Lisa.Luongo; Mark Geragos; Ryan Kelly; Stephen.Larson; Steve.Jensen; Sue Fitzgerald; Michelle Osborn; Adam.Powell
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
I just tried to reach you but got voicemail. I have not heard from you since I provided the draft proposed order I had been working on. We were thinking you may want to mention Local Rule 16-9 in the Joint Stip so it would start "Pursuant to Local Rules 7-1 and 16-9"

What are your thoughts?

Do you need anything else prior to filing?

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008

rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Tue, Jan 15, 2019 at 11:58 AM Ross Good
<rgood@andersonwanca.com> wrote:

> Ben,
> This is acceptable. Please add my signature and file.
>
> Do we need to lodge a separate order for the Court to enter? Here is
> the draft proposed order I was working on when I received your
> message.
>
> --
> Ross Good
> Anderson + Wanca
> 3701 Algonquin Rd., Suite 500
> Rolling Meadows, IL 60008
> rgood@andersonwanca.com - EMail
> (847) 350-9861 - Direct Line
> (847) 350-9861 - Direct Fax
> (847) 368-1500 - Office Phone
> (847) 368-1501 - Office Fax
>
>
> On Tue, Jan 15, 2019 at 11:36 AM Ben.Katzenellenbogen
> <Ben.Katzenellenbogen@knobbe.com> wrote:
>
>> Ross,
>>
>> Under the circumstances, I think its something plaintiff should prepare,
>> but at this point, in the interest of moving things along, please see the
>> attached.
>>
>> As you'll see, since we don't know the Court's schedule, we propose
>> letting the court pick the new trial and pretrial dates based on the
>> request for approximately 90 days, and we can then set the trial-related
>> dates off of that to avoid holidays and such as we did previously under
>> the original schedule.
>>
>> -Ben
>>
>> **Ben Katzenellenbogen**
>> Partner
>> (949) 721-6374 **Direct**
>>
>> **Knobbe** **Martens**
>> INTELLECTUAL PROPERTY LAW

**five decades. one focus.**

---

**From:** Ross Good [mailto:rgood@andersonwanca.com]
**Sent:** Monday, January 14, 2019 1:22 PM
**To:** Ben.Katzenellenbogen
**Cc:** Matt Stubbs; meiselas@geragos.com; Brian Wanca;
Consuelo.Durand; Forrest McClellen; Glenn Hara; Joe.Re; Lisa.Luongo;
Mark Geragos; Ryan Kelly; Stephen.Larson; Steve.Jensen; Sue Fitzgerald;
Michelle Osborn; Adam.Powell
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
I appreciate you agreeing to file jointly.

Unfortunately, I am leaving for a meeting now which will go until
the end of the day. I plan to provide the draft in the morning. If you
need it sooner, please draft it yourself and circulate.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Mon, Jan 14, 2019 at 2:38 PM Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com> wrote:

> Ross,
>
> We disagree with the characterizations in your letter from earlier this
> morning, particularly the assertion that Masimo asked for additional
> time, and the assertion in your email below that an extension is in
> Masimo's interest.  Masimo simply agreed not to oppose plaintiff's
> request provided that all of the dates were extended to maintain the
> stipulated sequence and spacing.
>
> Nonetheless, we doubt Judge Selna would appreciate having to
> resolve a disputed motion because the parties disagreed whether the
> caption should say "Unopposed" or "Joint."
>
> Please circulate today a draft joint motion and draft proposed order
> and we will work to provide comments as soon as we can.

-Ben

**Ben Katzenellenbogen**
Partner
(949) 721-6374 **Direct**

**Knobbe | Martens**
INTELLECTUAL PROPERTY LAW
**five decades. one focus.**

---

**From:** Ross Good [mailto:rgood@andersonwanca.com]
**Sent:** Monday, January 14, 2019 9:24 AM
**To:** Ben.Katzenellenbogen
**Cc:** Matt Stubbs; meiselas@geragos.com; Brian Wanca;
Consuelo.Durand; Forrest McClellen; Glenn Hara; Joe.Re; Lisa.Luongo;
Mark Geragos; Ryan Kelly; Stephen.Larson; Steve.Jensen; Sue
Fitzgerald; Michelle Osborn; Adam.Powell

---

**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
Thanks for talking to Brian and I. As we discussed, Masimo is
contemplating bringing in one or more additional parties. The
current deadline for adding parties is January 21, 2019 and the
deadline for non-expert discovery is April 1, 2019. Plaintiff does
not believe it is appropriate that Plaintiff should have to extend
deadlines unilaterally when it is in both of our interests. Plaintiff
will agree to jointly request a 90 day extension of all deadlines
as outlined in my letter from earlier today.

Please provide your client's position today.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Mon, Jan 14, 2019 at 10:34 AM Ross Good
<rgood@andersonwanca.com> wrote:

Ben,
Please review the attached letter in preparation for our

upcoming conference call at 11am central /9am pacific.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com – EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Fri, Jan 11, 2019 at 7:00 PM Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com> wrote:

> Ross,
>
> Thanks for talking with us.  Let us know what you decide with
> your team.
>
> If we need to, lets plan to talk at 11am central /9am pacific on
> Monday.  We can use the following call-in information.
> 1(877)678-4585
> 653372075#
>
> -Ben
>
> **Ben Katzenellenbogen**
> Partner
>
> 949-721-6374  **Direct**
>
> # Knobbe Martens
>
> ---
>
> **From:** Ross Good <rgood@andersonwanca.com>
> **Sent:** Friday, January 11, 2019 3:11 PM
>
> **To:** Ben.Katzenellenbogen
> <Ben.Katzenellenbogen@knobbe.com>
> **Cc:** Matt Stubbs <MStubbs@mrjlaw.com>;
> meiselas@geragos.com; Brian Wanca
> <bwanca@andersonwanca.com>; Consuelo.Durand
> <Consuelo.Durand@knobbe.com>; Forrest McClellen
> <Forrest.McClellen@knobbe.com>; Glenn Hara
> <ghara@andersonwanca.com>; Joe.Re <Joe.Re@knobbe.com>;
> Lisa.Luongo <Lisa.Luongo@knobbe.com>; Mark Geragos
> <mark@geragos.com>; Ryan Kelly
> <rkelly@andersonwanca.com>; Stephen.Larson
> <Stephen.Larson@knobbe.com>; Steve.Jensen
> <Steve.Jensen@knobbe.com>; Sue Fitzgerald
> <sfitzgerald@andersonwanca.com>; Michelle Osborn
> <mosborn@andersonwanca.com>; Adam.Powell

<Adam.Powell@knobbe.com>
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
I just left the office but you can reach me on my cell at
████████   today but my preference is to talk Monday.

