Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (SBN 208527)
ben.katzenellenbogen@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:   (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Fax:   (858) 707-4001

Attorneys for Defendants
MASIMO CORPORATION and
MASIMO AMERICAS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION, et al. <br><br> Defendants. | Case No. 8:14-cv-00001 JVS (ADSx) <br><br> Hon. Judge James V. Selna <br><br> **MASIMO'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION** <br><br> **HEARING:** <br> Date: April 1, 2019 <br> Time: 1:30 p.m. <br> Ctrm: 10C |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ................................................................................ 1

II. STATEMENT OF FACTS .................................................................. 1

    A. Masimo Diligently Sought A Protective Order And Promptly Produced Its Confidential Information .......................... 1

    B. Because PHI Never Moved to Compel Discovery Beyond Exhibit A, Masimo Sought Resolution Of That Issue ................................................................................................ 3

    C. Masimo Did Not Refuse To Provide Witnesses For Depositions ...................................................................................... 4

III. PHI IS NOT ENTITLED TO AN EXTENSION ................................ 4

    A. PHI Failed To Establish It Cannot Reasonably Meet The Deadline .......................................................................................... 5

    B. PHI Has Not Established Diligence ............................................... 6

        1. PHI Did Not Diligently Pursue Discovery From Masimo ................................................................................... 6

            a. PHI Obstructed Entry Of A Protective Order ............ 6

            b. PHI's "Masimo's Premise" Argument Is Baseless .................................................................... 7

            c. PHI Did Not Diligently Seek Discovery Beyond Exhibit A ..................................................... 8

            d. Masimo Did Not "Cancel" Scheduled Depositions ................................................................ 9

        2. PHI Does Not Need Time To Pursue Discovery From Odyssey ............................................................................. 9

        3. PHI Did Not Diligently Pursue Discovery From USAD ........................................................................... 11

    C. PHI's Proposed Schedule Is Unworkable And Prejudices Masimo .......................................................................................... 11

    D. The Rule 15 Factors Also Weigh Against Amendment ............... 12

IV. CONCLUSION .................................................................................. 13

# TABLE OF AUTHORITIES

**Page No(s).**

*Ayers v. Sheetz, Inc.*,
   No. 3:11-CV-00434, 2012 WL 5331555
   (S.D.W. Va. Oct. 26, 2012) ................................................................................ 10

*Benge v. Ryan*,
   154 F. Supp. 3d 857 (D. Ariz. 2016) .................................................................... 5

*Creative Montessori Learning Ctrs. v. Ashford Gear LLC*,
   662 F.3d 913 (7th Cir. 2011) ................................................................................ 2

*First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*,
   No. 15-cv-1893, HRL, 2016 WL 5870218
   (N.D. Cal. Oct. 7, 2016) ..................................................................................... 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ........................................................................... 4, 11

*Nguyen v. Biter*,
   No. 1:11-cv-00809-AWL-SKO (PC), 2015 WL 366935
   (E.D. Cal. Jan. 27, 2015) ..................................................................................... 5

*Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*,
   No. 12 C 3233, 2017 WL 4682734 (N.D. Ill. Oct. 18, 2017) .......................... 2

*Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*,
   704 F.3d 489 (7th Cir. 2013) ................................................................................ 2

## OTHER AUTHORITIES

Fed. R. Civ. P. 16 ........................................................................................................ 4

Defendants Masimo Corporation and Masimo Americas, Inc. (collectively, "Masimo") respectfully submit this Opposition to the Motion of Plaintiff Physicians Healthsource, Inc. ("PHI") to Amend Deadline to File Motion for Class Certification from April 8 to June 7, 2019. (Dkt. 169.)

## I. INTRODUCTION

PHI has not demonstrated "good cause" to extend the deadline to file its Motion for Class Certification as set forth in Scheduling Order. PHI fails to explain why it cannot meet the current deadline. It identifies no specific facts that it needs to obtain in discovery before moving for class certification. PHI also does not establish its diligence. PHI suggests it needs more time to pursue discovery from third parties Odyssey and USAD. But Odyssey has no responsive information and USAD has already produced the information it has.

PHI accuses Masimo of delaying discovery. That is not true. Masimo has been proactively trying to move discovery forward. Further, PHI's proposed schedule would unfairly prejudice Masimo by preventing Masimo from having sufficient time to conduct expert discovery or prepare for trial. Thus, the Court should deny PHI's Motion.

