Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Benjamin A. Katzenellenbogen (SBN 208527)
ben.katzenellenbogen@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:     (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Fax:     (858) 707- 4001

Attorneys for Defendants
MASIMO CORPORATION and
MASIMO AMERICAS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION, et al. <br><br> Defendants. | Case No. 8:14-cv-00001 JVS (ADSx) <br><br> Hon. Judge James V. Selna <br><br> **SUPPLEMENTAL DECLARATION OF RON LOKAISINGH** |

I, Ron Lokaisingh, hereby declare:

1. I have been the CEO of Odyssey Services, Inc. ("Odyssey") since 2017. I have no knowledge of Odyssey's custom and practice with respect to retaining documents before 2017. Nor do I know what documents Odyssey may or may not have retained as of January 2014, or at any time before 2017.

2. At the request of Plaintiff's attorney, Ross Good, I previously signed a declaration, dated February 22, 2019, regarding Odyssey's document retention policies.

3. In my earlier declaration, I stated: "Prior to September 21, 2018, Odyssey's custom and practice was to retain all transmission logs, fax images, and billing records."

4. I did not intend my statement to suggest that Odyssey's practice was to retain such documents indefinitely, or that I knew what Odyssey's practice was before 2017. During my tenure, Odyssey's practice has been to retain such documents for one year, and then to purge such documents from our records for data security purposes. I do not know if Odyssey had a different policy in place before 2017.

5. In my earlier declaration, I also stated: "Prior to September 21, 2018, Odyssey would have been able to provide responsive documents to Plaintiff's subpoena."

6. In making that statement, I meant that, prior to September 21, 2018, Odyssey would have been able to search its records. After the ransomware attack on September 22, 2018, which I described in my earlier declaration, Odyssey no longer had any records to search.

7. I did not intend my statement to suggest that, prior to September 21, 2018, Odyssey had, or was likely to have had, documents responsive to Plaintiff's subpoena.

-1-

8. I have no reason to believe that, as of September 21, 2018, Odyssey had transmission logs, fax images, or billing records from 2011 or 2012. As of 2017, retaining such documents would have been contrary to Odyssey's one-year document retention policy described above.

9. In discussing my first declaration with Mr. Good, I made it clear to him that it is unlikely Odyssey would have had any documents responsive to Plaintiff's subpoena as of September 21, 2018, because of the document retention policies Odyssey had in place since I joined the company in 2017.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 8, 2019, at Toronto, Canada.

*/s/ Ron Lokaisingh*
Ron Lokaisingh

30022652