| | |
|---|---|
| BEN MEISELAS<br>GERAGOS & GERAGOS<br>644 South Figueroa Street<br>Los Angeles, CA 90017-3411<br>Telephone: (213) 625-3900<br>Facsimile: (213) 625-1600<br>meiselas@geragos.com<br><br>Local Counsel for Plaintiffs<br><br>BRIAN J. WANCA<br>RYAN M. KELLY<br>ROSS M. GOOD<br>GLENN L. HARA<br>ANDERSON & WANCA<br>3701 Algonquin Road, Ste 500<br>Rolling Meadows, IL 60008<br>Telephone: (847)368-1500<br>Facsimile: (847)368-1501<br>bwanca@andersonwanca.com<br>rkelly@andersonwanca.com<br>rgood@andersonwanca.com<br>ghara@andersonwanca.com<br><br>Counsel for Plaintiffs | MATTHEW E. STUBBS<br>MONTGOMERY, RENNIE & JONSON<br>36 East Seventh Street, Suite 2100<br>Cincinnati, OH 45202<br>Telephone: (513) 241-4722<br>Facsimile: (513) 241-8775<br>mstubbs@mrjlaw.com |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, RADHA GEISMANN M.D. P.C., a Missouri corporation, individually and as the representatives of a class of similarly-situated persons,<br><br>            Plaintiffs,<br>      v.<br><br>MASIMO CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS DELAWARE MASIMO CORPORATION and MASIMO AMERICAS, INC.,<br><br>            Defendants | Case No.: 8:14-cv-00001 JVS (ADSx)<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Physicians Healthsource, Inc. ("PHI") and Radha Geismann M.D. P.C. ("Geismann") (collectively "Plaintiffs"), bring this action on behalf of themselves and all others similarly situated, through their attorneys, and except as to those allegations pertaining to Plaintiffs or their attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, Masimo Corporation Which Will Do Business in California as Delaware Masimo Corporation ("Masimo Corporation") and Masimo Americas, Inc. (collectively "Defendants"):

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of sending "unsolicited advertisements" by facsimile.

2. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiffs and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of two unsolicited advertisements to PHI on or about April 10, 2012 and October 12, 2011, true and correct copies of which are attached hereto as Exhibit A, and one unsolicited fax advertisement to Geismann on or about April 10, 2012, a true and correct copy of which is attached hereto as Exhibit B. Exhibits A and B are collectively referred to as the "Faxes." The Faxes promote the availability and quality of services and goods of Defendants. Plaintiffs are informed and believe, and upon such information and belief aver, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

ANDERSON + WANCA
3701 Algonquin Road – Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

SECOND AMENDED CLASS ACTION COMPLAINT

ANDERSON + WANCA
3701 Algonquin Road – Suite 500
Rolling Meadows, IL  60008
(847) 368-1500

would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.  On behalf of themselves and all others similarly situated, Plaintiffs brings this case as a class action asserting claims against Defendants under the JFPA.

5.  Plaintiffs are informed and believe, and upon such information and belief aver, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.  Venue is proper in this District because Defendants committed a statutory tort within this District and a significant portion of the events took place within this District.

## PARTIES

8.  Plaintiff PHI is an Ohio Corporation.

9.  Plaintiff Geismann is a Missouri professional corporation.

10. On information and belief, Defendants, Masimo Corporation and Masimo America, Inc., are Delaware corporations with their principal place of business in Irvine, California.

## FACTS

11. On or about April 10, 2012 and October 12, 2011, Defendants sent two unsolicited

SECOND AMENDED CLASS ACTION COMPLAINT

facsimiles to Plaintiff PHI using a telephone facsimile machine, computer, or other device. Copies of the facsimiles are attached hereto as Exhibit A.

12. On or about April 10, 2012, Defendants sent an unsolicited facsimile to Plaintiff Geismann using a telephone facsimile machine, computer, or other device. A copy of the facsimile is attached hereto as Exhibit B.

13. On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods, and services advertised on the unsolicited Faxes, and Defendants profit and benefit from the sale of the products, goods, and services advertised on the unsolicited Faxes.

14. Plaintiffs did not give Defendants "prior express invitation or permission" to send the Faxes.

15. On information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiffs and more than 25 other recipients.

16. There are no reasonable means for Plaintiffs (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

17. Defendants' facsimiles do not display the necessary opt-out notice as required by 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

18. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiffs brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons or entities who were successfully sent one or more faxes on or after four years prior to the filing of this action that mention the availability or quality of Defendants' property, goods, or services, including but not limited to faxes stating: (1) "Go from OW! To WOW!, Noninvasive & Quick HEMOGLOBIN," sent on or about October 12, 2011; and (2) "Go from OW! To WOW!, A New Solution for Noninvasive Spot Checking Hemoglobin," sent on or about April 10, 2012.

Excluded from the Class are the Defendants, their affiliates, employees, agents and members of the Judiciary, and any person who has currently filed an action seeking compensation for TCPA violations. Plaintiffs reserve the right to amend the class definition upon completion of class

SECOND AMENDED CLASS ACTION COMPLAINT

4

certification discovery.

19. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiffs are informed and believe, and upon such information and belief aver, that the number of persons and entities of the Class is numerous and joinder of all members is impracticable. Plaintiffs are informed and believe, and upon such information and belief aver, that the number of class members is at least forty.

20. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a) Whether the Defendants sent unsolicited fax advertisements;

(b) Whether Defendants' faxes sent to other persons, not the Plaintiffs, constitute advertisements;

(c) Whether the Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

(d) The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibits A and B, and other unsolicited faxed advertisements or other advertisements, without the required opt-out language;

(e) Whether the Defendants faxed advertisements without first obtaining the recipient's prior express invitation or permission;

(f) Whether the Defendants sent the faxed advertisements knowingly;

(g) Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(h) Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements, including the effect on any asserted defense of established business relationship (EBR);

(i) Whether the Defendants should be enjoined from faxing advertisements in the future;

SECOND AMENDED CLASS ACTION COMPLAINT

5

(j) Whether Plaintiffs and the other members of the class are entitled to statutory damages; and

(k) Whether the Court should award treble damages.

21. <u>Typicality (Fed. R. Civ. P. 23-(a)-(3))</u>: Plaintiffs' claims are typical of the claims of all class members. Plaintiffs received the same or similar faxes as the faxes sent by or on behalf of the Defendants advertising the availability and quality of products, goods, and services of the Defendants during the Class Period. Plaintiffs are making the same claims and seeking the same relief for themselves and all class members based upon the same federal statute. Defendants have acted in the same or in a similar manner with respect to Plaintiffs and all the class members by sending Plaintiffs and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

22. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23-(a)-(4))</u>: Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs are interested in this matter, have no conflicts, and have retained experienced class counsel to represent the class.

23. <u>Predominance and Superiority (Fed. R. Civ. P. 23-(b)-(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of the claims of Plaintiffs will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

(c) Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon

SECOND AMENDED CLASS ACTION COMPLAINT

6

common proof; and

  (e) This case is inherently manageable as a class action in that:

    (i) The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records and/or those of their agents will enable Plaintiffs to readily identify class members and establish liability and damages;

    (ii) Liability and damages can be established for Plaintiffs and the class with the same common proof;

    (iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

    (iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

    (v) A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

    (vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227** *et seq.*

24. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

25. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

26. **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in section (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the

SECOND AMENDED CLASS ACTION COMPLAINT

transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

    A.    a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

    B.    a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

    C.    a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

    D.    The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from section (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from section (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in section (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via section (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

27. **2006 FCC Report and Order.** The JFPA, in section (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among

SECOND AMENDED CLASS ACTION COMPLAINT

8

other things:

    A.    The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under section (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

    B.    The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under section (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

    C.    The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under section (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements cannot claim the exemption from liability contained in section (b)(1)(C) of the Act.

28. **The Faxes.** Defendants sent the advertisements on or about April 10, 2012 and October 12, 2011, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiffs and members of the Class. The Faxes constitute advertisements under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Faxes. The Faxes were transmitted to persons or entities without their prior express invitation or permission and Defendants are unable to sustain the affirmative defense of EBR with Plaintiffs and other members of the class because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA

SECOND AMENDED CLASS ACTION COMPLAINT

and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiffs and members of the Class. Plaintiffs seeks to certify a class which includes these Faxes and all others sent during the four years prior to the filing of this case through the present.

29. **Defendants' Other Violations.** Plaintiffs are informed and believe, and upon such information and belief aver, that during the period preceding four years of the original filing of this Class Action Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Class other faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express invitation or permission and without complying with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiffs are informed and believe, and upon such information and belief aver, that Defendants may be continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

30. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiffs and the Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

31. The JFPA is a strict liability statute, so the Defendants are liable to Plaintiffs and the other class members even if their actions were only negligent.

32. Defendants knew or should have known that (a) Plaintiffs and the other class members had not given prior express invitation or permission for the Defendants or anybody else to fax advertisements about the availability or quality of Defendants' products, goods or services; (b) Plaintiffs and the other class members did not have an EBR with Defendants; (c) Defendants transmitted advertisements; and (d) the Faxes did not contain the required Opt-Out Notice.

33. The Defendants' actions injured Plaintiffs and the other class members. Receiving the Defendants' junk faxes caused Plaintiffs and the other recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes occupied

ANDERSON + WANCA
3701 Algonquin Road – Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs' and the other class members' telephone lines and fax machines. The Defendants' faxes cost Plaintiffs and the other class members time, as Plaintiffs and the other class members and their employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on Plaintiffs' and the other class members' business or personal activities. The Defendants' faxes unlawfully interrupted Plaintiffs' and other class members' privacy interests in being left alone.

WHEREFORE, Plaintiffs, Physicians Healthsource, Inc. and Radha Geismann M.D. P.C., individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendants, Masimo Corporation Which Will Do Business in California as Delaware Masimo Corporation and Masimo America, Inc., jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representatives of the class, and appoint Plaintiffs' counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C. That the Court enjoin the Defendants from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

March 26, 2019　　　　　　　　　　　　By:　/s/ Ross M. Good

**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008
Telephone:　(847) 368-1500
Fax:　　　　(847) 368-1501

*One of the Attorneys for Plaintiffs*

SECOND AMENDED CLASS ACTION COMPLAINT

11