UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:14-00001 DOC (ADSx)　　　　　　　　　Date: July 30, 2019

Title: *Physicians Healthsource, Inc. v. Masimo Corporation, et al.*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL

On June 19, 2019, the Court heard the Motion to Compel filed by defendants Masimo Corporation and Masimo Americas, Inc. ("Masimo"). [Dkt. No. 220]. Masimo seeks an order compelling amended responses and production of documents from Plaintiff Radha Geismann M.D. P.C. ("Geismann"). Having considered the Motion to Compel, the Joint Stipulation and all related filings by the parties, and the arguments of counsel during the hearing, the Court grants in part and denies in part the Motion to Compel.

### A. Request for Production Nos. 41-42, 44-50 and Interrogatory No. 10

The Court finds Requests for Production ("RFPs") 41-42 and Interrogatory No. 10 substantively similar to RFPs 83-84 and Interrogatory No. 9 served on Plaintiff Physician's Healthsource ("PHI") that the Court considered and ruled on in November 2018. See [Dkt. No. 112, pp. 47-48]. The Court finds no difference between this plaintiff and PHI that would justify the Court altering its prior determination as to the scope of discovery or its prior rulings. Consistent with the Court's November 14, 2018 order, the Court grants the Motion to Compel as to RFPs 41-42 to the extent Masimo seeks settlement agreements. The Motion to Compel is also granted as to Interrogatory No. 10 to the extent Masimo seeks responses related to settlement agreements. For confidential settlement agreements, Geismann is ordered to follow up

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:14-00001 DOC (ADSx)                                   Date:  July 30, 2019

Title:  *Physicians Healthsource, Inc. v. Masimo Corporation, et al.*

with counsel for Masimo regarding the process required by the agreements for their production.  To the extent a court order is required, this Order should serve as such.

     RFPs 44-48 are substantively similar to RFPs 87-89, 91, and 96 that were served on Plaintiff Physician's Healthsource ("PHI") that the Court considered and ruled on in November 2018.  As such, consistent with the Court's prior orders, Geismann is ordered to produce documents in its possession or in possession of its counsel that are responsive to these RFPs and are not available on PACER, for example deposition transcripts, expert reports, and discovery responses.  See [Dkt. No. 112, pp. 51, 60, 63; Dkt. No. 186, p. 47-48].

     RFPs 49-50 are substantively similar to RFPs 94-95 served on PHI that the Court considered and ruled on in November 2018.  As such, consistent with the Court's prior orders, the Motion to Compel is granted as to RFPs 49-50 to the extent Masimo seeks briefing and orders regarding class certification from Geismann's other TCPA cases.  See [Dkt. No. 112, pp. 66-67].

### B. Interrogatory Nos. 15-16

Masimo has withdrawn the Motion to Compel as to Interrogatory Nos. 15-16. [Dkt. No. 234, p. 1 n.1].  The Court therefore does not rule on these interrogatories.

### C. Request for Production Nos. 24, 60, 65, 78-82, Interrogatory No. 19, and Request for Admission Nos. 52-78

     Under Ninth Circuit case law, Geismann's retainer agreements may be relevant to the issue of adequacy in class certification.  See Rodriguez v. West Publ'g Corp., 563 F.3d 948, 957 (9th Cir. 2009) (finding incentive agreements agreed to as part of initial retention between counsel and certain named plaintiffs "plainly relevant" where agreements "put class counsel and the contracting class representatives into a conflict position from day one"); see also Gusman v. Comcast Corp., 298 F.R.D. 592, 600 (S.D. Cal. 2014) ("Plaintiff's retainer and fee agreement with counsel in this case is relevant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:14-00001 DOC (ADSx)                              Date:  July 30, 2019

Title:  *Physicians Healthsource, Inc. v. Masimo Corporation, et al.*

the Rule 23(a)(4) analysis of whether Plaintiff is an adequate representative of the class.").

  The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine.  See Ralls v. United States, 52 F.3d 223, 225 (9th Cir. 1995); accord United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("As a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege."); In re Michaelson, 511 F.2d 882, 887 (9th Cir.1975) ("[I]t has generally been held that information concerning the fee arrangement between an attorney and his client, or the existence of the attorney-client relationship is not privileged or protected by the attorney-client privilege."); see also White v. Experian Info. Solutions, Inc., 2010 WL 11526818, at *3 (C.D. Cal. Sept. 30, 2010).  Communications concerning "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege."  Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992); see also Paul v. Winco Holdings, Inc., 249 F.R.D. 643, 654 (D. Idaho Feb. 27, 2008), Gaines v. Law Office of Patenaude & Felix, A.P.C., 2014 WL 3894348, at *5 (S.D. Cal. June 12, 2014)).

  RFPs 65 and 82 seek the engagement agreement and retainer agreement between Geismann and counsel in this action.  This information is relevant to the issues of class certification in this case because Masimo has raised concerns regarding the nature of the fee agreement and plaintiffs' counsel's conduct in discovery, both of which bear on whether Geismann is an adequate class representative.  See Haghayeghi v. Guess?, Inc., 2016 WL 9526465, at *2 (S.D. Cal. Mar. 21, 2016) (finding retainer agreement relevant to class certification where Defendants sought "documents in advance of Plaintiff's deposition to discover whether Plaintiff may adequately represent the class or if a conflict of interest exist[ed].").  Further, RFPs 65 and 82 seek non-privileged information.  See White v. Experian Info. Solutions, Inc., 2010 WL 11526818, at *3 (C.D. Cal. Sept. 30, 2010) (finding privilege did not protect retainer agreement from production).  The Motion to Compel is therefore granted as to RFPs 65 and 82.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:14-00001 DOC (ADSx)                                  Date:  July 30, 2019

Title:  *Physicians Healthsource, Inc. v. Masimo Corporation, et al.*

The Motion to Compel is denied as to RFPs 24, 60, 78-81, Interrogatory No. 19, and Request for Admission Nos. 52-78.  The Court finds these to be overbroad, unduly burdensome and not proportional to the needs of the case.

This Court has communicated with the assigned District Judge, and he has authorized the discovery cut-off date to be extended for the limited purpose of these responses and the production of documents.  Amended responses and production for nonconfidential documents are due no later than August 13, 2019.  For confidential settlement agreements, production is due by no later than August 20, 2019.

**IT IS SO ORDERED.**

Initials of Clerk kh