Ben J. Meiselas (SBN 277412)
meiselas@geragos.com
GERAGOS & GERAGOS
644 South Figueroa Street
Los Angeles, CA 90017-3411
Phone:  (213) 625-3900
Fax: (213) 625-1600

Brian J. Wanca
bwanca@andersonwanca.com
Ryan M. Kelly
rkelly@andersonwanca.com
Glenn Hara
ghara@andersonwanca.com
Ross M. Good
rgood@andersonwanca.com
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone:  (847) 368-1500
Fax: (847) 368-1501

Matthew E. Stubbs
mstubbs@mojolaw.com
Montgomery Jonson LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Phone: (513) 241-4722
Fax: (513) 768-9227

Attorneys for Plaintiffs, PHYSICIANS HEALTHSOURCE, INC. and RADHA GEISMANN M.D. P.C., and the Proposed Class

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE INC., and RADHA GEISMANN M.D. P.C., <br><br> Plaintiffs, <br><br> v. <br><br> MASIMO CORPORATION, et al. <br><br> Defendants. | Case No. 8:14-cv-00001 JVS (ANx) <br><br> Hon. James V. Selna <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 2 TO PRECLUDE ANY IRRELEVANT OR PREJUDICIAL DETAILS REGARDING PLAINTIFFS, THEIR BUSINESS ACTIVITIES OR THEIR OWNERS** <br><br> **HEARING:** <br> Date: To be scheduled <br> Time: <br> Ctrm: 10C |

The Court should grant Plaintiffs' request to exclude irrelevant or prejudicial details regarding Plaintiffs, their business activities or their owners **to the jury**. (emphasis added). As previously stated, Plaintiffs are not seeking to exclude evidence or argument surrounding Plaintiffs' business practices as they relate to whether Masimo obtained Plaintiffs' prior express invitation or permission to send the faxes at issue. Plaintiffs allege the faxes at issue were sent by Masimo on October 12, 2011 and April 10, 2012.

Masimo claims this Motion in Limine "amounts to a motion [for] summary judgment disguised as a motion *in limine.*" (Doc. 335-3, Masimo Redacted Opp. to Mtn in Limine No. 2 at 2:10-11). Nothing could be further from the truth. Plaintiffs do not seek to influence the Court's decision on Masimo's Motion for Summary Judgment. (Doc. 294). Rather Plaintiffs appropriately seek to limit the evidence presented to the jury to that which is relevant to the claims and defenses which the jury will render a verdict. Federal Rule of Evidence 402 is clear: "Evidence which is not relevant is not admissible." "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *LA Printex Indus., Inc. v. Belk, Inc.*, 2011 WL 13213606, at *3 (C.D. Cal. Mar. 15, 2011) citing *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069–70. Masimo seeks to present irrelevant evidence regarding Plaintiffs, their business activities and their owners. The Court should narrow the evidentiary issues to those which are relevant to the issues before the jury.

Masimo claims it "is "confident the Court will not allow either party to present to the jury irrelevant or misleading evidence regarding **any topic**." (Doc. 335-3, Masimo Redacted Opp. to Mtn in Limine No. 2 at 2:1-2) (internal

quotation omitted) (emphasis added). Masimo fails to identify any topic which this category of evidence relates.

Masimo claims Physicians Healthsource, Inc. "is subject to a unique defense that it lacks standing to continue to assert its claim in this case." (Doc. 335-3, Masimo Redacted Opp. to Mtn in Limine No. 2 at 2:20-21). Masimo also claims "Geismann's corporate charter and actions are relevant to Geismann's standing and Geismann's suitability to be a class representative." *Id.* at 3:9-10. Masimo's Motion for Summary Judgment (Doc. 294) and Plaintiffs' Motion for Class Certification (Doc. 241) presents these issues to the Court for determination. Masimo does not, and cannot, cite any support for the proposition that a jury should determine matters of "standing" and "suitability to be a class representative."

Plaintiffs respectfully request the Court grant Plaintiffs' Motion in Limine No. 2.

Respectfully submitted,

ANDERSON + WANCA

Dated: October 8, 2019     By: *s/ Ross M. Good*
Attorneys for Plaintiff,
PHYSICIANS HEALTHSOURCE, INC. and
RADHA GEISMANN M.D. P.C.