Plaintiff's proposal is as follows:
-Last Day to Amend Pleadings/Add Parties Due 1/21/19 -
Will not be reset
-Last Day to File Motion For Class Cert Due 2/4/2019
- **Will be reset to 7/8/2019**
-Non-Expert Discovery Closes 4/1/2019 - **Will be reset to
7/8/2019**
-Plaintiff's Expert Witness Disclosure Due 5/6/2019 - Will
not be reset
-Defendant's Rebuttal Expert Witness Disclosure Due
6/10/2019 - Will not be reset
-Expert Discovery Closes 7/8/2019 - Will not be reset
-Last Day For Hand-Serving Mtns & Filing, 8/12/2019 -
Will not be reset
-Last Day For Private ADR, 8/26/2019 - Will not be reset
-Last Day For Hrg Mtns, 9/9/2019 - Will not be reset
-Last Day For Hand Serving Mtns in Limine, 9/23/2019 -
Will not be reset
-Lodge Pretrial Conf. Order, 10/7/2019 - Will not be reset
-Plaintiff's Witness Declarations Due 10/14/2019 - Will not
be reset
-Final Pretrial Conf 10/21/2019, 11AM PDT - Will not be
reset
-Defendant's Witness Declarations Due 10/21/2019 - Will
not be reset
-File Findings of Fact & Conclusions of Law & Summaries
of Direct Testimony Due 10/21/2019 - Will not be reset
-Evidentiary Objections Due 10/28/2019 - Will not be reset
-Trial Date: 11/5/2019, 830AM PDT  - Will not be reset

Does Masimo agree not to oppose this proposal? If not,
please make a specific counter-proposal (rather than a
frivolous narrative) that identifies specifically what
deadlines Masimo will agree not to oppose. If there is
nothing you will agree to, please advise.

Thank you

--
Ross Good
Anderson + Wanca

3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Fri, Jan 11, 2019 at 4:30 PM Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com> wrote:

> Ross,
>
> Plaintiff asked for a five month extension of the deadline to
> seek class certification. Notwithstanding plaintiff's lack of
> diligence, we responded that, if the existing sequence was
> maintained, we would not oppose plaintiff seeking up to a 90-
> day extension.  Plaintiff now responds by proposing an even
> longer (8 ½ month) extension of the deadline to seek class
> certification.  We would oppose even the originally requested
> 5-month extension on the class certification date.
>
> To confirm, the parties jointly proposed and the Court
> approved the existing schedule.  It provides for an orderly and
> logical schedule under which plaintiff conducts any discovery
> it believes necessary to seeking class certification prior to
> seeking class certification.  Then, after the parties know
> whether a class will be certified, the parties have
> approximately 60 days to complete merits fact discovery,
> followed by approximately 90 days to complete merits expert
> discovery.  There is nothing wrong with the sequence in the
> current schedule, and there is no reason to deviate from that
> sequence in any extended schedule.
>
> If plaintiff wants to propose a schedule under which the
> deadline to seek class certification would not be extended
> past early May, we will consider it.
>
> -Ben
>
> **Ben Katzenellenbogen**
> Partner
> 949-721-6374 **Direct**
> **Knobbe Martens**
>
> ──────────────────────────────
> **From:** Ross Good <rgood@andersonwanca.com>
> **Sent:** Friday, January 11, 2019 12:44 PM
> ──────────────────────────────
>
> **To:** Ben.Katzenellenbogen
> <Ben.Katzenellenbogen@knobbe.com>
> **Cc:** Matt Stubbs <MStubbs@mrjlaw.com>;
> meiselas@geragos.com; Brian Wanca

<bwanca@andersonwanca.com>; Consuelo.Durand
<Consuelo.Durand@knobbe.com>; Forrest McClellen
<Forrest.McClellen@knobbe.com>; Glenn Hara
<ghara@andersonwanca.com>; Joe.Re
<Joe.Re@knobbe.com>; Lisa.Luongo
<Lisa.Luongo@knobbe.com>; Mark Geragos
<mark@geragos.com>; Ryan Kelly
<rkelly@andersonwanca.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Sue Fitzgerald
<sfitzgerald@andersonwanca.com>; Michelle Osborn
<mosborn@andersonwanca.com>; Adam.Powell
<Adam.Powell@knobbe.com>
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
I want to be sure that I understand what you mean when
you say you will not oppose a schedule that "maintains
the current sequence and spacing by continuing all
current dates by the same amount of time." Are you
suggesting you will only agree to an extension that
requires Plaintiff to file the Motion for Class Cert before
Expert Discovery closes? I do not think it is appropriate
for either of us to be forced to file briefs regarding class
certification without being able to conclude expert
discovery but I would like to hear from you on this
specifically.

Here is what I propose (I took a quick glance to avoid
national holidays on proposed new dates which is why
they some aren't exactly 3 months):
-Last Day to Amend Pleadings/Add Parties Due 1/21/19 -
Will be reset to 4/22/2019
-Last Day to File Motion For Class Cert Due 2/4/2019 -
**Will be reset to 10/15/2019 (after expert discovery
closes)**
-Non-Expert Discovery Closes 4/1/2019 - Will be reset to
7/1/2019
-Plaintiff's Expert Witness Disclosure Due 5/6/2019 -
Will be reset to 8/5/2019
-Defendant's Rebuttal Expert Witness Disclosure Due
6/10/2019 - Will be reset to 9/9/2019
-Expert Discovery Closes 7/8/2019 - Will be reset
to 10/7/2019
-Last Day For Hand-Serving Mtns & Filing, 8/12/2019 -
Will be reset to 11/12/2019
-Last Day For Private ADR, 8/26/2019 - Will be reset
to 11/25/2019
-Last Day For Hrg Mtns, 9/9/2019 - Will be reset

to 12/9/2019
-Last Day For Hand Serving Mtns in Limine, 9/23/2019 -
Will be reset to 12/23/2019
-Lodge Pretrial Conf. Order, 10/7/2019 - Will be reset
to 1/6/2020
-Plaintiff's Witness Declarations Due 10/14/2019 - Will
be reset to 1/13/2020
-Final Pretrial Conf 10/21/2019, 11AM PDT - Will be
reset to 1/21/2020
-Defendant's Witness Declarations Due 10/21/2019 - Will
be reset to 1/21/2020
-File Findings of Fact & Conclusions of Law &
Summaries of Direct Testimony Due 10/21/2019 - Will
be reset to 1/21/2020
-Evidentiary Objections Due 10/28/2019 - Will be reset
to 1/28/2020
-Trial Date: 11/5/2019, 830AM PDT  - Will be reset
to 2/3/2020

I am attaching the current schedule (Doc.65) for your
reference.

Please respond this afternoon. I will draft a proposed
filing once we have agreed on the content.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Fri, Jan 11, 2019 at 1:46 PM Ben.Katzenellbogen
<Ben.Katzenellbogen@knobbe.com> wrote:

> Ross,
> We disagree that plaintiff has been diligent or has good
> cause to seek to extend the schedule.  Nonetheless, we
> would not oppose a request by plaintiff to extend the case
> schedule by up to 90 days, provided the new schedule
> maintains the current sequence and spacing by continuing
> all current dates by the same amount of time.  Please let us
> know this afternoon if that is acceptable.