## II. STATEMENT OF FACTS

PHI's accusation that Masimo delayed ignores the record and its own failure to proceed diligently. In June 2018, Masimo informed PHI that Masimo would: 1) produce its confidential information only after entry of a protective order, and 2) limit discovery to the alleged faxes attached to the Complaint as Exhibit A. (Dkt. 117, Ex. 3 at 9.) PHI never moved to compel on either issue and thus Masimo eventually had to bring both issues to the Court's attention.

**A. Masimo Diligently Sought A Protective Order And Promptly Produced Its Confidential Information**

Masimo was reluctant to produce confidential information before the Court entered a protective order because PHI's counsel, Anderson + Wanca

-1-

("A+W"), has a documented history of misusing confidential discovery. *See, e.g.*, *Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*, 704 F.3d 489, 491–93 (7th Cir. 2013) (despite promising to keep information confidential and limit its use for only that case, A+W used the information to solicit new clients and file "over one hundred putative class actions under the Act, all rooted in data recovered from" the information produced in discovery); *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011) (A+W "demonstrated a lack of integrity"); *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, No. 12 C 3233, 2017 WL 4682734, at *10 (N.D. Ill. Oct. 18, 2017) (reviewing decisions that "found the conduct of Anderson + Wanca unethical").

From June through September 2018, Masimo conferred with PHI on an appropriate protective order. (Dkt. 96 ¶ 2.) When the parties could not agree on certain terms, Masimo proposed the parties exchange their respective arguments on September 19 and file a joint motion for protective order on September 21. (*Id.*, Ex. 8.) PHI did not respond. Thus, Masimo requested a conference of counsel within 10 days as provided in the Local Rules. (*Id.*, Exs. 9-11.) When PHI refused, Masimo filed a motion for protective order without a joint stipulation. (Dkt. 95 at 3-4.) PHI opposed, arguing Masimo should have waited for PHI to participate in additional conferences with Masimo. (Dkt. 102 at 7.)

After Masimo filed its motion, this Court assigned Magistrate Judge Spaeth to the case. (Dkt. 98.) At the hearing, Judge Spaeth asked the parties to prepare a new draft protective order according to her model. (Dkt. 117-1, Ex. 20 at 87:17-88:2.) Masimo prepared a revised version, initiated another conference of counsel, and filed a request for informal dispute resolution under Judge Spaeth's Procedures. (*See* Dkt. 114.) Judge Spaeth agreed with Masimo on virtually every issue and, on December 21, 2018, entered the Protective Order. (Dkt. 123.)

On January 8, 2019, Masimo produced its confidential documents relating to Exhibit A and, eight days later, supplemented its interrogatory responses to include confidential information relating to Exhibit A. (Declaration of Benjamin A. Katzenellenbogen ("Katz. Decl."), Ex. 5 at 2.)

## B. Because PHI Never Moved to Compel Discovery Beyond Exhibit A, Masimo Sought Resolution Of That Issue

Since June, 2018, Masimo objected to PHI's requests for discovery about faxes beyond Exhibit A. (Dkt. 96, Ex. 3.) Masimo made that objection in good faith based on case law this Court later characterized as "directly on point." (*See* Dkt. 168 at 6 (citing *St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 4:15cv517 RLW, 2015 WL 9451046, at *2 (E.D. Mo. Dec. 23, 2015)).) PHI never moved to compel. Thus, Masimo eventually had to raise the issue with the Court.

Masimo initially asked the Court to address the scope of discovery in the motion for protective order discussed above. (Dkt. 95 at 11.) At the hearing, Judge Spaeth instructed the parties to refile the motion based on specific discovery requests. (Dkt. 117, Ex. 20 at 88-89.) Thus, Masimo filed a new motion for protective order based on PHI's discovery requests seeking information beyond Exhibit A and to quash discovery served on third parties seeking the same information. (Dkt. 116.) On January 4, 2019, the Magistrate denied both aspects of Masimo's motion. (Dkt. 126.) Masimo sought review under Rule 72(a).[1] (Dkt. 139.)