Assuming it is, please also send for our review and comment a draft of plaintiff's proposed unopposed motion and a proposed order setting forth plaintiff's proposed new case management dates.

Thanks,

Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Wednesday, January 9, 2019 11:45 AM
**To:** Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com>
**Cc:** Matt Stubbs <MStubbs@mrjlaw.com>;
meiselas@geragos.com; Brian Wanca
<bwanca@andersonwanca.com>; Consuelo.Durand
<Consuelo.Durand@knobbe.com>; Forrest McClellen
<Forrest.McClellen@knobbe.com>; Glenn Hara
<ghara@andersonwanca.com>; Joe.Re
<Joe.Re@knobbe.com>; Lisa.Luongo
<Lisa.Luongo@knobbe.com>; Mark Geragos
<mark@geragos.com>; Ryan Kelly
<rkelly@andersonwanca.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Sue Fitzgerald
<sfitzgerald@andersonwanca.com>; Michelle Osborn
<mosborn@andersonwanca.com>; Adam.Powell
<Adam.Powell@knobbe.com>
**Subject:** Re: PHI v. Masimo - 1/7/2019 Correspondence

Ben,
Please see attached.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Tue, Jan 8, 2019 at 6:51 PM Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com> wrote:

Ross,

I write in response to the aspect of your letter asserting
that "Plaintiff will ask the Court to extend the non-expert
discovery and Class Certification deadlines to July 8,
2019 to match the deadline for expert discovery."  We
will respond to other aspects of your letter separately.

In order to allow us to consider Plaintiff's request, please
let us know by close of business on January 9, 2019, the
basis for Plaintiff's requested extension, and why Plaintiff
proposes to alter the sequence of the existing schedule
by having fact and expert discovery close on the same
day as the last day to seek class certification.

-Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Monday, January 7, 2019 1:39 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Matt Stubbs <MStubbs@mrjlaw.com>;
meiselas@geragos.com; Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com>; Brian Wanca
<bwanca@andersonwanca.com>; Consuelo.Durand
<Consuelo.Durand@knobbe.com>; Forrest McClellen
<Forrest.McClellen@knobbe.com>; Glenn Hara
<ghara@andersonwanca.com>; Joe.Re
<Joe.Re@knobbe.com>; Lisa.Luongo
<Lisa.Luongo@knobbe.com>; Mark Geragos
<mark@geragos.com>; Ryan Kelly
<rkelly@andersonwanca.com>; Stephen.Larson
<Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Sue Fitzgerald
<sfitzgerald@andersonwanca.com>; Michelle Osborn
<mosborn@andersonwanca.com>
**Subject:** PHI v. Masimo - 1/7/2019 Correspondence

Adam,
Please see attached.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail

(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

NOTICE: This email message is for the sole use of the
intended recipient(s) and may contain confidential and
privileged information. Any unauthorized review, use,
disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email
and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of
the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is
prohibited. If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If
you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized review,
use, disclosure or distribution is prohibited. If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of the
original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information. Any unauthorized review, use,
disclosure or distribution is prohibited. If you are not the intended recipient, please
contact the sender by reply email and destroy all copies of the original message.

<[DRAFT 2] Proposed Order Granting Joint Stipulation to Extend Pretrial D....doc>

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

<DRAFT 2019-01-16 Stipulation to Extend Pretrial Deadlines - RMG Redline.DOC>

<DRAFT 2019-01-16 Proposed Order Granting Stipulation to Extend Pretrial Dates - RMG Redline.DOC>

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**EXHIBIT H**

Brian J. Wanca
bwanca@andersonwanca.com
Ryan M. Kelly
rkelly@andersonwanca.com
Glenn Hara
ghara@andersonwanca.com
Ross M. Good
rgood@andersonwanca.com
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368- 1500
Fax: 847-368-1501
*[Pro Hac Vice]*

Counsel for Plaintiff and the Proposed Class

Matthew E. Stubbs
mstubbs@mrjlaw.com
MONTGOMERY, RENNIE & JONSON
36 East Seventh Street, suite 2100
Cincinnati, Ohio 45202
Phone (513)241-4722
Fax: (513)241-8775

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,

Plaintiff,

v.

MASIMO CORPORATION and MASIMO AMERICAS, INC.,

Defendants.

Case No.  8:14-cv-00001

**PLAINTIFF'S NOTICE OF TAKING DEPOSITIONS**

TO:  Stephen C. Jensen, Jon W. Gurka, Benjamin A. Katzenellenbogen
Knobbe, Martens, Olson & Bear LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Fax: 949-760-9502
Email: steve.jensen@knobbe.com, jon.gurka@knobbe.com, ben.katzenellenbogen@knobbe.com
lisa.luongo@knobbe.com
consuelo.durand@knobbe.com

Adam B. Powell, Forest McClellen, Joseph Re, Stephen Larson
Knobbe, Martens, Olson & Bear LLP
12790 El Camino Real
San Diego, CA 92130
Fax: (858)707-4001
Email: adam.powell@knobbe.com
forest.mccellen@knobbe.com
stephen.larson@knobbe.com
joseph.re@knobbe.com

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
(847)368-1500

1

**PLEASE TAKE NOTICE** that Plaintiff, PHYSICIANS HEALTHSOURCE, INC. through its undersigned attorneys, will take the telephonic depositions by oral examination, of the following:

| DEPONENT | DATE and TIME | LOCATION |
|---|---|---|
| Michelle Hsu | February 21, 2019 at 9:00 AM | Dokich Court Reporters 19712 MacArthur Blvd Suite #100 Irvine, CA 92612 |
| Gary Marston | February 21, 2019 at 1:00 PM | Dokich Court Reporters 19712 MacArthur Blvd Suite #100 Irvine, CA 92612 |
| Lisa Belodoff | February 22, 2019 at 9:00 AM | Dokich Court Reporters 19712 MacArthur Blvd Suite #100 Irvine, CA 92612 |
| Shanta Fisher | February 22, 2019 at 1:00 PM | Dokich Court Reporters 19712 MacArthur Blvd Suite #100 Irvine, CA 92612 |

before a certified shorthand reporter, who is not of counsel to any of the parties or interested in the event of the cause.  These depositions are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

Dated:  January 26, 2018

_s/ Ross M. Good_
One of the Attorneys for Plaintiff

Brian J. Wanca *(PHV admitted)*
Ross M. Good*(PHV admitted)*
Ryan M. Kelly*(PHV admitted)*
Glenn Hara*(PHV admitted)*
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500
E-mail:  bwanca@andersonwanca.com
rgood@andersonwanca.com
rkelly@andersonwanca.com
ghara@andersonwanca.com

1

## CERTIFICATE OF SERVICE

2    I, the undersigned, state that on January 26, 2018, I served a true and correct copy of this *Notice of Taking Depositions* on the parties listed above, via:

3

4    □    U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the address listed below
     □    Overnight delivery to the address listed below.