On February 27, 2019, this Court reviewed the Judge Spaeth's Order and granted Masimo's request to set aside the portion of the Order that applied to Masimo because it was "contrary to law." (*See* Dkt. 168 at 6.) However, the

---

[1] PHI argues Masimo should have moved to stay Judge Spaeth's Order. (Dkt. 169 at 6.) A motion to stay was unnecessary because the order granted PHI no affirmative relief. (*See* Dkt. 126.) PHI complains that Masimo did not inform third parties that it had not moved to stay the Order, but PHI was free to communicate that point if PHI thought it was relevant.

Court affirmed with respect to the third-party discovery. (*Id*. at 10.) Based on the Court's analysis, Masimo promptly produced documents beyond those relating to Exhibit A on March 5, even though PHI never obtained an order compelling Masimo to produce anything. (Katz. Decl., Ex. 5 at 2.)

### C. Masimo Did Not Refuse To Provide Witnesses For Depositions

In July, PHI asked to depose Masimo employee Shanta Fisher in August 2018. (Katz. Decl., Ex. 1.) Because PHI refused to agree to a protective order, however, Masimo had not yet produced confidential information. (*Id.*) Masimo explained that PHI could depose Fisher, but only once, and suggested PHI wait until after Masimo produced its confidential information. (*Id.*)

PHI withdrew its deposition notice and did nothing until January, when it falsely accused Masimo of attempting to prevent Fisher's deposition. (*Id.*, Ex. 2.) Masimo maintained that PHI was free to depose Fisher anytime, but only once. (*Id.*, Ex. 3.) PHI unilaterally noticed the depositions of Fisher and three former Masimo employees for late February. (Dkt. 169-1, Ex. D.) Masimo has since provided dates for all witnesses. (Katz. Decl., Ex. 5.)

### III. PHI IS NOT ENTITLED TO AN EXTENSION

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The scheduling order may be modified only if deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

/ / /

Here, PHI fails to establish "good cause" to modify the scheduling order for three reasons. First, PHI fails to explain why it cannot meet the current deadline to seek class certification. Second, PHI does not establish that it acted diligently. Third, PHI's requested extension would prejudice Masimo.

A. **PHI Failed To Establish It Cannot Reasonably Meet The Deadline**

PHI failed to establish it cannot meet the current deadline. Nor could PHI make such a showing, particularly because the Court recently extended the class-certification deadline by two months. (*See* Dkt. 141.)

PHI asserts it needs three categories of information, "the USAD subpoena response, the 'fax leads' from Masimo, and depositions of [four Masimo witnesses] prior to filing its Motion for Class Certification." (Dkt. 169 at 8:19-22.) PHI does not explain why it needs this information. That failure prevents the Court from evaluating whether the information is necessary and whether PHI diligently sought it. PHI's "general desire to continue engaging in discovery does not provide good cause." *See Nguyen v. Biter*, No. 1:11-cv-00809-AWL-SKO (PC), 2015 WL 366935, at *6 (E.D. Cal. Jan. 27, 2015); Wright & Miller: Federal Practice and Procedure § 1522.2 ("A party's assertion that further discovery is needed, without more, will not suffice"); *Benge v. Ryan*, 154 F. Supp. 3d 857, 862 n.2 (D. Ariz. 2016).

Moreover, PHI will have all the information it claims to need. First, USAD already produced documents responsive to the subpoena. (Katz. Decl., Ex. 4.) Second, Masimo offered dates for depositions of all four witnesses. (*Id.*, Ex. 5.) Third, Masimo searched for the "fax leads" that PHI first identified on February 13, and produced everything it found. (*Id.*) Accordingly, the Court should deny PHI's Motion because PHI failed to explain why it cannot meet the present deadline.

/ / /

/ / /

### B. PHI Has Not Established Diligence

The Court should also deny PHI's Motion because PHI has not been diligent. PHI argues it was diligent in pursuing discovery from Masimo and third parties Odyssey and USAD. (Dkt. 169 at 2:25-4:10.) That is not true.

#### 1. PHI Did Not Diligently Pursue Discovery From Masimo

##### a. PHI Obstructed Entry Of A Protective Order

PHI falsely asserts that "Masimo has sought to impede Plaintiff's ability to obtain discovery necessary to support its Motion for Class Certification." (*Id.* at 4:14-16.) To the contrary, PHI prevented Masimo from producing confidential information by refusing a reasonable protective order.