5    □    Facsimile machine from Rolling Meadows, IL, to the telephone number listed below
     X    Electronic Mail to the email address(es) listed below

6

7

8                              *s/ Ross M. Good*
                               Ross M. Good

9    Brian J. Wanca *(PHV admitted)*

10   Ross M. Good *(PHV admitted)*
     Ryan M. Kelly *(PHV admitted)*

11   Glenn Hara *(PHV admitted)*
     ANDERSON + WANCA

12   3701 Algonquin Road, Suite 760
     Rolling Meadows, IL  60008

13   Telephone:  847-368-1500
     E-mail:  bwanca@andersonwanca.com

14   rgood@andersonwanca.com

15   rkelly@andersonwanca.com
     ghara@andersonwanca.com

16

17   Matthew E. Stubbs *(PHV admitted)*

18   Montgomery, Rennie & Jonson
     36 East Seventh Street, Suite 2100

19   Cincinnati, OH 45202
     Telephone: 513-241-4722

20

21   Mark J. Geragos

22   Shelley Kaufman
     Ben J. Meiselas

23   GERAGOS & GERADOS
     Historic Engine Co. No. 28

24   644 South Figueroa Street
     Los Angeles, CA 90017

25   Telephone: 213-625-3900

26   mark@geragos.com
     meiselas@geragos.com

27

28

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
(847)368-1500

**EXHIBIT I**

**Subject:** RE: PHI v. Masimo - 1/26/2019 Correspondence
**From:** Adam.Powell <Adam.Powell@knobbe.com>
**Date:** 2/14/2019, 11:30 AM
**To:** 'Ross Good' <rgood@andersonwanca.com>
**CC:** Sue Fitzgerald <sfitzgerald@andersonwanca.com>, Matt Stubbs <MStubbs@mrjlaw.com>,
"meiselas@geragos.com" <meiselas@geragos.com>, Brian Wanca <bwanca@andersonwanca.com>,
Consuelo.Durand <Consuelo.Durand@knobbe.com>, Forrest McClellen
<Forrest.McClellen@knobbe.com>, Glenn Hara <ghara@andersonwanca.com>, Joe.Re
<Joe.Re@knobbe.com>, Lisa.Luongo <Lisa.Luongo@knobbe.com>, Mark Geragos
<mark@geragos.com>, Ryan Kelly <rkelly@andersonwanca.com>, Stephen.Larson
<Stephen.Larson@knobbe.com>, Steve.Jensen <Steve.Jensen@knobbe.com>, Michelle Osborn
<mosborn@andersonwanca.com>, Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>


Ross,

I am writing in response to the portion of your letter concerning PHI's deposition notices.  The dates you proposed are
not going to work.  We are working with the witnesses to identify potential dates and hope to provide you with those
dates soon.  I will respond to the remainder of your letter in a separate correspondence.


Best regards,
Adam



**Adam Powell**
Partner
858-707-4245 **Direct**
**Knobbe Martens**



---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Wednesday, February 13, 2019 2:55 PM
**To:** Adam.Powell <Adam.Powell@knobbe.com>
**Cc:** Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Matt Stubbs <MStubbs@mrjlaw.com>; meiselas@geragos.com;
Brian Wanca <bwanca@andersonwanca.com>; Consuelo.Durand <Consuelo.Durand@knobbe.com>; Forrest
McClellen <Forrest.McClellen@knobbe.com>; Glenn Hara <ghara@andersonwanca.com>; Joe.Re
<Joe.Re@knobbe.com>; Lisa.Luongo <Lisa.Luongo@knobbe.com>; Mark Geragos <mark@geragos.com>; Ryan Kelly
<rkelly@andersonwanca.com>; Stephen.Larson <Stephen.Larson@knobbe.com>; Steve.Jensen
<Steve.Jensen@knobbe.com>; Michelle Osborn <mosborn@andersonwanca.com>; Ben.Katzenellenbogen
<Ben.Katzenellenbogen@knobbe.com>
**Subject:** Re: PHI v. Masimo - 1/26/2019 Correspondence

Adam,
Please see attached.


--
Ross Good
Anderson + Wanca

3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Line
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Tue, Feb 5, 2019 at 7:21 PM Adam.Powell <Adam.Powell@knobbe.com> wrote:

> Ross,
>
> Please see my attached letter.
>
> Best regards,
> Adam
>
> **Adam Powell**
> Partner
> 858-707-4245 **Direct**
> **Knobbe Martens**
>
>
> _____
>
> **From:** Ross Good <rgood@andersonwanca.com>
> **Sent:** Saturday, January 26, 2019 10:11 AM
> **To:** Adam.Powell <Adam.Powell@knobbe.com>
> **Cc:** Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Matt Stubbs <MStubbs@mrjlaw.com>;
> meiselas@geragos.com; Brian Wanca <bwanca@andersonwanca.com>; Consuelo.Durand
> <Consuelo.Durand@knobbe.com>; Forrest McClellen <Forrest.McClellen@knobbe.com>; Glenn Hara
> <ghara@andersonwanca.com>; Joe.Re <Joe.Re@knobbe.com>; Lisa.Luongo <Lisa.Luongo@knobbe.com>; Mark
> Geragos <mark@geragos.com>; Ryan Kelly <rkelly@andersonwanca.com>; Stephen.Larson
> <Stephen.Larson@knobbe.com>; Steve.Jensen <Steve.Jensen@knobbe.com>; Michelle Osborn
> <mosborn@andersonwanca.com>; Ben.Katzenellenbogen <Ben.Katzenellenbogen@knobbe.com>
> **Subject:** PHI v. Masimo - 1/26/2019 Correspondence
>
> Adam,
> Please see attached.
>
> Thanks
>
> --
> Ross Good
> Anderson + Wanca
> 3701 Algonquin Rd., Suite 500
> Rolling Meadows, IL 60008
> rgood@andersonwanca.com - EMail
> (847) 350-9861 - Direct Line
> (847) 350-9861 - Direct Fax
> (847) 368-1500 - Office Phone
> (847) 368-1501 - Office Fax

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**EXHIBIT J**

# ANDERSON + WANCA
## ATTORNEYS AT LAW

_____

3701 ALGONQUIN ROAD, SUITE 500, ROLLING MEADOWS, IL  60008
TEL:  (847) 368-1500  *  FAX:  (847) 368-1501
EMAIL:  BUSLIT@ANDERSONWANCA.COM

February 15, 2019

*Via email transmission to Adam.Powell@knobbe.com*

Adam Powell
Benjamin A. Katzenellenbogen
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

Re:   Physicians Healthsource, Inc. v. Masimo Corporation, et al.
      Case No. 8:14-cv-00001

Dear Adam,

This letter is written in response to your February 14, 2019 email indicating that the February 21-22, 2019 dates "are not going to work" for the depositions of Shanta Fisher, Gary Marston, Lisa Belodoff, and Michelle Hsu. I have yet to receive any documentation that all four deponents are unavailable for their depositions. Please provide documentation demonstrating each of them is unavailable as soon as possible.