In June 2018, Masimo objected to PHI's discovery requests on the basis of confidentiality and stated it would not produce confidential information until the Court entered a protective order. (*See* Dkt. 117, Ex. 3 at 9.) Masimo could not rely on a mere promise by PHI's counsel to keep information confidential because A+W had previously disregarded such promises. (*See* Section II.A., *supra*.)

Despite Masimo's offer to produce confidential discovery as soon as the Court entered a Protective Order, PHI did not seek a protective order or move to compel to overcome Masimo's confidentiality objections. Instead, PHI actively delayed entry of a protective order. (*See* Section II.A., *supra*.) It took Masimo nearly six months to obtain one. (*Id.*) If PHI had agreed to the reasonable protections Masimo sought, or even cooperated with Masimo in raising the issues with the Court, Masimo could have started producing confidential information months earlier. Masimo acted diligently, and PHI's refusal to participate in obtaining a joint protective order is the antithesis of diligence.

PHI also implies that, by asking the Court to rule on the scope of discovery, Masimo delayed production of confidential documents from Masimo and SK&A. (*See* Dkt. 169 at 5:23-6:1, 8:6-11.) That is not true. Masimo and

-6-

SK&A produced confidential information because the Protective Order had finally been entered. Indeed, at the January 2 hearing, Masimo explained that it had produced non-confidential documents and was preparing to produce confidential documents because the Court recently entered the Protective Order. (Dkt. 140, Ex. 1 at 11:20-25.) On January 8, Masimo produced those documents and supplemented its interrogatory responses with confidential information days later. (Dkt. 169-1 ¶ 6.) On January 19, SK&A produced its confidential information. (*Id.* ¶ 7.)

### b.     **PHI's "Masimo's Premise" Argument Is Baseless**

PHI's primary argument appears to be its assertions regarding "Masimo's Premise," which PHI defines as "fax advertisements exist separate and apart from the two faxes Plaintiff alleges Masimo sent to it." (*See* Dkt. 169 at 3:3-9, 4:22-5:22, 7:2-21; 9:4-7.) PHI asserts it was prejudiced because PHI now believes "Masimo's Premise" is not true. This argument makes no sense for a number of reasons.

First, "Masimo's Premise" was always true. Masimo objected and repeatedly told PHI it was limiting discovery to information concerning Exhibit A. (Dkt. 96, Ex. 3.) Consistent with its objection, Masimo produced discovery regarding entities who may have received Exhibit A, but did not originally produce discovery concerning information beyond Exhibit A. (*See id.*). Again, PHI never moved to compel to overcome Masimo's objections.

Second, after PHI first raised this argument, Masimo unequivocally represented that "Masimo has confirmed the understanding it expressed at the hearing that . . . Masimo has additional potentially responsive documents." (Dkt. 165.) PHI never explains its alleged belief that no such documents exist after Masimo made that statement. (*See* Dkt. 169 at 7:11-21.)

Third, Masimo has now produced discovery beyond Exhibit A, which again confirms that "Masimo's Premise" is true. PHI argues that Masimo

delayed and PHI suffered prejudice since June 2018 "[i]f it ultimately turns out Masimo's Premise is false." (*Id.* at 3:7-9; 9:4-6.) Because "Masimo's Premise" was indisputably true, PHI suffered no prejudice and Masimo did not delay this case. Indeed, PHI concedes that, "but for" the alleged falsity of "Masimo's Premise," PHI would not have grounds to amend the scheduling order. (*Id.* at 8:21-24). Because "Masimo's Premise" is indisputably true, PHI effectively concedes it has no basis for seeking to amend the schedule. This should resolve PHI's Motion.

### c. PHI Did Not Diligently Seek Discovery Beyond Exhibit A

The timing of Masimo's production of documents beyond Exhibit A cannot provide "good cause" because PHI did not diligently pursue discovery beyond Exhibit A. PHI concedes that Masimo consistently and unequivocally objected that "Plaintiff's discovery needed to be limited to the two faxes Plaintiff alleges Masimo sent to it." (*Id.* at 3:1-7.) Masimo made its objection in good faith based on case law limiting discovery to faxes the plaintiff claimed to have received. (*See* Dkt. 168 at 6.) Although this Court ultimately disagreed on the scope of discovery, there was nothing improper or unreasonable about Masimo's objection.