### 1. Attempts to Schedule Depositions to Date

On July 27, 2018, Plaintiff requested available deposition dates for Shanta Fisher by email. On July 31, 2018, Masimo responded that

> [i]t does not make sense for the parties to schedule Ms. Fisher's deposition before the Court determines the potential scope of that deposition (including by ruling on Masimo's pending issue preclusion Motion), or before the parties (or the Court) determine whether Plaintiff's counsel may access confidential information, or before Masimo can produce documents about which Ms. Fisher may be questioned -- the timing of which depends on resolution of the first two issues.  Masimo will not produce Mr. Fisher for a second deposition, and we assume Plaintiff will want to have the documents that potentially relate to her deposition before taking her deposition. As soon as the Court determines whether Plaintiff may pursue class discovery, the extent to which Plaintiff's counsel may have access to confidential information, and Masimo can produce documents that may potentially relate to Ms.

February 15, 2019
Page 2 of 3

Fisher's deposition, we will work with you to schedule Ms. Fisher's deposition for
a convenient date and time in our office in Irvine.

Later that same day, Plaintiff served its Notice of Deposition of Shanta Fisher. On August 7, 2018,
Plaintiff withdrew this Notice of Deposition because Masimo refused to agree to that deposition
date; Plaintiff reiterated its request for Masimo to provide availability for the deposition of Shanta
Fisher. On or about August 22, 2018, Masimo sent Plaintiff correspondence in which it explained
that "Masimo offered to produce Ms. Fisher for one deposition," but failed to identify any
availability for that deposition to take place.

Masimo then sought to preclude the deposition of Shanta Fisher. This Court has denied
Masimo's Motion to Deny Class Certification (Doc. 84), prevent class-wide discovery (Doc. 126),
and demanding an unnecessarily onerous protective order (Doc. 114).  Masimo finally produced
documents regarding class-wide discovery on January 8, 2019; these documents responded to
Plaintiff's Requests to Produce which were served on or about May 21, 2018. This is the first time
Plaintiff became aware of Gary Marston, Lisa Belodoff, and Michelle Hsu.[1] On January 16, 2019,
Masimo's Counsel suggested that Plaintiff's Counsel "may wish to depose Ms. Fisher after Judge
Selna resolves the dispute regarding the appropriate scope of discovery." The hearing with Judge
Selna is currently scheduled for February 25, 2019. Masimo has not at any time provided
availability for any of the four employees Plaintiff seeks to depose: Shanta Fisher, Gary Marston,
Lisa Belodoff, and Michelle Hsu.

Having not been provided any availability, on or about January 26, 2019, Plaintiff served
its Notice of Deposition for deponents Shanta Fisher, Gary Marston, Lisa Belodoff, and Michelle
Hsu on February 21-22, 2019. On or about February 5, 2019, Masimo's Counsel promised to
inform Plaintiff's Counsel "shortly whether those dates will work. If not, we will suggest
alternative dates. The depositions will occur at [Masimo Counsel's office]." On or about February
13, 2019, Plaintiff's Counsel provided an Amended Notice of Deposition for deponents Shanta
Fisher, Gary Marston, Lisa Belodoff, and Michelle Hsu on February 21-22, 2019 at Masimo
Counsel's office. On or about February 14, 2019 at approximately 11:30 AM PST, Masimo's
Counsel informed Plaintiff's Counsel "[t]he dates you proposed are not going to work. We are
working with the witnesses to identify potential dates and hope to provide you with those dates
soon." The notification that all four individuals are unavailable for depositions and none have
provided availability is simply not plausible. As of the sending of this letter, Masimo still has not
provided any availability for depositions of Shanta Fisher, Gary Marston, Lisa Belodoff, and
Michelle Hsu.

---

[1] Masimo's May 30, 2018 Initial Disclosures failed to disclose these three individuals.

February 15, 2019
Page 3 of 3

These depositions are necessary for Plaintiff to be able to file its Motion for Class Certification.  As you know, the deadline for Plaintiff to file Motion for Class Certification is April 8, 2019. (Doc. 141). Masimo's continued refusal to provide deposition dates for these individuals is unfairly prejudicial to Plaintiff. Therefore, Plaintiff requests:

1. Masimo agree to jointly seek to move the deadline for Plaintiff to be able to file its Motion for Class Certification to July 8, 2019, and,

2. Masimo provide available dates for depositions of Shanta Fisher, Gary Marston, Lisa Belodoff, and Michelle Hsu no later than February 23, 2019.

Please advise us of your position as to the matters raised herein.

Very truly yours,

ANDERSON + WANCA

*s/ Ross M. Good*
Ross M. Good

cc:  All Counsel of Record

**EXHIBIT K**

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

12790 El Camino Real, Suite 100, San Diego, CA 92130
**T** (858) 707-4000

Adam Powell
Adam.Powell@knobbe.com

February 22, 2019
**Via Email**

Ross Good
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com

Re:     *Physicians Healthsource v. Masimo* – Plaintiff's Deposition Notices

Dear Ross:

We write in response to your letters of February 13 and 15, 2019.

**Deposition of Shanta Fisher, Gary Marston, Lisa Belodoff, and Michelle Hsu**

We are still trying to confirm deposition dates for Shanta Fisher, Gary Marston, Lisa Belodoff, and Michelle Hsu.  We will try to have potential dates to discuss during our meeting on February 25, 2019.

**Interrogatory Number 11**

As we previously explained, Interrogatory 11 incorrectly assumed that Plaintiff contacted Masimo to communicate a desire not to receive facsimile transmissions.  Masimo need not respond to interrogatories that ask Masimo to assume facts that are not true.  Nevertheless, to avoid a dispute, Masimo will supplement its response to Interrogatory 11 as if the interrogatory asked Masimo to identify "every person who has contacted you to communicate a desire not to receive facsimile transmissions."  Masimo intends to supplement its response within two weeks.

**PHI's Request For Faxes Masimo Received**

Thank you for identifying MASPHI0018964-967.  Based on our review of that document, it appears that you are referring to the "fax leads" referenced in Michelle Hsu's email of October 21, 2011 at 9:06am.  If that is not correct, please let us know.

It appears that the "fax leads" referenced by Ms. Hsu are faxes that a customer sent to Masimo asking for more information.  Such documents would not be responsive to RFP 1 because RFP 1 seeks faxes sent to customers, not received from customers.  Such documents are also not responsive to RFPs 19, 21, and 43, because those RFPs refer to opt-out requests and complaints, which are the opposite of "leads."  As for RFPs 28 and 29, Masimo did not send the documents attached to the Complaint as Exhibit A and does not know to whom any such documents were sent because it did not send them and did not receive a list of recipients.  Masimo also objected to RFP 47 for numerous reasons.

**Knobbe Martens**

RFPs 2 and 3 request documents indicating that a person gave prior express permission or invitation to receive faxes, or had an established business relationship with Masimo.  Please confirm whether PHI contends the "fax leads" referenced in MASPHI0018964-967 are responsive to RFPs 2 and 3 because they indicate that a person has provided prior express permission or invitation to receive faxes, or had an established business relationship with Masimo.