In the *nine months* that followed Masimo's objection, PHI never moved to compel. The only reason the scope of discovery ever came before the Court was because **Masimo** raised the issue. (*See* Dkt. 95 at 11; Dkt. 116 at 1; Dkt. 139 at 1.) Masimo could have stood on its good-faith objections and waited for PHI to move to compel. Instead, Masimo proactively brought the issue to the Court's attention. PHI cannot credibly claim to have been diligent when it did nothing to obtain this information and was content to litigate this case without it.

PHI's failure to move to compel shows PHI thought this information was not important to class certification. If the information was important to PHI, then PHI's nine-month failure to move to compel shows PHI was not diligent.

-8-

Regardless, Masimo has produced its non-Exhibit A information. (*See* Katz. Decl., Ex. 5.)

### d. Masimo Did Not "Cancel" Scheduled Depositions

PHI's claim that Masimo "unilaterally cancelled" four depositions "without explanation" is not true. (*See* Dkt. 169 at 6:11-13.) As addressed above, Masimo consistently told PHI it would allow PHI to depose Masimo witnesses only once, and would not allow depositions both before and after receiving documents from Masimo. (*See* Section II.C, *supra*.) PHI also noticed dates without coordinating with Masimo or even asking if the witnesses were Masimo employees. (*Id.*) Moreover, because three of the witnesses PHI seeks to depose are not Masimo's employees, PHI's deposition notices were ineffective as to those witnesses and there were no depositions to "cancel."

### 2. PHI Does Not Need Time To Pursue Discovery From Odyssey

PHI argues it diligently pursued discovery from Odyssey. (Dkt. 169 at 3-4.) As a preliminary matter, PHI represents to the Court that Odyssey is "the sub-contractor engaged by Masimo for the purpose of sending the faxes at issue in this matter . . .." (*Id.* at 3.) PHI tellingly provides no support for this assertion. Regardless, PHI did not diligently seek discovery from Odyssey. PHI served a subpoena on Odyssey on October 2, 2018, and never moved to enforce it. (*Id.* at 3:10-12.)

PHI also does not claim it needs more time to take discovery from Odyssey. Nor could it. PHI asserts that, before PHI served its subpoena, Odyssey was the victim of a cyber-attack and has no potentially responsive information. (*See id.* at 3:18-24.) Thus, no amount of additional time would provide PHI with more information from Odyssey.

PHI appears to accuse Masimo of being responsible for Odyssey's lack of documents. (*See id.* at 3:10-4:5.) As support, PHI refers to a declaration it obtained from Odyssey's CEO, Mr. Lokaisingh. (Dkt. 169-2 at 2.) PHI asserts

that Lokaisingh "explained that '[p]rior to September 21, 2018, Odyssey's custom and practice was to retain all transmission logs, fax images, and billing records' and 'Odyssey would have been able to provide responsive documents to Plaintiff's subpoena.'" (Dkt. 169 at 3:21-24.) PHI then asserts that "[a]t no time did Odyssey receive a preservation letter from Masimo." (*Id.* at 4:4-5.)

PHI cites no authority holding that Masimo had an obligation to send Odyssey a preservation letter and no evidence that Masimo had control over Odyssey. A party has no obligation to preserve documents from third parties over which it has no control. *See Ayers v. Sheetz, Inc.*, No. 3:11-CV-00434, 2012 WL 5331555, at *1 (S.D.W. Va. Oct. 26, 2012); *see also First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. 15-cv-1893, HRL, 2016 WL 5870218, at *4 (N.D. Cal. Oct. 7, 2016) (declining to impose sanctions where a party's phone company destroyed records in the ordinary course of business).

Further, PHI's arguments are misleading. Lokaisingh joined Odyssey in 2017 and has no knowledge of what documents Odyssey may have retained or discarded before PHI filed this lawsuit in 2014. (Supp. Lokaisingh Decl., ¶ 1.) However, since at least 2017 when he joined Odyssey, Odyssey's practice has been to retain for only one year the type of documents PHI sought in its subpoena. (*Id.* ¶ 4.) Lokaisingh "did not intend [his prior] statement to suggest that, prior to September 21, 2018, Odyssey had, or was likely to have had, documents responsive to Plaintiff's subpoena." (*Id.* ¶ 7.) Rather, he "meant that, prior to September 21, 2018, Odyssey would have been able to search its records[,]" whereas after September 22, 2018, "Odyssey no longer had any records to search." (*Id.* ¶ 6.)