**Production of Metadata**

Your letter presents no reason why Masimo—but not PHI—should produce metadata.  Your letter asserts "Plaintiff's productions were obtained from Plaintiff's Counsel's records" and "Masimo has provided no basis for the proposition that Plaintiff's Counsel's metadata has any bearing on the discovery in this case."  That assertion indicates PHI failed to comply with its discovery obligations. Particularly to the extent Plaintiff contends that metadata is potentially relevant, the original metadata from PHI's files is important evidence to show when PHI sent/received documents, and whether PHI altered documents.  PHI cannot use its own refusal to comply with its discovery obligations and apparent destruction of metadata to justify a one-sided burden on Masimo.

Your letter also asserts "there is no burden to providing the metadata sought by Plaintiff."  If that was true, then PHI should not object to producing the same metadata to Masimo.  PHI's suggestion that producing metadata is burdensome for PHI, but not Masimo, makes no sense.

Finally, your letter asserts that Masimo waived its objection to producing metadata.  That is not true. PHI's Requests for Production defined "document" as including metadata.  Masimo objected to that definition of "document" as overly broad and imposing obligations in excess of the Federal Rules.  Each of Masimo's responses incorporated that objection and stated Masimo's response was "[s]ubject to and without waiving the foregoing general and specific objections."  Masimo did not waive its objection.

**Masimo's Designation of Its Interrogatory Responses As "Confidential"**

PHI argues that it "intends to demonstrate to the Court that Masimo only contends it obtained permission through SK&A" and that it should be able to do so by publically filing Masimo's interrogatory responses.  PHI cannot make that representation because it is not true.  Masimo's interrogatory responses explain that individuals provided permission to receive faxes through SK&A, directly to Masimo, and through other third parties with which Masimo contracts.  Like PHI, Masimo only recently obtained the list of potential fax recipients from SK&A.  Masimo will supplement its discovery responses as it learns more about the alleged fax recipients.

Further, the Local Rules have a procedure for meeting and conferring on potential redactions before filing information on the public docket.  If you identify the material you wish to disclose to the Court and the filing in which you intend to disclose it, we would be happy to meet and confer to avoid burdening the Court with a dispute.

**PHI Has Not Diligently Sought Discovery**

Your February 15, 2019, letter alleges that PHI has diligently sought discovery and requests a lengthy continuance of PHI's deadline to seek class certification.  Masimo disagrees.  PHI served its first

**Knobbe Martens**

discovery requests on May 21, 2018.  On June 20, 2018, Masimo served responses objecting to, among other things, PHI's request for discovery regarding faxes PHI does not claim to have received.  Masimo met and conferred with PHI and exchanged numerous letters on this issue in July and August.  (Dkt. 96, Exs. 4-6.)  PHI did not move to compel or otherwise bring this issue to the Court.

On July 27, 2018, PHI requested a deposition date for Shanta Fisher.  As your letter acknowledges, Masimo responded promptly by explaining that it did not make sense to schedule Ms. Fisher's deposition before the Court resolved the appropriate scope of discovery, issued an appropriate protective order, or the parties exchanged documents.  Masimo explained that it "will not produce Ms. Fisher for a second deposition, and we assume Plaintiff will want to have the documents that potentially relate to her deposition before taking her deposition."  On August 2, PHI responded that it intended to depose Ms. Fisher both before and after receiving documents **and** seek fees and costs for the second deposition. Masimo responded that it "cannot schedule a deposition when plaintiff simultaneously insists on taking a premature deposition and threatens to seek costs and fees if plaintiff decides to seek a second deposition because the deposition was premature."  Again, PHI did not present the parties' disputes to the Court.

Instead, PHI subpoenaed third parties for the same information that Masimo asserted was not relevant. (Dkt. 96, Ex. 7.)  On September 21, Masimo requested a formal conference of counsel so that it could present the disputed issues to the Court in an orderly fashion.  (*Id.*, Ex. 9.)  When PHI refused to meet and confer as required by the local rules, Masimo filed its motion without a joint stipulation on October 3, 2018.  (*See* Dkt. 95.)  At the hearing, Judge Spaeth requested that the parties refile the dispute using her procedures.  (11/14/2018 Tr. at 87.)

After the hearing, PHI again did nothing.  Instead, Masimo again took the lead on requesting a conference of counsel and presenting the issue to Magistrate Judge Spaeth on December 12, 2018.  (Dkt. 117 ¶ 16, Exs. 13-14.)  Masimo set the hearing for the next available date of January 2, 2019.  (Dkt. 115.)  PHI did not appear at that hearing.  (*See* Dkt. 125.)  Eventually, Magistrate Judge Spaeth ruled against Masimo on this issue, and Masimo promptly objected under Rule 72(a) and presented the dispute to Judge Selna.  (*See* Dkt. 138.)  Masimo promptly set the hearing for February 25, 2019.  (*Id.*)

On January 7, PHI accused Masimo of trying to prevent Ms. Fisher's deposition and requested her availability for the first time since August.  Masimo responded by explaining:

> Masimo never discouraged or prevented PHI from taking Ms. Fisher's deposition. Masimo explained that PHI may depose Ms. Fisher once, and Masimo understood that PHI elected to wait on taking her deposition.  Masimo will provide dates for Ms. Fisher's deposition if PHI agrees that it will not seek to depose Ms. Fisher a second time regardless of how Judge Selna rules on Masimo's objection to Magistrate Judge Spaeth's January 4, 2019, order.  Alternatively, PHI may wish to depose Ms. Fisher after Judge Selna resolves the dispute regarding the appropriate scope of discovery.

PHI responded by unilaterally noticing Ms. Fisher's deposition for February 22—the Friday before the hearing on Masimo's objection to Magistrate Judge Spaeth's January 4, 2019, order.  PHI also noticed the depositions of three other Masimo witnesses for February 21 and February 22.  On February 5,

# Knobbe Martens

Masimo explained that it had not been able to confirm its witnesses' availability, and would inform PHI as soon as possible.  On February 13, PHI asked whether the depositions would go forward on February 21 and 22.  Masimo confirmed they would not and that it would provide alternative dates soon.  Thus, your assertion that Masimo resisted discovery is false.[1]

**PHI's Requested Extension Is Unreasonable**

On January 7, PHI requested that Masimo agree to a request to extend the case schedule.  PHI provided its proposed schedule on January 11.  PHI sought to extend its deadline for certification by eight months until October 2019 and sought to continue trial until February 2020.  The parties eventually agreed on a 90-day extension for all dates.  The Court denied the stipulation because it moved the trial and pretrial conference dates.  (Dkt. 134).  On January 17, the parties submitted a revised schedule that extended PHI's deadline to move for class certification by approximately 60 days.  (Dkt. 135.)  The Court granted that request on January 22.  (Dkt. 141.)  Thus, PHI's deadline to move for class certification is currently April 8, 2019.  (*Id.*)

Less than one month later, PHI is requesting an additional three-month extension of its deadline to move for class certification.  That request is unreasonable because it would require a trial continuance, which the Court already rejected.  (Dkt. 141.)  Moreover, you have not identified any new facts that PHI could not have foreseen when it agreed to the previous schedule.  PHI has also not explained what, if any, information from the four individuals PHI seeks to depose is relevant to class certification.  Accordingly, PHI has not shown good cause to modify the schedule.