PHI knows that its arguments are misleading. In discussing the first declaration with PHI's counsel, Lokaisingh "made it clear to him that it is unlikely Odyssey would have had any documents responsive to Plaintiff's subpoena as of September 21, 2018, because of the document retention policies

-10-

Odyssey had in place since I joined the company in 2017." (*Id.* ¶ 9.) Thus, PHI had no good-faith basis to even imply that Odyssey would have had responsive documents but-for the cyber-attack in 2018.

### 3. PHI Did Not Diligently Pursue Discovery From USAD

PHI also argues it diligently sought discovery from a telecommunications company called USAD. (*See* Dkt. 169 at 4:6-10.) But PHI just served its USAD subpoena on March 1, 2019. (*Id.* at 4:6-7.) PHI does not explain why it waited until March to serve this subpoena. (*See id.*) PHI implies it learned of USAD from Lokaisingh. (*See id.* at 4:1-4.) If that were true, then PHI could not have been diligent. PHI could have learned about USAD months earlier by calling Lokaisingh—which is apparently how PHI learned of USAD in February. If USAD's identity were relevant to class certification, PHI's decision to wait until the end of February to ask Lokaisingh for that information would not be diligent.

Regardless, USAD already produced its responsive documents. (*See* Katz. Decl, Ex. 4.) PHI does not identify any further information it needs from USAD to seek class certification. Thus, in addition to not being diligent, PHI has not established it needs more time to take discovery from USAD.

### C. PHI's Proposed Schedule Is Unworkable And Prejudices Masimo

PHI requests to continue the deadline to seek class certification without changing other dates. That request would compress the schedule and unfairly prejudice Masimo. This is an additional reason why PHI has not established "good cause." *See Johnson*, 975 F.2d at 609.

The initial schedule provided five months to complete expert discovery after the deadline to seek class certification. (*See* Dkt. 65.) At PHI's request, Masimo recently agreed to extend the deadline for PHI to seek class certification by two months. (Dkt. 141.) As a result, the current schedule is already very compressed. Fact and expert discovery are scheduled to close in

-11-

early July, only three months after PHI's deadline for seeking class certification. (*See* Dkt. 65, 141.) That already limits the parties' ability to conduct merits discovery after the Court rules on class certification. Based on PHI's April 8 deadline, the hearing on class certification will be May 27 or later. (*See* Dkt. 141.) However, under the current schedule, the parties are at least likely to know whether this case will proceed as an individual or class action before expert discovery closes on July 1.

Under PHI's new proposal, PHI would not file its motion for class certification until June 7. The hearing could be no earlier than July 29, nearly one month *after* expert discovery closes. Moreover, the hearing would be only two weeks before the last day to file motions, and two months before pretrial filings begin on September 23. That leaves little time for this Court to rule on class certification and gives the parties insufficient time to assess the impact of the Court's ruling before trial.

### D. The Rule 15 Factors Also Weigh Against Amendment

PHI acknowledges that "undue delay," "bad faith," and "prejudice to the opposing party" all weigh against allowing amendment even under the more liberal standards of Rule 15(a). (Dkt. 169 at 7:23-26.)

As discussed, PHI unduly delayed. PHI delayed entry of the Protective Order, which delayed Masimo and SK&A from producing confidential information. PHI also never sought to compel production of the confidential information, or compel discovery beyond Exhibit A.

PHI's arguments regarding "Masimo's Premise" are not made in good faith as PHI has always known that Masimo had documents beyond Exhibit A. PHI's characterizations of Odyssey's document retention policies and the current CEO's knowledge are also made in bad faith in view of what the current CEO told PHI's counsel.

/ / /

Finally, as discussed above, PHI's proposed schedule would unfairly prejudice Masimo because it would not allow Masimo sufficient time to conduct merits and expert discovery, or prepare for trial.

## IV. CONCLUSION

For all the reasons discussed above, Masimo respectfully requests the Court deny Plaintiff's Motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 11, 2019        By: */s/ Joseph R. Re*
                                        Joseph R. Re
                                        Stephen C. Jensen
                                        Benjamin A. Katzenellenbogen
                                        Stephen Larson
                                        Adam B. Powell

                                        Attorneys for Defendants
                                        MASIMO CORPORATION and
                                        MASIMO AMERICAS, INC.

30070084