Sincerely,

Adam B. Powell

---

[1] We also note that your letter falsely characterizes the Court's orders.  For example, your letter omits the Court denied Masimo's motion to deny class certification based on *issue preclusion*, but stated "the facts themselves are rather compelling and may well carry the day on another day." (8/20/2018 Tr. at 14:6-9.)  Further, Masimo never moved to "prevent class-wide discovery."  (*See* Dkt. 126.)  Additionally, the Court agreed with Masimo—not PHI—on nearly every aspect of the protective order.  (Dkt. 114.)

**EXHIBIT L**

# ANDERSON + WANCA
## ATTORNEYS AT LAW

3701 ALGONQUIN ROAD, SUITE 500, ROLLING MEADOWS, IL  60008
TEL:  (847) 368-1500  *  FAX:  (847) 368-1501
EMAIL:  BUSLIT@ANDERSONWANCA.COM

February 26, 2019

*Via email transmission to Adam.Powell@knobbe.com*

Adam Powell
Benjamin A. Katzenellenbogen
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

Re:    <u>Physicians Healthsource, Inc. v. Masimo Corporation, et al.</u>
        Case No. 8:14-cv-00001

Dear Adam,

This letter is written in response to your February 22, 2019 correspondence and Masimo's statements at the February 25, 2019 hearing with Judge Selna.

1.  **<u>Interrogatory Number 11</u>**

Plaintiff looks forward to your supplement on or before March 8, 2019.

2.  **<u>Plaintiff's Request For Faxes Masimo Received</u>**

As you are aware, Masimo contracted SK&A for the purpose of purchasing two fax lists and transmitting Masimo's faxes to those fax lists on October 12, 2011 and April 10, 2012. It is Plaintiff's position that the "fax leads" identified by Michelle Hsu's October 21, 2011 email are responsive to multiple RFPs. Plaintiff does not believe it needs to "confirm" the contents of the "fax leads" without reviewing them first. RFP #47 requests "[a]ll documents containing communications with the members of the putative class." It appears the parties are in agreement that the "fax leads" contain communications with members of the putative class. Accordingly, the "fax leads" should be produced.

The "fax leads" identified by Michelle Hsu appear to be faxes Masimo was sent by the recipients of the faxing at issue in this case. Specifically, the faxes at issue (Ex. A to FAC) invite the recipient to fill out several fields (Name, Practice Name, Alternate Contact, Specialty, Address, City, State, Zip, Daytime Phone, and Email) and fax it back to Masimo. RFP #1 requests "[e]ach

February 26, 2019
Page 2 of 5

document that promotes, advertises, announces, or describes the commercial availability of, or quality of, your or any of the other Defendants' property, goods, or services which was sent by facsimile during the Relevant Time Period." The fact that the "fax leads" were faxed to the recipients (pursuant to Masimo's contract with SK&A) and then the recipients faxed it back demonstrates it was faxed twice. It is still responsive to RFP #1 and should be produced.

If Masimo contends that it had an Established Business Relationship (EBR) or Prior Express Permission with the "fax leads" then Masimo needs to produce them. RFP #2 requests "[a]ll documents indicating that any person gave prior express permission or invitation to receive facsimile transmissions of any document referred to in Request No. 1." RFP #3 requests "[a]ll documents indicating that an 'Established Business Relationship' ("EBR") existed between you or any of the other Defendants, on the one side, and any person to whom any facsimile transmission of any document referred to in Request No. 1 was sent, on the other side." Plaintiff cannot determine whether the "fax leads" are responsive to either RFP #2 or RFP # 3 and it is unreasonable to ask Plaintiff to state its position without reviewing the "fax leads." If Masimo contends the "fax leads" are responsive to either RFP #2 or RFP # 3 then Masimo should produce the "fax leads."

Please advise of your position.

3. **Production of Metadata**

Plaintiff seeks metadata for Masimo's most recent production (MASPHI004) which appears to have originated from the records of Masimo rather than Masimo's Counsel. Your February 22, 2019 correspondence does not dispute "there is no burden to providing the metadata sought by Plaintiff" but instead suggests that Plaintiff must provide metadata for files originating with Plaintiff's Counsel before Masimo will provide the metadata for Masimo's most recent production. There is nothing left to discuss at this juncture regarding this issue and Plaintiff intends to move to compel this with Magistrate Judge Spaeth. If there is anything else you wish to raise, please bring it up during our conference call on February 27, 2019.

4. **Masimo's Designation of Interrogatory Responses as "Confidential"**

Masimo has not explained its basis for marking all of its responses to interrogatories as confidential. Is Masimo willing to provide a redacted copy of its interrogatory responses which aren't marked Confidential so Plaintiff can review it and determine if Court intervention is still necessary? If there is any other proposal you wish Plaintiff to consider, please bring it up during our conference call on February 27, 2019.

5. **Diligence to Date and Plaintiff's Request for Extension**

February 26, 2019
Page 3 of 5

Plaintiff disagrees with your contention that Plaintiff has not diligently sought discovery. Starting on June 21, 2018, Masimo began claiming fax advertisements exist separate and apart from the two faxes Plaintiff alleges Masimo sent to it (hereafter "Masimo's Premise"). From "June to September 2018" Masimo "communicated by email and telephone with [Plaintiff] regarding" discovery issues including whether Plaintiff was entitled to fax advertisements other than those it alleges it received. (Doc. 96 at ¶ 2).[1] On September 24, 2018, Masimo's correspondence repeated Masimo's Premise: Plaintiff "**Is Not Entitled To Discovery As To Faxes Other Than Those It Claims To Have Received**." (Doc. 96-10 at 2) (emphasis in original). On October 3, 2018, Masimo filed its Motion for Protective Order requesting the "Court should limit discovery to the two alleged fax advertisements that [Plaintiff] claims it received" based on Masimo's Premise. (Doc. 95 at 12). Masimo provided Magistrate Judge Spaeth its proposed protective order which included the following language based on Masimo's Premise: "[t]he scope of discovery does not include any other alleged fax advertisements" except those Plaintiff alleges it received. (Doc. 96-1 at 12). At the November 14, 2018 hearing, Magistrate Judge Spaeth declined to rule on Masimo's Motion for Protective Order and instructed the parties to refile it pursuant to L.R. 37-2.4. (Doc. 111).

On December 12, 2018, the parties filed their Joint Stipulation accompanying Masimo's Motion for Protective Order and Motion to Quash Subpoena. (Doc. 116). Based on Masimo's Premise, Masimo again requested Magistrate Judge Spaeth Order that "[t]he parties may not pursue discovery regarding information concerning other alleged faxes" except the two alleged fax advertisements that Plaintiff claims it received and quash "any aspects of [Plaintiff's] subpoenas that seek information about alleged faxes other than the two alleged fax advertisements that [Plaintiff] claims to have received." (Doc. 115-1 at ¶ 1, 4). On December 19, 2018, Masimo filed its Supplemental Memorandum in Support of Masimo's Motion for Protective Order and Motion to Quash Subpoena and argued "Discovery Should Be Limited To Faxes [Plaintiff] Allegedly Received" again based on Masimo's Premise. (Doc. 122 at 1). On January 4, 2019, Magistrate Judge Spaeth denied Masimo's Motion for Protective Order and Motion to Quash Subpoena and ruled that "at this time, it is not appropriate to limit Plaintiff's discovery as requested by Defendants." (Doc. 126 at 2). As a result of Magistrate Judge Spaeth's Order: (1) Masimo produced over 3,600 pages of non-public documents responsive to Plaintiff's Requests For Production, (2) Masimo served a 45 page confidential document containing its Supplemental Responses to Plaintiff's First Set of Interrogatories, and (3) SK&A produced its response to Plaintiff's Subpoena. On January 18, 2019, Masimo filed its Motion for Review of Magistrate Judge Spaeth's January 4, 2019 Order again based on Masimo's Premise. (Doc. 138).[2]

---

[1] These communications were based almost entirely on Masimo's Premise.

[2] Masimo proceeded to inform recipients of Plaintiff's Subpoenas that "Masimo filed with the District Judge objections to the Magistrate Judge's [January 4, 2019] minute order pursuant to Federal Rule of Civil Procedure 72. [Masimo] will write again to update you when the District Judge rules on Masimo's objections." (Doc. 142-1, Ex. A). Masimo neglected to mention that Masimo has not sought a stay of Magistrate Judge Spaeth's January 4, 2019 Order.

February 26, 2019
Page 4 of 5

At the hearing on February 25, 2019 regarding Masimo's Motion for Review (Doc. 138), this Court was informed of Plaintiff's doubts regarding Masimo's Premise. Specifically, this Court was informed Plaintiff's doubts regarding Masimo's Premise is based on a review of Masimo's January 8, 2019 Production of Documents, Masimo's January 16, 2019 Supplemental Responses to Plaintiff's First Set of Interrogatories, and SK&A's January 22, 2019 response to Plaintiff's Subpoena. At the hearing, Masimo was asked whether Masimo's Premise is in fact false. Masimo was unable to provide an answer.

Please provide an answer in writing as to whether Masimo believes fax advertisements exist separate and apart from the two faxes Plaintiff alleges Masimo sent to it.

6. **Scheduling of Depositions**

On January 26, 2019, having not received any available dates for deposition from Masimo, Plaintiff served Plaintiff's Notice of Deposition of Masimo employees Fisher, Gary Marston, Lisa Belodoff and Michelle Hsu and scheduled their depositions for February 21-22, 2019. On February 14, 2019, you indicated that the February 21-22, 2019 dates "are not going to work" for the depositions of Shanta Fisher, Gary Marston, Lisa Belodoff, and Michelle Hsu. I have yet to receive any documentation that all four deponents were unavailable for their depositions. Please provide documentation demonstrating each of them is unavailable as soon as possible.

Additionally, your February 22, 2019 correspondence indicates you are now working to confirm deposition dates for Shanta Fisher, Gary Marston, Lisa Belodoff, and Michelle Hsu. I look forward to you providing available deposition dates. It is my understanding based upon your correspondence from February 5, 2019, that these depositions will occur at your Irvine CA office. Please let me know if that has changed.

7. **Telephonic Communications**

On July 12, 2018, in response to Plaintiff' Counsel requesting a Word version of Masimo's discovery requests from the legal assistant who sent the discovery requests, Masimo's Counsel emailed Plaintiff's Counsel demanded that Plaintiff's Counsel "not initiate contact with" Masimo's Counsel's support staff. (See July 12, 2018 Email Correspondence from Masimo's Counsel). Masimo continued, "[i]nitiating such contact without including any of" Masimo's Counsel "is **particularly egregious**." *Id.* (emphasis added). Plaintiff's Counsel has respected Masimo's Counsel's request; Masimo's Counsel violated this in an effort to gain a tactical advantage.

February 26, 2019
Page 5 of 5

As you are aware, the Stephen Larson indicated he intentionally contacted support staff of Plaintiff's Counsel to obtain privately held banking information. (Doc. 160). Plaintiff contends that Stephen Larson obtained this privately held banking information under false pretenses. This conduct is unbecoming of attorneys and may violate California Bar Rules of Professional Conduct including but not limited to Rule 8.4.

You are hereby on notice that Plaintiff's Counsel and support staffs intend to record future calls between Masimo's Counsel and Plaintiff's Counsel. Plaintiff will of course disclose that a call is being recorded before beginning to record a call.

Very truly yours,

ANDERSON + WANCA

*s/ Ross M. Good*
Ross M. Good

cc:  All Counsel of Record

**EXHIBIT M**

| | |
|---|---|
| **From:** | Ben.Katzenellenbogen |
| **To:** | Matt Stubbs |
| **Cc:** | Steve.Jensen; Joe.Re; Stephen.Larson; Adam.Powell; Consuelo.Durand; Lisa.Luongo |
| **Subject:** | RE: MASIMOL.971L - FW: Physicians Healthsource v. Masimo | Document Requests |
| **Date:** | Thursday, July 12, 2018 9:06:17 PM |

Matt,

Please do not initiate contact with non-attorney members of our team, and please instruct the other attorneys on your team to refrain from doing so as well.

Initiating such contact without including any of the attorneys on our team is particularly egregious.

-Ben

**Ben Katzenellenbogen**
Partner

949-721-6374 **Direct**

**Knobbe Martens**

**From:** Matt Stubbs <MStubbs@mrjlaw.com>
**Sent:** Wednesday, July 11, 2018 11:53 AM
**To:** Consuelo.Durand <Consuelo.Durand@knobbe.com>
**Subject:** RE: Physicians Healthsource v. Masimo | Document Requests

Consuela,

Could you please send me a copy of those requests in word format?

Matt Stubbs

**From:** Consuelo.Durand [mailto:Consuelo.Durand@knobbe.com]
**Sent:** Monday, July 02, 2018 7:38 PM
**To:** meiselas@geragos.com; bwanca@andersonwanca.com; rkelly@andersonwanca.com; ghara@andersonwanca.com; Matt Stubbs
**Cc:** Ben.Katzenellenbogen; Steve.Jensen; Stephen.Larson; Adam.Powell; Forrest McClellen; Joe.Re; 2bak
**Subject:** Physicians Healthsource v. Masimo | Document Requests

Dear Counsel:

Please find attached Defendants' First Set of Requests for Production of Documents and Things to Plaintiff.

Sincerely,
Consuelo

**Consuelo Durand**
Litigation Paralegal

Consuelo.Durand@knobbe.com

949-721-5386 **Direct**

**Knobbe Martens**

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.